# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MATTHEW KELSEY MARTINEAU,**                              **CIVIL ACTION**
         **Plaintiff**

**VERSUS**                                                                            **NO.  24-2387**

**BUNGIE, INC.,**                                                            **SECTION: "E" (5)**
               **Defendant**

## ORDER

On October 2, 2024, Plaintiff Matthew Kelsey Martineau ("Plaintiff") filed suit in this Court.[1] In 2013 and 2014, Plaintiff alleges he authored an original work (the "Original Work").[2] Plaintiff allegedly published the Original Work on www.WordPress.com ("WordPress"), which is allegedly freely accessible to internet users.[3] Plaintiff alleges that a video game named "Destiny 2" is "the infringing work" at issue in Plaintiff's complaint.[4] Defendant Bungie, Inc. ("Defendant") allegedly developed Destiny 2.[5] Plaintiff alleges Defendant released Destiny 2 on September 6, 2017.[6] Plaintiff alleges Destiny 2 is "based directly" on his Original Work.[7] A majority of Plaintiff's complaint compares Plaintiff's Original Work with Destiny 2 and draws similarities between the two.[8]

Plaintiff brings causes of action for copyright infringement and contributory copyright infringement.[9] Plaintiff seeks damages, including statutory damages and attorneys' fees.[10]

---

[1] R. Doc. 1.
[2] *Id.* at ¶ 14.
[3] *Id.* at ¶ 15.
[4] *Id.* at ¶¶ 32-56.
[5] *See id.* at ¶¶ 32-35, 42.
[6] *Id.* at ¶ 43.
[7] *Id.* at ¶ 56.
[8] R. Doc. 1.
[9] *Id.* at ¶¶ 158-71.
[10] *Id.* at pp. 51-23.

On December 20, 2024, Defendant filed a Motion to Dismiss, seeking dismissal of Plaintiff's copyright infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[11] "To establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original."[12] "The second element is met where a plaintiff proves '(1) factual copying and (2) substantial similarity.'"[13] "[F]actual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity."[14]

First, Defendant argues Plaintiff cannot establish factual copying because Plaintiff has sufficiently pled neither Defendant's prior access to the Original Work nor similarities probative of copying.[15] On prior access, Defendant argues Plaintiff has not alleged facts showing Defendant "had a 'reasonable opportunity to view' his work prior to creating Destiny 2."[16] Next, Defendant argues Plaintiff has insufficiently pled similarities probative of copying because Plaintiff's Original Work and Destiny 2 are dissimilar and only contain similarities related to "unprotectable common themes, characters, and technologies that have appeared throughout the sci-fi genre for over a century."[17] Defendant describes the Original Work as "a disjointed collection of sparse, asynchronous prose and poetry" with "inconsistently represented . . . characters and objects."[18] In contrast, Defendant describes

---

[11] R. Doc. 11.

[12] *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004) (first citing *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); then *Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995)), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

[13] *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (quoting *Positive Black Talk*, 394 F.3d at 367).

[14] *Positive Black Talk*, 394 F.3d at 367-68 (quoting *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001)).

[15] R. Doc. 11-1 at pp. 14-18.

[16] *Id.* at p. 15.

[17] *Id.* at pp. 15-18.

[18] *Id.* at pp. 16-17.

Destiny 2 as "a narrative-rich, interactive, internet-based 3D audiovisual work with a cast of distinct and well-developed characters."[19]

Second, Defendant argues Destiny 2 is not substantially similar to Plaintiff's Original Work "because (1) all alleged infringing elements are unprotectable stock themes . . . ubiquitous to the [science fiction] genre, or otherwise unprotectable ideas, and (2) the only similarities between the works are unprotectable elements differing drastically in their expression."[20] "[M]aterials not subject to copyright include . . . *scenes a faire, i.e.,* expressions that are standard, stock or common to a particular subject matter or are dictated by external factors."[21] As examples of unprotectable *scenes a faire* in Plaintiff's complaint, Defendant cites to Plaintiff's "untenable claims of ownership over the concept of alien invasions, threatened destruction of Earth, communication beacons sending encrypted messages across space, spaceship transportation/combat, laser-based superweapons, robots with human consciousnesses, sentient AI."[22] Defendant further argues Plaintiff improperly asserts ownership over unprotectable ideas, such as "narrative elements," themes, and concepts.[23] Defendant argues that Plaintiff's use of the words "narrative element," "theme," and "thematic element" in his complaint evidence Plaintiff's assertion of ownership over unprotectable "features" and lists numerous examples of Plaintiff's alleged unprotectable ideas.[24]

Third, assuming Plaintiff's Original Work does include protectable ideas,

---

[19] *Id.* at p. 17.
[20] *Id.* at pp. 18-26.
[21] *Eng'g Dynamics, Inc. v. Structural Software, Inc.,* 26 F.3d 1335, 1344 (5th Cir. 1994) (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 9 F.3d 823, 837-38 (10th Cir. 1993)), *opinion supplemented on denial of reh'g,* 46 F.3d 408 (5th Cir. 1995).
[22] R. Doc. 11-1 at p. 20.
[23] *Id.* at pp. 21-23.
[24] *Id.* at pp. 21-26.

Defendant asserts Destiny 2 and Plaintiff's Original Work still are not substantially similar.[25] Defendant states, "Whereas [Plaintiff's] work is a text-based avant-garde alien invasion story presented non-linearly through a mix of fragmented prose and abstract verse, Destiny 2 is a massive, multiplayer online mythic space fantasy roleplaying videogame that involves dozens of interactive campaigns filled with 3D gameplay and cinematic cutscenes."[26] Defendant then contrasts "the obvious differences in feel, tone, plot, narrative structure, dialogue, character development, and medium" of Destiny 2 and the Original Work.[27]

Fourth, Defendant argues Plaintiff cannot recover statutory damages and attorneys' fees because Plaintiff did not register his work prior to the alleged infringement.[28]

Federal Rule of Civil Procedure 15(a) provides the Court should grant leave to amend freely when justice so requires.[29] Rule 15(a) "evinces a bias in favor of granting leave to amend."[30] Although leave to amend is not "automatic," the Court must possess a "substantial reason" to deny leave to amend.[31] The "substantial reason" standard is a high bar that is only met when, for instance, a plaintiff has acted with "undue delay, bad faith or dilatory motive" in seeking leave to amend, the plaintiff has made "repeated failures to cure deficiencies by amendments previously allowed," "undue prejudice [will result] to the opposing party by virtue of allowance of the amendment," or the amendment would

---

[25] *Id.* at pp. 27-29.
[26] *Id.* at p. 27.
[27] *Id.* at pp. 28-29.
[28] *Id.* at p. 29 (citing *Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261 (5th Cir. 2020)).
[29] FED. R. CIV. P. 15(a).
[30] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted).
[31] *Id.*

be completely futile.[32]

The Court finds it lacks a substantial reason to deny Plaintiff leave to amend. Plaintiff has not been given an opportunity to address the deficiencies raised in Defendant's motion to dismiss. This case is in the early stages of litigation, and Defendant will have ample time to file a new motion to dismiss Plaintiff's amended complaint, if Plaintiff chooses to so file. Accordingly, Defendant will suffer little to no prejudice as a result of the amendment. Finally, the Court cannot conclude the amendment would be futile, as it is possible Plaintiff's amended allegations would adequately state claims upon which relief may be granted. The Court will allow Plaintiff to amend his complaint. Any amended complaint Plaintiff files must address, fully and completely, all arguments raised in the Defendant's motion to dismiss.[33]

Accordingly;

**IT IS ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint. Plaintiff's amended complaint must be filed on or before **Monday, March 24, 2025**. If Plaintiff files an amended complaint, the Defendant's motion to dismiss[34] will be denied without prejudice.

**New Orleans, Louisiana, this 10th day of March, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[32] *Id.*
[33] Plaintiff must incorporate all allegations and prayers for relief in his amended complaint and not merely adopt the original petition by reference.
[34] R. Doc. 11.