UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW KELSEY MARTINEAU,<br><br>Plaintiff,<br><br>v.<br><br>BUNGIE, INC., a Delaware corporation; DOES 1-10, inclusive,<br><br>Defendants. | CIVIL ACTION NO.   2:24-cv-02387<br><br>JUDGE SUSIE MORGAN<br><br>MAGISTRATE JUDGE<br>MICHAEL B. NORTH |

### PLAINTIFF MATTHEW KELSEY MARTINEAU'S MOTION TO STRIKE

NOW INTO COURT, through undersigned counsel, comes Plaintiff Matthew Kelsey Martineau, who respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(f) to strike the following exhibits attached to Defendant Bungie, Inc.'s Motion to Dismiss (Rec. Doc. 26):

1. Declaration of Tyson Green ("Declaration") (Rec. Doc. 26.3)

2. Exhibit B - YouTube video titled "The Complete Story of Destiny! From Origins to Final Shape! Light & Dark Saga Lore & Timeline!" (Rec. Doc. 26.4)

3. Exhibit C - YouTube video titled "Destiny 2: The Red War All Cutscenes (Season 1)" (Rec. Doc. 26.5)

4. Exhibit D - "Transversive Steps" page located on "*Destinypedia*" website (Rec. Doc. 26.6)

5. Exhibit E - "Skulking Fox" page located on "*Destinypedia*" website (Rec. Doc. 26.7)

6. Exhibit F - YouTube video titled "Destiny 2: Curse of Osiris All Cutscenes (Season 2)" (Rec. Doc. 26.8)

7. Exhibit G - "Exo" page located on "*Destinypedia*" website (Rec. Doc. 26.9)

8. Exhibit H - "Failsafe" page located on "*Destinypedia*" website (Rec. Doc. 26.10)

Federal Rule of Civil Procedure 12(f) allows the Court to strike "from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. Plaintiff asserts that the aforementioned exhibits are immaterial and impertinent for consideration in deciding the Defendant's Motion to Dismiss.

In assessing a motion to dismiss under Rule 12(b)(6), the Court's role is limited to evaluating the legal sufficiency of the Complaint. *Reed v. Sw. Corr. Med. Grp., PLLC*, No. 7:21-CV-126-O, 2023 WL 11829982 *2 (N.D. Tex. Mar. 31, 2023) ("the Court's role is to determine whether the complaint itself is legally sufficient, not to weigh evidence that might be presented at trial."). Similarly, it is established that "when deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, *only the allegations in the complaint*." (emphasis added) *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 354 (5th Cir. 2011), citing *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008)

The Defendant's inclusion of and reliance upon the aforementioned exhibits in connection with its pending Motion to Dismiss is inappropriate. For the reasons set forth in the accompanying Memorandum in Support, Plaintiff respectfully requests that the Court grant this Motion and strike the exhibits attached to Defendant's Motion to Dismiss and listed herein.

Respectfully submitted:

  s/Ted M. Anthony
Ted M. Anthony (La. Bar Roll No. 21446)  (T.A.)
BABINEAUX, POCHÉ, ANTHONY
    & SLAVICH, L.L.C.
P. O. Box 52169
Lafayette, LA  70505-2169
Telephone:  (337) 984-2505
Facsimile:  (337) 984-2503

Email:  tanthony@bpasfirm.com

AND

BARRY ROME & SCOTT
STEPHEN R. BARRY (La. Bar Roll No. 21465)
A Professional Law Corporation
612 Gravier Street
New Orleans, Louisiana 70130
Tel: (504) 525-5553
Email: sbarry@barryrome.com

ATTORNEYS FOR  PLAINTIFF MATTHEW
KELSEY MARTINEAU