UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW KELSEY MARTINEAU,<br><br>Plaintiff,<br><br>v.<br><br>BUNGIE, INC., a Delaware corporation; DOES 1-10, inclusive,<br><br>Defendants. | CIVIL ACTION NO.   2:24-cv-02387<br><br>JUDGE SUSIE MORGAN<br><br>MAGISTRATE JUDGE<br>MICHAEL B. NORTH |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF MATTHEW KELSEY MARTINEAU'S MOTION TO STRIKE**

**I.      INTRODUCTION**

Plaintiff Matthew Kelsey Martineau submits this Memorandum in Support of his Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) certain exhibits attached to Defendant Bungie, Inc.'s pending Motion to Dismiss. The exhibits at issue include incomplete and improper materials, none of which were incorporated by reference in Plaintiff's Amended Complaint. Plaintiff respectfully moves this Court to strike the following exhibits attached to Defendant Bungie, Inc.'s Motion to Dismiss (Rec. Doc. 26):

1. Declaration of Tyson Green (Rec. Doc. 26.3)

2. Exhibit B - YouTube video titled "The Complete Story of Destiny! From Origins to Final Shape! Light & Dark Saga Lore & Timeline!" (Rec. Doc. 26.4)

3. Exhibit C - YouTube video titled "Destiny 2: The Red War All Cutscenes (Season 1)" (Rec. Doc. 26.5)

4. Exhibit D - "Transversive Steps" page located on "*Destinypedia*" website (Rec. Doc. 26.6)

5. Exhibit E - "Skulking Fox" page located on "*Destinypedia*" website (Rec. Doc. 26.7)

6. Exhibit F - YouTube video titled "Destiny 2: Curse of Osiris All Cutscenes (Season 2)" (Rec. Doc. 26.8)

7. Exhibit G - "Exo" page located on "*Destinypedia*" website (Rec. Doc. 26.9)

8. Exhibit H - "Failsafe" page located on "*Destinypedia*" website (Rec. Doc. 26.10)

For the reasons set forth herein, the subject exhibits are immaterial and impertinent for consideration in support of a Motion to Dismiss pursuant to Rule 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the Court to strike "from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. The decision to grant or deny a motion to strike is at the discretion of the trial court. *Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835 (E.D. La. 2011). Numerous courts have rightly stricken unnecessary evidentiary details from pleadings. *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1169 (5th Cir. 1979). Courts possess the authority to grant motions that seek to strike exhibits. *Gomez v. Biomet 3i, LLC*, 2022 WL 1302885 * 4 (E.D. La. May 2, 2022).

## III. LAW AND ARGUMENT

Plaintiff asserts that the aforementioned exhibits are immaterial and impertinent for consideration in deciding the Defendant's Motion to Dismiss seeking to dispose of Martineau's copyright infringement claim. In a copyright infringement claim, complete works must be reviewed and compared side-by-side. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) ("Key evidence in the litigation, then, will be the certificate, the original work, and *the allegedly infringing work*."); *Peel & Co. v. The Rug Mkt.,* 238 F.3d 391, 395 (5th Cir. 2001) ("To determine whether an instance of copying is legally actionable, a side-by-side comparison must be made

between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'")

Bungie's Motion to Dismiss seeks to have this Court engage in a detailed side-by-side analysis. For the reasons set forth in detail in Plaintiff's Opposition to Bungie's Motion to Dismiss filed contemporaneously with this Motion to Strike, such a side-by-side comparison is inappropriate at this stage of the proceedings. In *Batiste v. Lewis*, this Court squarely rejected performing such an analysis in connection with a Rule 12(b)(6) motion to dismiss a copyright infringement action.[1] At the motion to dismiss stage, the Court must determine only "whether [plaintiff]'s complaint, taken as true, plausibly alleges the three requirements to a successful claim [for copyright infringement]." *Id.* at *3. Put another way, the detailed side-by-side comparison advanced by Bungie is clearly improper for a Rule 12(b)(6) motion.

Notwithstanding the fact that Bungie's Motion to Dismiss improperly seeks a decision on the merits instead of the allegations of Plaintiff's Complaint, Bungie's Motion to Dismiss is also fatally flawed because Bungie neither attaches nor directly analyzes the actual **complete** infringing Destiny 2 game. The videos included with Bungie's motion are merely snippets of third-party derivative works that cannot be substituted for the actual infringing Destiny 2 game. At best, the subject materials only partially depict the complete infringing work - but it is axiomatic that the test for substantial similarity in a copyright infringement action does **not** involve a side-by-side comparison between the Plaintiff's work and incomplete derivative approximations of the infringing work made by unknown third parties that are randomly posted on the internet. Deciding Plaintiff's claim on the merits based on incomplete third-party works, none of which were created by the Defendant, is clearly improper and would result in undue prejudice to Plaintiff.

---

[1]  *Batiste*, 2018 WL 2268173 at * 4.

Furthermore, none of Bungie's exhibits are incorporated by reference or even mentioned in Plaintiff's Amended Complaint. It is well established that materials that are not incorporated by reference in an Amended Complaint should be stricken if they are relied upon to support a Rule 12(b)(6) motion to dismiss. *Coffin v. Bowater Inc.*, 224 F.R.D. 289, 290-92 (D. Me. 2004); *See Merrell v. 1st Lake Props., Inc.*, 717 F. Supp. 3d 512, 522 (E.D. La. 2024). Relying on such inappropriate and incomplete information leads to the denial of the motion to dismiss. *Id.* This is especially true for incomplete and otherwise incompetent exhibits.

### *Declaration of Tyson Green*

The Declaration of Tyson Green is not referenced in Martineau's Amended Complaint and thus falls outside the scope of the pleadings in this matter. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (Documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint ***and are central to her claim.***").

This Court has recognized that Rule 12(f) motion to strike can be used to remove affidavits that lack credibility, have inaccuracies, and are prepared by unqualified individuals. *Xavier v. Belfor USA Grp., Inc.*, 2008 WL 4862533 * 3 (E.D. La. Sept. 23, 2008). The declaration at issue erroneously asserts that the documents attached to Bungie's motion were incorporated by reference into Martineau's Amended Complaint. This assertion is patently false. The declaration, YouTube videos, and Destinypedia documents are not referenced, mentioned or otherwise alluded to anywhere in Martineau's Amended Complaint.

Moreover, Tyson Green failed to confirm that he actually personally reviewed the incomplete fan-made materials at issue or had any involvement in the preparation of the third-party works he endorsed, thereby undermining his credibility regarding the contents of those

materials. As established in *Coffin v. Bowater Inc.*, when incomplete materials are not properly incorporated by reference, they should be stricken if relied upon in a Rule 12(b)(6) motion. *Coffin*, 224 F.R.D. 289 at 291.

Here, neither the declaration (nor the materials referenced therein) were referenced in any way in Martineau's Amended Complaint. The Declaration goes well beyond the four-corners of Plaintiff's Amended Complaint, which is clearly improper for a Rule 12(b)(6) Motion to Dismiss. Moreover, Plaintiff has had no opportunity to cross-examine Mr. Green. Thus, the Declaration of Tyson Green (Rec. Doc. 26.3) must be stricken.

### *YouTube Video Exhibits*

Exhibit B - YouTube video titled "The Complete Story of Destiny! From Origins to Final Shape! Light & Dark Saga Lore & Timeline!" (Rec. Doc. 26.4)

Exhibit C - YouTube video titled "Destiny 2: The Red War All Cutscenes (Season 1)" (Rec. Doc. 26.5)

Exhibit F - YouTube video titled "Destiny 2: Curse of Osiris All Cutscenes (Season 2)" (Rec. Doc. 26.8)

The listed videos are third-party derivative works uploaded to YouTube that do not reflect the *complete* Destiny 2 game. These videos, created by third parties, do not represent the actual infringing work and should therefore be stricken. Moreover, Exhibit B (Red. Doc. 26.4) focuses partially on Destiny 1, which is not even the video game forming the basis of this lawsuit (Destiny 2).

The Amended Complaint alleges that Destiny 2 is comprised of the following seasons: "Red War; Curse of Osiris; Warmind; Season of the Outlaw; Season of the Forge; Season of the Drifter; Season of Opulence; Season of the Undying; Season of Dawn; Season of the Worthy; Season of Arrivals; Season of the Hunt; Season of the Chosen; Season of the Splicer; Season of the Lost; Season of the Risen; Season of the Haunted; Season of Plunder; Season of the Seraph;

Season of Defiance; Season of the Deep; Season of the Witch; and Season of the Wish."[2] The Amended Complaint also alleges that the Red Legion, a pirated portion of Martineau's work, is referenced and makes appearances throughout the video game, Destiny 2 to this day.[3] The Amended Complaint does **NOT** in any way reference or mention the third-party YouTube videos attached to Defendant's Motion to Dismiss.

Even though Martineau has alleged that the infringing work comprises 22 different seasons, Bungie suggests that the Court should dismiss Martineau's claim by focusing solely on the first two seasons. This argument is akin to examining only chapters 1 and 2 of an infringing book and disregarding the rest, as if no additional content exists. Here, the incomplete materials created by anonymous third parties, and relied upon by Bungie must not be considered for purposes of this motion because they are neither: (1) referenced in Martineau's Amended Complaint, nor (2) complete representations of Destiny 2, the infringing work, which is central to Martineau's claim for copyright infringement.[4]

### *Destinypedia Site Exhibits*

Exhibit D - "Transversive Steps" page located on "*Destinypedia*" website (Rec. Doc. 26.6)

Exhibit E - "Skulking Fox" page located on "*Destinypedia*" website (Rec. Doc. 26.7)

Exhibit G - "Exo" page located on "*Destinypedia*" website (Rec. Doc. 26.9)

Exhibit H - "Failsafe" page located on "*Destinypedia*" website (Rec. Doc. 26.10)

These third-party derivative works, pulled from *Destinypedia* and attached to Bungie's motion, are never referenced in Martineau's Amended Complaint and, thus, are outside the scope

---

[2] Amended Complaint, Rec. Doc. 24, ¶ 69.

[3] Amended Complaint, Rec. Doc. 24, ¶ 132.

[4] Martineau's Amended Complaint does not include any YouTube videos and thus the videos were not incorporated by reference into the Complaint.

of the pleadings. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 354 (5th Cir. 2011), citing, *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint.").

Furthermore, not only is *Destinypedia* not the same as the Destiny 2 work, it is not even created by Bungie; *Destinypedia* is the work of anonymous Destiny fans randomly uploaded to a third-party website.[5] The *Destinypedia* excerpts relied upon by Bungie are unreliable and lack credibility, as they are editable by anonymous users and not officially sanctioned by Bungie.[6] Relying on these third-party materials could lead to inaccurate conclusions and thus cause undue prejudice to Martineau.

Moreover, the anonymous fan-made works attached to Bungie's motion are not central to Martineau's claim for copyright infringement. *Fotohaus, LLC v. Advanced Plan for Health, LLC*, No. 3:20-CV-2049-S-BN, 2021 WL 2690093 (N.D. Tex. Apr. 20, 2021) ("Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims."). These materials are neither central to Martineau's claim for copyright infringement nor necessary to establish any element of the claim. Therefore, they should be disregarded and stricken from consideration.

In *Coffin v. Bowater Inc.*, after Plaintiff filed a motion to strike, the court struck exhibits attached to the defendants' motion to dismiss because they were incomplete materials and were

---

[5] The Home page of Destinypedia describes it as follows: "Welcome to Destinypedia! The Destiny wiki and definitive source for Destiny information **that anyone can edit**. **This encyclopedia is edited and maintained by a dedicated group of Destiny fans!**" (emphasis added)

[6] *Id.*

not incorporated by reference into the Plaintiff's Amended Complaint. *Coffin*, 224 F.R.D. 289 at 290-92. Specifically, one of the exhibits was missing a page. *Id.* at 291. The court found that such reliance on inadequate materials was insufficient for supporting a Rule 12(b)(6) motion, leading to the denial of the motion to dismiss. *Id.* at 292.

In the present case, similar to *Coffin v. Bowater Inc.*, Bungie relies on incomplete and improper materials not properly incorporated by reference into Martineau's Amended Complaint. Just as the court in Coffin struck incomplete exhibits—such as an exhibit missing a page—for failing to support a Rule 12(b)(6) motion, Bungie's reliance on incomplete, third-party materials should lead to the same result. Bungie's exhibits should be stricken, mandating denial of Bungie's motion to dismiss.

## IV. Conclusion

The exhibits submitted by Bungie are inappropriate for consideration in a Rule 12(b)(6) motion. They are incomplete, improper, and not referenced in the Amended Complaint. As a result, Plaintiff respectfully requests that the Court strike these exhibits from the Defendant's Motion to Dismiss and deny the motion on this ground.

Respectfully submitted:

s/Ted M. Anthony
Ted M. Anthony (La. Bar Roll No. 21446) (T.A.)
BABINEAUX, POCHÉ, ANTHONY
  & SLAVICH, L.L.C.
P. O. Box 52169
Lafayette, LA  70505-2169
Telephone:  (337) 984-2505
Facsimile:  (337) 984-2503
Email:  tanthony@bpasfirm.com

AND

BARRY ROME & SCOTT

STEPHEN R. BARRY (La. Bar Roll No. 21465)
A Professional Law Corporation
612 Gravier Street
New Orleans, Louisiana 70130
Tel: (504) 525-5553
Email: sbarry@barryrome.com

ATTORNEYS FOR PLAINTIFF MATTHEW KELSEY MARTINEAU