UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW KELSEY MARTINEAU, *Plaintiff*, v. BUNGIE, INC., a Delaware Corporation; DOES 1-10, inclusive, *Defendants*. | CIVIL ACTION NO. 24-cv-02387 JUDGE SUSIE MORGAN MAGISTRATE JUDGE MICHAEL B. NORTH |

**BUNGIE, INC.'S OPPOSITION TO PLAINITFF'S MOTION TO STRIKE**

NOW INTO COURT, comes Defendant, Bungie, Inc. ("Bungie"), which submits this memorandum in opposition to Plaintiff's Motion to Strike (the "Motion"). Through its Motion, Plaintiff seeks to use the only reasonably accessible materials displaying Bungie's *Destiny 2* as both a sword and a shield: to exclude them from the Court's purview on Bungie's Motion to Dismiss as somehow improper, while simultaneously using those same materials to support his First Amended Complaint's ("FAC") allegations of copyright infringement as well as his contemporaneously filed opposition. There is no doubt that *Destiny 2* is incorporated by reference into the FAC, and the Court can and should consider it in its Rule 12 copyright infringement analysis. Bungie's submission likewise makes clear that the materials annexed to its Motion are accurate reproductions of the accused videogame campaigns, and the best way for the Court to view them. Indeed, Plaintiff does not offer a better option, because none exists, and this fact would not change even if the parties were to waste resources on full-blown discovery. There is no legitimate basis for the Court not to consider the materials before it to find a lack of protectable

similarities between the two works.[1]  Plaintiff's Motion to Strike—a transparent attempt to extend the page limitations of Plaintiff's opposition—should be denied.

I. **Introduction and Factual Background**

Plaintiff Matthew Martineau filed this action against Bungie, claiming that Bungie infringed on his copyrighted work, collectively titled *The Red Legion*.[2]  Plaintiff alleges that Bungie's expansive, interactive multiplayer online videogame, *Destiny 2*, is substantially similar to Plaintiff's 115-page collection of free verse poems, lyrical odes, and shortform epistolary writings, and constitutes copyright infringement.[3]  Bungie previously filed a motion to dismiss Plaintiff's facially unsubstantiated complaint.[4]  Attached to that motion were various third party materials concerning *Destiny 2* and a declaration from Jonathan To, Bungie's Narrative Lead for *Destiny 2*.[5]  Plaintiff did not move to strike the exhibits attached to that motion.  Ultimately, the Court *sua sponte* granted Plaintiff leave to file an amended complaint and denied Bungie's first motion to dismiss without prejudice.[6]  The Court also ordered Plaintiff in any amendment to "address, fully and completely, all arguments raised in the Defendant's motion to dismiss."[7]

Plaintiff filed his FAC but failed to materially fix any of the deficiencies identified in Bungie's first motion to dismiss, including those that the Court specifically instructed him to fix.[8]  Bungie responded by filing a Motion to Dismiss the FAC, which addresses these numerous

---

[1] Bungie notes that the arguments Plaintiff presents in the Motion regarding the exhibits Bungie attached to its Motion to Dismiss the FAC likely should have been included in Plaintiff's opposition to Bungie's Motion to Dismiss but were likely extricated to this Motion to Strike as an end-run around the 25-page limitation on filings before this Court. To the extent that is true, the Court should deny Plaintiff's Motion to Strike outright for gamesmanship of the local rules of this Court.
[2] *See generally* R. Doc. 1.
[3] *Id.*; *see also* R. Doc. 26-2.
[4] R. Doc. 11.
[5] *See* R. Doc. 11-3 *et seq.*
[6] R. Doc. 23; R. Doc. 25.
[7] R. Roc. 23 at 5.
[8] R. Doc. 24.

deficiencies in significant detail.[9] Attached to Bungie's Motion to Dismiss the FAC, Bungie submitted substantially identical exhibits to the exhibits attached to Bungie's first Motion to Dismiss. The exhibits include a declaration from Tyson Green, Bungie's Game Director for *Destiny 2*, various videos of accurate, representative gameplay and cinematic cut-scenes from the accused campaigns within *Destiny 2*, and explanatory resources about various aspects of *Destiny 2* that form the basis of Plaintiff's copyright infringement claim.[10] Because the FAC contained new allegations concerning an additional retired *Destiny 2* campaign, "Curse of Osiris," Bungie also attached an additional video as an exhibit to its a motion to dismiss that accurately depicts gameplay and all cinematic cut-scenes from the "Curse of Osiris" campaign.[11] Plaintiff now moves to strike these exhibits from the Court's consideration of Bungie's Motion to Dismiss the FAC.[12]

## II. Law & Argument

### a. Standard

"Complaints alleging copyright infringement are no exception" to Rule 12(b)(6) standards.[13] When considering a Rule 12(b)(6) motion for a complaint alleging copyright infringement, courts may consider the facts alleged in the complaint and any documents incorporated by reference, including the parties' works.[14] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim."[15] Part of the consideration of the pleadings on a motion

---

[9] R. Doc. 26.
[10] R. Doc. 26-3, *et seq.*
[11] R. Doc. 26-8.
[12] R. Doc. 29.
[13] *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 787 (S.D. Tex. 2009), *summarily aff'd* 381 F. App'x 449 (5th Cir. 2010).
[14] *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).
[15] *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498-99 (5th Cir. 2000) (internal quotations omitted), citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F. 2d 429, 431 (7th Cir. 1993).

to dismiss pursuant to Rule 12(b)(6) is a comparison of the works to establish there is a copyright infringement claim alleged, including factual copying and substantial similarity.[16] In a copyright infringement case, the works that form the basis of the alleged infringement should be reviewed by the Court as part of the motion to dismiss.[17] A side-by-side comparison of the works is necessary to determine whether a plaintiff has plausibly alleged a copyright infringement claim.[18] By attaching documents to a motion to dismiss, the defendant "assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[19]

Federal Rule of Civil Procedure 12(f) allows a court to strike "any redundant, immaterial, impertinent, or scandalous matter."[20] Courts have ample discretion when considering Rule 12(f) motions.[21] A motion to strike should only be granted when the document "has no possible relation to the controversy."[22] "The action of striking a pleading should be sparingly used by the courts."[23] "Motions to strike are generally disfavored and infrequently granted due to the fact that they are a drastic remedy and are often used as a dilatory tactic."[24] "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."[25]

---

[16] *See e.g. Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 367 (5th Cir. 2004).
[17] *Randolph*, 634 F. Supp. 2d at 787.
[18] *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (citations omitted).
[19] *Collins*, 224 F. 2d at 499.
[20] Fed. R. Civ. P.. 12(f).
[21] *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).
[22] *Thompson v. Texas Dept. of Criminal Justice*, 67 F.4th 275, 283-84 (5th Cir. 2023) citing *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).
[23] *Augustus*, 306 F.2d at 868.
[24] *Cain v. Exxon Mobil Cop.*, 400 F. Supp. 3d 514, 520 (M.D. La. Aug. 26, 2019)
[25] *In re Pearl Resources LLC*, 643 B.R. 436, 449 (Bankr. S.D. Tex. 2022).

### b. *Destiny 2* is Incorporated into Plaintiff's Amended Complaint.

Plaintiff's claims against Bungie stem from the allegation that Bungie's *Destiny 2* videogame infringes on his copyrighted collection of free-form writings, *The Red Legion*. Plaintiff repeatedly puts *Destiny 2* at issue in his First Amended Complaint, referring to it in 123 separate instances.[26]  Plaintiff repeatedly describes *Destiny 2*'s characters, plot, and visuals in his FAC, albeit in self-serving statements designed to over-inflate the alleged similarity between his work and the videogame.  It is thus clear that Plaintiff has incorporated *Destiny 2* by reference in his FAC.

Despite its legion of references to *Destiny 2*, Plaintiff's FAC neither includes nor attaches any direct materials from *Destiny 2*.  Indeed, although the FAC accuses all the same portions of *Destiny 2* as the original pleading, Plaintiff removed from the FAC the screenshots of actual *Destiny 2* material present in the original pleading.[27]  Perhaps Plaintiff made these choices in an ill-informed attempt to avoid the side-by-side comparison necessary for Bungie's Motion to Dismiss.  Nonetheless, to remedy this problem and assist the Court in its substantial similarity determination that it can properly conduct on Bungie's Motion to Dismiss, Bungie attached to its motion the most complete collection of *Destiny 2* materials possible.  These include several gigabytes of actual *Destiny 2* gameplay,[28] materials collected from "Destinypedia,"[29] and an affidavit attesting to the authenticity and accuracy of these *Destiny 2* materials from Tyson Green,

---

[26] *See generally* R. Doc. 24.
[27] Bungie attaches as "Exhibit A" a redline showing the changes between Plaintiff's original Complaint and the FAC, which reveals that Plaintiff maintained identical allegations drawn from third-party YouTube videos of *Destiny 2* gameplay and cinematic cut-scenes and similar third-party content.  Indeed, Plaintiff included within his original Complaint 17 screenshots taken from such materials. R. Doc. 1 ¶¶ 105, 116, 128, 133, 137, 145, 154, 157.
[28] R. Doc. 26-4, R. Doc. 26-5, and R. Doc. 26-8.
[29] R. Doc. 26-6, R. Doc. 26-7, R. Doc. 26-9, and R. Doc. 26-10. "Destinypedia" is an encyclopedia webpage dedicated to Destiny universe information that provides summaries and descriptions of various characters, stories, and other Destiny related materials.

Bungie's Game Director for *Destiny 2*.[30] Bungie supplied the Court with an explanation as to why these materials have been annexed to its motion: *Destiny 2* and the campaigns of the game with the most direct relevance to Plaintiff's claims, "Red War" and "Curse of Osiris," were released in late 2017,[31] and these two campaigns were retired by Bungie in November 2020 and are no longer accessible by players or operable on Bungie's *Destiny 2* current operational framework.[32] As stated by the Fifth Circuit in *Collins*, a defendant attaching materials to a motion to dismiss that are referenced by a plaintiff's complaint but are not incorporated in full by the plaintiff is done to assist the court in making a determination as to the merits of the defendant's motion to dismiss.[33] Since Plaintiff failed to include any materials from *Destiny 2* in his FAC—and has not otherwise supplied the Court with a suitable alternative—Bungie attached them to its Motion to Dismiss the FAC to illustrate the cavernous lack of similarity between Plaintiff's written work and the complex videogame *Destiny 2*.

Moreover, as is evident from the face of his pleadings and the fact that the accused "Red War" and "Curse of Osiris" campaigns have not been accessible for over four years, Plaintiff necessarily relied—and did in fact rely—on the same or similar third-party materials to form the basis of his allegations and copyright claim against Bungie.[34] Otherwise, Plaintiff's allegations are based entirely on his memory and recollection of playing the accused campaigns in *Destiny 2*, which would mean that Plaintiff played the game and had notice of his purported claims against Bungie at least as early as late 2020, rendering his claims completely time-barred under the applicable three-year statute of limitations. *Petrella v. MGM*, 572 U.S. 663, 667 (2014) ("The

---

[30] R. Doc. 26-3.
[31] *Id.* at ¶¶ 5, 7.
[32] *Id.* at ¶¶ 9-11.
[33] *Collins*, 224 F.2d at 499.
[34] *See supra* at footnote 27; s*ee also* Ex. A.

Copyright Act provides that '[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued.'") (quoting 17 U.S.C. § 507(b)); *Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 233 (5th Cir. 2023) ("[O]ur court decided that this limitations period starts running 'once the plaintiff knows or has reason to know of the injury upon which the claim is based,' which is also known as the discovery rule.") (quoting *Graper v. Mid-Continent Casualty Co.*, 756 F.3d 388, 393 (5th Cir. 2014)).

### c. Plaintiff disingenuously seeks to exclude the most complete production of *Destiny 2* that can be produced to the Court to delay the inevitable.

The exhibits to Bungie's Motion are the most complete substantive materials related to Plaintiff's claims of copyright infringement by *Destiny 2*. Plaintiff is thus using the Motion to Strike to remove from the Court's purview the only *Destiny 2* materials before it that are untainted by Plaintiff's skewed summations. Plaintiff hopes to deprive the Court of any side-by-side, objective comparison of the works, which is the Court's duty on a motion to dismiss, in the hope that his plainly unsubstantiated copyright infringement claim will survive past the pleadings stage.

Plaintiff relies on *Coffin v. Bowater Inc.*,[35] an out of circuit decision from Maine, for the proposition that "incomplete" documents should be excluded by the court when considering a motion to dismiss. Unsurprisingly, Plaintiff provides no analysis of the facts of *Coffin* because the comparison to the case at bar is ludicrous. In *Coffin*, the court was determining whether to exclude labor agreements that were attached to a motion to dismiss filed in a Labor Management Relations Act matter.[36] In attaching the agreements as exhibits, the defendants filed incomplete versions of the subject four labor agreements.[37] The documents were missing the signature pages, sample pension calculations, and a page which contained the language that was central to the plaintiffs'

---

[35] 224 F.R.D. 289 (D. Me. 2004).
[36] *Id.* at 290.
[37] *Id.* at 290-91.

7

claims for breach of contract.[38] The court also noted that the documents were not referred to in an affidavit from a person who attested to their authenticity.[39] Seeing the obvious problem, the *Coffin* court granted the motion to strike the exhibits from consideration for the motion to dismiss.[40]

The facts before the Court in this matter could not stand in starker contrast from the facts before the court in *Coffin*. Here, Bungie has attached the most complete version of *Destiny 2* it can. Furthermore, even if a playable version of the accused campaigns existed, the very nature of *Destiny 2* makes attaching the "complete" game logistically impossible. As a playable, interactive, first-person videogame, putting *Destiny 2* before the Court is not as simple as attaching Plaintiff's 115-page collection of blogposts in a single exhibit. Unlike Martineau's literary work, as an interactive videogame, *Destiny 2* could only ever be usably presented to the Court in the form of recorded gameplay, unless the Court preferred to play the entire *Destiny 2* videogame herself. Even if that were the case, the fact remains that the *Destiny 2* campaigns that make up the crux of Plaintiff's claims are no longer operable.

Instead, and to be as complete and thorough as possible, Bungie collected several gigabytes worth of gameplay and cinematic cut-scenes recorded by actual "super-fan" players of *Destiny 2* known for creating *Destiny 2* content, and included informational material that describes the various aspects of *Destiny 2* that Plaintiff alleges infringe on his asserted work. Bungie's Game Director for *Destiny 2*, Tyson Green, also certified in a sworn declaration that those materials are true and accurate representations of *Destiny 2* gameplay and information. As enjoyable and engaging as *Destiny 2* is for players, it would be a gross waste of judicial resources to ask that the Court play through the entire *Destiny 2* videogame just to satisfy Plaintiff's demand that only the

---

[38] *Id.* at 291.
[39] *Id.*
[40] *Id.*

"complete" work of *Destiny 2* (whatever that means) can be compared to his 115-page collection of free-form writings—especially because the current playable version of the game does not include the two campaigns that feature virtually all the accused elements. Plaintiff cannot seriously contend that over 12 gigabytes of actual *Destiny 2* gameplay and all cinematic cut-scenes, certified as accurately representative by Bungie's Game Director for *Destiny 2*, is a "snippet of third-party derivative works" inappropriate for consideration on a motion to dismiss pursuant to Rule 12(b)(6).

Indeed, Plaintiff's argument for the wholesale exclusion of the only *Destiny 2* materials currently before the Court on the ground of "incompleteness" demonstrates that Plaintiff is only seeking to delay the eventual side-by-side comparison that must be done in a copyright infringement case. The campaigns of *Destiny 2* that make up the basis for Plaintiff's claims are contained within Bungie's exhibits. The gameplay experience associated with those campaigns is no longer available to be played. Moreover, any production of gameplay from those campaigns would have to be recorded and submitted to the Court in some form or fashion—a recording of the relevant gameplay from one player as compared to another player does not impact the accused content of *Destiny 2* itself. Regardless, Bungie's Game Director has attested under penalty of perjury that the already-submitted examples of *Destiny 2* gameplay and cut-scenes are authentic and genuine. Plaintiff's Motion is the prime example of why motions to strike are viewed with disfavor and primarily as a delay tactic: Plaintiff is seeking to delay the inevitable, *i.e.* the dismissal of his copyright infringement claim against Bungie for lack of substantial similarity. Plaintiff's Motion to Strike should therefore be denied.

### d. The Court should analyze the works at this stage of litigation.

In his Motion to Strike, Plaintiff includes argument about the standard of comparison on a motion to dismiss in a copyright case. This argument is immaterial to the merits of his Rule 12(f)

motion to strike and, to the extent Plaintiff's erroneous argument on this point belongs anywhere, it should only have been included in Plaintiff's opposition to Bungie's Motion to Dismiss the FAC. In an abundance of caution, Bungie responds to Plaintiff's misreading of the law here, but refers the Court to its Motion to Dismiss the FAC[41] and Bungie's Reply Memorandum in support of that Motion[42] for the argument in full. The Court can and should compare the works side by side at this stage of the litigation.

It is well-settled copyright law that on a motion to dismiss, the reviewing court can make a side-by-side comparison of the works and decide whether the substantial similarity required for a copyright infringement claim exists as a matter of law.[43] Rather than defending the alleged similarity between the works, Plaintiff relies on the musical copyright case *Batiste v. Lewis*[44] holding to assert that a "detailed side-by-side comparison" at the pleading stage is inappropriate. *Batiste* is an inapposite case which dealt with claims related to a jazz musician claiming infringement on his music by another artist in their music.[45] The defendants submitted an expert report with their motion to dismiss.[46] The court declined to compare the musical elements of the works in the side-by-side comparison because it could not do so without considering the expert report submitted by the defendants due to the highly technical nature of musicological comparison.[47]

The facts of *Batiste* are entirely different than the facts presented to the Court here. Unlike musical copyright infringement cases, the instant subject matter—visual works—do not require an

---

[41] R. Doc. 26-1.
[42] R. Doc. 31.
[43] *Randolph*, 634 F. Supp. 2d at 787-88 (refusing to reconsider dismissal with prejudice where substantial similarity claim was dismissed as a matter of law).
[44] 2018 WL 2268173 (E.D. La. May 17, 2018).
[45] *Id.* at *1, 4.
[46] *Id.* at *2-4.
[47] *Id.* at *4.

expert report to demonstrate the differences between Plaintiff's work and *Destiny 2*. The Court need only review Plaintiff's *The Red Legion* and review the *Destiny 2* materials submitted by Bungie and compare the works as a layperson.[48] The significant differences, as outlined in Bungie's Motion to Dismiss the FAC, are broad and deep. The Court should therefore deny Plaintiff's Motion to Strike which seeks to deprive the Court of the ability to review the works side by side at this stage, as required by a Rule 12(b)(6) motion.

### III.    Conclusion

Plaintiff moves to strike the only *Destiny 2* materials before the Court to delay the Court's inevitable finding that *Destiny 2* and Plaintiff's *The Red Legion* lack the substantial similarity necessary to substantiate a copyright infringement claim. Plaintiff incorporated by reference the *Destiny 2* videogame into his FAC. Bungie has provided the Court with the best available materials from the accused portions of *Destiny 2* in connection with its Motion to Dismiss the FAC. The Court should therefore deny Plaintiff's Motion to Strike and consider Bungie's exhibits when ruling on Bungie's Motion to Dismiss the FAC.

Respectfully submitted,

IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC

/s/ *Connor W. Peth*
Darleene Peters (#25638)
Connor W. Peth (#39499)
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: 504-310-2100
Facsimile: 504-310-2101
dpeters@irwinllc.com
cpeth@irwinllc.com

---

[48] *See Vallery v. American Girl, LLC*, 697 F. App'x 821, 824 (5th Cir. 2017) ("To determine whether an instance of copying is *legally actionable*, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'") (quoting *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)).

-and-

**DLA PIPER LLP (US)**
Tamar Y. Duvdevani (*pro hac vice*)
Jared Greenfield (*pro hac vice*)
1251 Avenue of The Americas, 27th Fl.
New York, New York 10020
Telephone: 212-335-4500
Facsimile: 212-335-4501
tamar.duvdevani@us.dlapiper.com
jared.greenfield@us.dlapiper.com

***Counsel for Bungie, Inc.***