## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW KELSEY MARTINEAU,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO.  24-2387** |
| **BUNGIE, INC.,** | **SECTION: "E" (5)** |
| **Defendant** | |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant Bungie, Inc. ("Defendant").[1] Plaintiff Matthew Kelsey Martineau ("Plaintiff") filed an opposition.[2] Defendant filed a reply.[3]

Also before the Court is Plaintiff's motion to strike certain exhibits attached to Defendant's motion to dismiss.[4] The Defendant filed an opposition.[5]

## BACKGROUND

This is a copyright infringement suit in which Plaintiff alleges Defendant's video game Destiny 2 copied original, protected elements of Plaintiff's original written works without consent.[6] Plaintiff alleges that in 2013 and 2014 he authored an original work (the "Original Work") under the pen name "Caspar Cole."[7] Plaintiff allegedly published his Original Work on www.WordPress.com ("WordPress"), which he alleges is freely accessible to internet users.[8]

---

[1] R. Doc. 26.
[2] R. Doc. 29.
[3] R. Doc. 31.
[4] R. Doc. 29-1
[5] R. Doc. 32.
[6] *See generally* R. Doc. 24.
[7] *Id.* at ¶ 14.
[8] *Id.* at ¶ 15.

## PLAINTIFF'S ORIGINAL WORK

Plaintiff alleges he owns Copyright Registration TX 9-339-250, the copyright for his Original Work.[9] According to the allegations of Plaintiff's amended complaint, Plaintiff's Original Work, a series of short writings,[10] is set in multiple locations, including Earth and other planets.[11] Plaintiff alleges the Original Work features the "Red Legion, a powerful military force, that is embroiled in an unending cycle of warfare."[12] Plaintiff alleges the Red Legion is known for "brutal tactics," the use of flamethrowers known as "flame atomizers," and "war beasts called 'miogas.'"[13] Plaintiff alleges "[t]he Red Legion is structured hierarchically."[14] An individual named "Yinnerah" is the leader of the Red Legion.[15] Plaintiff alleges Yinnerah was once a "lowly court jester."[16] In Plaintiff's Original Work, Yinnerah plots to invade Earth.[17] Plaintiff alleges Yinnerah's intent is to seize "Tononob Station to further his goals of dominating Earth."[18] Plaintiff alleges Tononob Station is "a massive celestial entity hovering above Earth that houses valuable assets."[19]

Plaintiff further alleges that in his Original Work, "messages are continually transmitted through beacons that update the reader on different events."[20] Some of these messages transmitted through beacons "reference a weapon called an 'atonizer' that has the potential to 'spell doom' for the conquered population through the use of an 'enhanced

---

[9] *Id.* at ¶¶ 13, 222.
[10] The Defendant refers to Plaintiff's Original Work as "a 115-page collection of free verse poems, lyrical odes, and shortform epistolary writings." R. Doc. 32 at p. 2.
[11] R. Doc. 24 at ¶ 21.
[12] *Id.* at ¶ 22.
[13] *Id.* at ¶ 23.
[14] *Id.* at ¶ 24.
[15] *Id.* at ¶ 25.
[16] *Id.*
[17] *Id.* at ¶ 27.
[18] *Id.* at ¶ 30.
[19] *Id.* at ¶ 29.
[20] *Id.* at ¶ 31.

beam.'"[21] Plaintiff alleges the beacon messages warn those receiving the messages using an "input panel."[22] Plaintiff alleges "Red Legion Analyzation Team 232 monitors the activities of the Red Legion."[23] The Original Work allegedly discusses "transversion technology, which allows individuals to merge minds and consciousness into different beings across different timelines."[24] Plaintiff alleges that in his poem "Our Minds," which is a part of the Original Work, "an unknown entity from a distant future communicates through transversion to merge with a receiver's consciousness."[25]

## DEFENDANT'S DESTINY 2

Plaintiff alleges that the video game developed by the Defendant, "Destiny 2," is "the infringing work."[26] Plaintiff alleges "one of the sources [Defendant] accessed and copied" while creating Destiny 2 was Plaintiff's "copyrighted work which was published and easily accessible on WordPress."[27] Plaintiff alleges the development team for Destiny 2 "scrap[ped] a majority" of its work "midway through development" and was left with "sixteen (16) months to completely start over."[28] Plaintiff alleges Defendant released Destiny 2 on September 6, 2017.[29]

Plaintiff alleges that, in the Destiny 2 video game, players must defend Earth from the Red Legion, which is led by the main antagonist "Dominus Ghaul."[30] Plaintiff alleges in Destiny 2 "[t]he Red Legion attacks 'the Traveler,' a powerful celestial entity that hovers

---

[21] *Id.* at ¶ 32.
[22] *Id.* at ¶ 33.
[23] *Id.* at ¶ 34.
[24] *Id.* at ¶ 35.
[25] *Id.* at ¶ 36.
[26] *Id.* at ¶¶ 32-83.
[27] *Id.* at ¶¶ 39-67.
[28] *Id.* at ¶¶ 41-42.
[29] *Id.* at ¶ 70.
[30] *Id.*

above the Last City."[31] Plaintiff alleges the "Traveler is straddled by the Red Legion's war machinery, which includes prominent use of flame throwers."[32] Plaintiff alleges Dominus Ghaul claims "the Traveler and its light belong to him."[33] Plaintiff alleges Destiny 2 players fight "war-beasts" and "board ships" in a "battle" with "the Red Legion."[34]

Plaintiff alleges that in Destiny 2 Dominus Ghaul and his lieutenant intend to use the Traveler "to install Ghaul as the emperor of the conquered land."[35] Plaintiff alleges Dominus Ghaul and his lieutenant "confront a prisoner, the speaker for the Traveler, who refuses to choose Ghaul as its representative."[36] Plaintiff alleges that in Destiny 2, "players must hand over a booster to activate a beacon that shares a message from Zavala, the leader of the Guardians."[37] Plaintiff alleges that, throughout Destiny 2, the Red Legion's "ultimate goal" is "to capture the Traveler and use its light to empower Dominus Ghaul."[38] Plaintiff alleges Destiny 2 is "based directly" on his Original Work.[39]

## **PROCEDURAL HISTORY**

On October 2, 2024, Plaintiff filed a complaint against Defendant for infringing on Plaintiff's copyright by copying without consent "the characters, storyline, and other protectable expression" from the Original Work.[40] On December 20, 2024, Defendant moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[41] Post-briefing,[42] the Court granted Plaintiff leave to file an amended complaint

---

[31] *Id.* at ¶ 72.
[32] *Id.* at ¶ 73.
[33] *Id.* at ¶ 74.
[34] *Id.* at ¶ 75.
[35] *Id.* at ¶ 76.
[36] *Id.* at ¶ 77.
[37] *Id.* at ¶ 81.
[38] *Id.* at ¶ 82.
[39] *Id.* at ¶ 83.
[40] R. Doc. 1 at ¶¶ 158-66.
[41] R. Doc. 11.
[42] R. Doc. 21; R. Doc. 22.

addressing the arguments Defendant raised in its motion to dismiss.[43] Plaintiff timely filed an amended complaint.[44] The Court then denied Defendant's motion to dismiss without prejudice.[45]

On April 7, 2025, Defendant filed a motion to dismiss Plaintiff's first amended complaint pursuant to Rule 12(b)(6).[46] Defendant argues Plaintiff has insufficiently pleaded access, factual copying, and substantial similarity.[47] Defendant urges the Court to decide the motion by conducting a side-by-side analysis of the Original Work and Destiny 2.[48] Plaintiff responds that a side-by-side analysis is improper at the motion to dismiss stage and that it has properly alleged a copyright infringement claim.[49]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[50] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[51] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[52]

---

[43] R. Doc. 23. The Court did not order Plaintiff to "fix" the deficiencies identified in the Defendant's first motion to dismiss. The Court did order the Plaintiff to address the arguments raised in the Defendant's first motion to dismiss but did not take a position on the validity of those arguments. *Id.* at p. 5.
[44] R. Doc. 24.
[45] R. Doc. 25.
[46] R. Doc. 26.
[47] *Id.* at pp. 14-30.
[48] R. Doc. 26-1 at p. 13; R. Doc. 31 at pp. 6-8.
[49] R. Doc. 30.
[50] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[51] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[52] *Id.*

The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[53] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[54]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[55] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[56] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[57] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[58] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[59] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment."[60]

---

[53] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[54] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[55] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[56] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[57] *Iqbal*, 556 U.S. at 679.
[58] *Cutrer v. McMillan*, 308 Fed. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).
[59] *Smith v. GE Healthcare, Inc.*, No. 19-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).
[60] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

"When reviewing a motion to dismiss, the Court is typically confined to the pleadings."[61] Pursuant to Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, under United States Court of Appeals for the Fifth Circuit precedent, "documents that a defendant attaches to a motion to dismiss may be considered 'if they are referred to in the plaintiff's complaint and are central to [his] claim.'"[62]

## LAW AND ANALYSIS

### I.    The Court will not consider the attachments to the Defendant's motion to dismiss.

The Defendant attached what it describes as various videos of Destiny 2 gameplay and "explanatory resources" about Destiny 2, as well as an affidavit executed by its employee Tyson Green, to its motion to dismiss.[63] The Defendant argues the Court should consider the attachments because Destiny 2 is incorporated by reference into the First Amended Complaint, and "the court can and should consider it in its Rule 12 copyright infringement analysis."[64] The Defendant claims the attachments are "accurate reproductions of the accused video campaigns, and the best way for the Court to view them."[65] While Plaintiff does reference Destiny 2 in his complaint, he does not reference the YouTube videos containing Destiny 2 game footage, the Destinypedia pages, or the Tyson declaration.[66]  The Plaintiff's motion to strike seeks to strike these attachments, and

---

[61] *Batiste v. Lewis*, No. 17-4435, 2018 WL 2268173, at *2 (E.D. La. May 17, 2018) (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

[62] *Vallery v. Am. Girl Dolls*, No. 13-5066, 2015 WL 1539253, at *2 (E.D. La. Apr. 6, 2015) (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

[63] R. Doc. 26-2; R. Doc. 26-3; R. Doc. 26-4; R. Doc. 26-5; R. Doc. 26-6; R. Doc. 26-7; R. Doc. 26-8; R. Doc. 26-9; 26-10.

[64] R. Doc. 32 at p. 1.

[65] *Id.*

[66] R. Doc. 24; R. Doc. 29-1 at pp. 4-8.

keep them from being considered in connection with the motion to dismiss, because the attachments are incomplete and improper and were not incorporated into Plaintiff's First Amended Complaint.[67]

Because the similarity of Plaintiff's Original Work and Defendant's Destiny 2 "comprise[s] the sole issue[ ] in this case, and because [both works] were referred to in the [P]laintiff's" first amended complaint, the Defendant argues "the Court *can* consider" the Original Work and Destiny 2, as well as the "Curse of Osiris" campaign and the Tyson declaration,[68] at the motion to dismiss stage.[69] This consideration, according to the Defendant, would entail a side-by-side comparison of the Original Work and Destiny 2. Defendant argues that, in a copyright infringement case, the works that form the basis of the alleged infringement not only may but *should* be reviewed by the Court as part of the motion to dismiss, citing *Randolph I*.[70]

The Court's decision of whether or not to review documents outside the pleadings when deciding a motion to dismiss is discretionary.[71] In fact, if the documents outside the pleadings are considered, the motion must be treated as one for summary judgment unless the documents are referred to in the complaint and central to the claim.[72] To treat

---

[67] R. Doc. 29; R. Doc. 29-1.

[68] Defendant represents that the First Amended Complaint contained new allegations concerning an additional retired Destiny 2 campaign, Curse of Osiris. R. Doc. 32 at p. 3.

[69] *Batiste*, 2018 WL 2268173, at *2, *4 (first citing *Vallery*, 2015 WL 1539253, at *2 (first citing *Rucker v. Harlequin Enters ., Ltd.*, No. 12-1135, 2013 WL 707922, at *1 n.1 (S.D. Tex. Feb. 26, 2013); then *Randolph v. Dimension Films* ("*Randolph I*"), 630 F. Supp. 2d 741, 745 (S.D. Tex. 2009); and then *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986)) ("In copyright cases, the asserted and accused works are 'central' to the infringement claim and thus may be considered.").

[70] *Randolph v. Dimension Films* ("*Randolph II*"), 634 F. Supp. 2d 779, 787 (S.D. Tex. 2009).

[71] *See Batiste*, 2018 WL 2268173, at *2, *4; *Vallery*, 2015 WL 1539253, at *2; *Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *4 (5th Cir. Oct. 8, 2021).

[72] *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (holding that a court may consider documents attached to either a motion to dismiss or an opposition to that motion "when the documents are referred to in the pleadings and are central to a plaintiff's claims"); *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293-94 (5th Cir. 2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently

an extraneous document as integral to the complaint, the complaint must "rel[y] heavily upon [the document's] terms and effect."[73] Furthermore, a side-by-side comparison is appropriate only when "the original work and the allegedly infringing copy are submitted with the pleadings and available to the court for side-by-side comparison."[74]

The Plaintiff describes the YouTube videos attached to the opposition as "merely snippets of third party derivative works that cannot be substituted for the actual infringing Destiny 2 game,"[75] and the Destinypedia excerpts as "the work of anonymous Destiny fans randomly uploaded to a third-party website."[76] Destinypedia is a "encyclopedia . . . edited and maintained by a dedicated group of Destiny fans."[77] Defendant has admitted it cannot produce the entirety of the relevant form of Destiny 2 for the Court's review[78] and that the attached YouTube videos and Destinypedia pages are "third-party originating materials."[79] As Defendant admits in its reply, "[t]here is now no feasible way for [Defendant] to provide the Court with a reviewable form of the [Red War or Osiris] campaigns or to produce them should this matter proceed to discovery."[80] Defendant does not explain how the Court would conduct a side-by-side analysis if it does not have Destiny 2. In opposition to the motion to strike, the Defendant relies on the

---

referenced in the complaint to permit their consideration on a motion to dismiss"); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (same).

[73] *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

[74] *Randolph II*, 634 F. Supp. 2d at 787.

[75] R. Doc. 29-1 at p. 3.

[76] *Id.* at p. 7.

[77] Destinypedia, https://www.destinypedia.com (last visited April 28, 2025). The Court takes judicial notice of Destinypedia's existence and its homepage. Fed. R. Evid. 201. Plaintiff's first amended complaint neither mentions nor incorporates online, fan-created Destinypedia pages. R. Doc. 24.

[78] R. Doc. 26-3 at p. 3.

[79] *Id.* at p. 4.

[80] R. Doc. 31 at p. 6 (citing R. Doc. 31-3).

declaration of Tyson Green, that the attachments "are true and accurate representations of Destiny 2 gameplay and information."[81]

Cases in which the court conducted a side-by-side analysis are rare and, in any event, are usually less complex than this case. For example, Defendant cites *Randolph v. Dimension Films* ("*Randolph II*") as a case in which the Court conducted a side-by-side analysis and granted a motion to dismiss the plaintiff's complaint.[82] In *Randolph II*, the court compared "complete copies" of a children's book and an hour and thirty-three minute long children's movie in a side-by-side analysis.[83] The court dismissed the plaintiff's complaint because "the allegedly copied elements did not involve protected expression or would not strike a layperson as being substantially similar."[84]

Defendant also cites *Gottlieb Development LLC v. Paramount Pictures Corp.* as a case in which the court granted a "Rule 12(b)(6) motion to dismiss and [held] that the two works in question, which the court deemed incorporated into the complaint by reference, were not substantially similar."[85] In *Gottlieb Development*, the court analyzed whether the defendant infringed on the plaintiff's copyright for a pinball machine by incorporating a visual of the pinball machine in a three-and-a-half minute movie scene.[86] Because of the length of the scene, the fact that the pinball machine was "always in the background," the fact that the pinball machine was "never mentioned and plays no role in the plot," and the fact that the pinball machine was "almost always partially obscured," the court held the movie's use of the pinball machine was "*de minimis* as a matter of law" and that "no

---

[81] R. Doc. 32 at p. 8.
[82] 634 F. Supp. 2d 779.
[83] *Id.* at 791; *The Adventures of Shark Boy and Lava Girl in 3-D*, https://www.imdb.com/title/tt0424774/ (last visited April 24, 2025).
[84] 634 F. Supp. 2d at 788.
[85] 590 F. Supp. 2d 625 (S.D.N.Y. 2008); R. Doc. 31 at pp. 6-7.
[86] 590 F. Supp. 2d at 629, 632.

reasonable juror could find substantial similarity in the legal sense."[87] Thus, the court dismissed the plaintiff's copyright infringement claim.[88]

Defendant cites *Rucker v. Harlequin Enters., LTD.* and *Vallery v. American Girl Dolls* as cases that "confirm" that "this Court can make a side-by-side comparison of the works and decide whether the substantial similarity required for a claim of copyright infringement exists as a matter of law."[89] In *Rucker*, the court compared "a 20-page first chapter followed by a 5-page plot synopsis" of an unfinished romance book with a "full-length [romance] novel."[90] The court granted the defendant's motion to dismiss because the plaintiff's asserted similarities were "either stock elements of romance novels or plot elements that naturally flow from the broad themes that the two works share with other works in the same genre."[91]

In *Vallery*, the court denied the pro se plaintiff leave to amend her complaint and leave to amend her "Comparison Citings of Copyright Infringement."[92] The court compared a 270-page "adult-oriented, dark tale" featuring a grandmother's lost "magical amulet," "racial slurs," references to "childhood drinking," and "both a sex scene and a scene where the father of the female protagonist sneaks into a house and kills a man in cold blood as a favor to a family friend" with a "156-page novel geared toward young children" "about 11–year old Cecile in Antebellum New Orleans who attends the circus

---

[87] *Id.* at 632-34.
[88] *Id.* at 634.
[89] No. 12-1135, 2013 WL 707922 (S.D. Tex. Feb. 26, 2013); No. 13-5066, 2015 WL 1539253 (E.D. La. Apr. 6, 2015); R. Doc. 31 at pp. 6-7.
[90] 2013 WL 707922, at *2.
[91] *Id.* at *6-9.
[92] 2015 WL 1539253, at *1.

and while there happens to lose a beautiful (but not magical) cameo necklace that she borrowed from her aunt."[93]

This case is markedly different from those cases Defendant cites. Unlike in *Gottlieb Development*, *Rucker*, and *Vallery*, even if the Court had access to Destiny 2, a side-by-side comparison in this case would require the Court to compare completely different formats—a collection of short written works and a video game.[94] Rather than compare a brief movie scene and a copyright for a pinball machine, like in *Gottlieb Development*,[95] or compare two books, like in *Rucker* and *Vallery*,[96] it appears the Defendant is asking the Court to compare a collection of short writings to (1) thirteen-plus hours of third-party originated YouTube videos of Destiny 2 and (2) several third-party originated online Destinypedia pages.[97] This case is distinguishable from *Randolph II* because of the length of the Destiny 2 YouTube videos and the thirteen Destinypedia pages Defendant submitted and the fact that this case involves adult science fiction works while *Randolph II* involved less-complex works made for children.[98] Even if the Court had access to a complete version of Destiny 2, this case would require a much more complicated side-by-side analysis than those conducted in the caselaw cited by Defendant.[99]

---

[93] *Id.* at *3-4.
[94] R. Doc. 24; R. Doc. 26-1; *Gottlieb Dev.*, 590 F. Supp. 2d 625; *Rucker*, 2013 WL 707922; *Vallery*, 2015 WL 1539253.
[95] 590 F. Supp. 2d 625.
[96] 2013 WL 707922; 2015 WL 1539253.
[97] R. Doc. 26-2; R. Doc. 26-4 (video on file with the Court and available at https://www.youtube.com/watch?v=zzBmOeYmN_M); R. Doc. 26-5 (video on file with the Court and available at https://www.youtube.com/watch?v=WAw1g2tHN3s); R. Doc. 26-8 (video on file with the Court and available at https://youtu.be/4jtZpmcCM4Y?si=ypJBZHi7rKYaTya5).
[98] R. Doc. 24; *Randolph II*, 634 F. Supp. 2d 779.
[99] The Court also highlights that this case features two nuanced science fiction/fantasy works. For the Court to adequately assess the similarity of both works and whether Plaintiff's Original Work and Destiny 2 share only unprotectable ideas, elements, and characters, expert assistance may be helpful.

Because the Court cannot conduct a side-by-side analysis of Plaintiff's Original Work and Destiny 2, it cannot determine whether substantial similarity exists at the motion to dismiss stage. "[A]t the pleading stage, the Court is limited to the facts alleged in the complaint; it is not acting as a factfinder. A decision on the merits based on the Court's judgment of the similarity" of the Original Work and Destiny 2 "is inappropriate at this stage of the proceedings."[100] "[T]he question of substantial similarity," which is an element of Plaintiff's copyright claim, "typically should be left to the factfinder."[101] A side-by-side analysis is premature at the motion to dismiss stage because the Court is currently limited to a review of the plaintiff's well-pleaded factual allegations.[102]

The Court will not consider the exhibits attached to Defendant's motion to dismiss and will not convert the Defendant's motion to dismiss to a motion for summary judgment. There has not been sufficient time for discovery and the attachments are admittedly of third-party origination. Their authenticity has not been established. Converting the motion to dismiss into a motion for summary judgment at this stage would likely lead to continuances and delays for further discovery under Federal Rule of Civil Procedure 56(f).[103]

## II.  The Plaintiff has sufficiently pleaded a claim for copyright infringement.

The Court now turns to the sufficiency of Plaintiff's allegations in his first amended complaint. "To establish a claim for copyright infringement, a plaintiff must prove that:

---

[100] *Batiste*, 2018 WL 2268173, at *4; *see also Cat & Dogma, LLC*, 2021 WL 4726593, at *3 ("Target raises several arguments challenging the degree of originality underlying Dogma's selection and arrangement of the elements in The Design. However, reaching the merits of those arguments requires us to go beyond the pleadings and is improper on a motion to dismiss under FRCP 12(b)(6).").

[101] *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (quoting *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 395 (5th Cir. 2001)); *Cat & Dogma, LLC*, 2021 WL 4726593, at *4.

[102] *Batiste*, 2018 WL 2268173, at *4; *see also Cat & Dogma, LLC*, 2021 WL 4726593, at *3-4.

[103] *See Mitsui Sumitomo Ins. Co. (H.K.) v. P&O Ports Louisiana, Inc.*, No. 07-1538, 2007 WL 2463308, at *2 (E.D. La. Aug. 28, 2007).

(1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original."[104] "The second element is met where a plaintiff proves '(1) factual copying and (2) substantial similarity.'"[105]

As to the first element, Plaintiff alleges he "is the owner of valid and enforceable copyrights in his published works" and that he "has registered or applied for registration for copyrights in said works, including United States Copyright Registration TX 9-339-250."[106]

As to factual copying, Plaintiff alleges that Defendant "not only drew inspiration from [Plaintiff's] work but directly copied it when creating Destiny 2."[107] Factual copying, part of the second element of a copyright infringement claim, "can be proved by direct or circumstantial evidence."[108] If there is no direct evidence of copying, "factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity."[109] Plaintiff does not allege any direct evidence of copying, but does allege Defendant's access to his Original Work prior to its creation of Destiny 2 and that there is probative similarity between the Plaintiff's Original Work and Destiny 2.[110]

Plaintiff alleges his Original Work and "Destiny 2 are substantially similar" and provides examples of similarities between his Original Work and Destiny 2.[111] Substantial

---

[104] *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004) (first citing *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); then *Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995)), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).
[105] *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (quoting *Positive Black Talk*, 394 F.3d at 367).
[106] R. Doc. 24 at ¶¶ 13, 222.
[107] *Id.* at ¶ 67.
[108] *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007).
[109] *Positive Black Talk*, 394 F.3d at 367-68 (quoting *Peel & Co.*, 238 F.3d at 394).
[110] *Id.* at ¶¶ 15-16, 46, 48, 51, 60, 66-67, 130, 125, 134, 138, 146, 167, 177, 223.
[111] *Id.* at ¶¶ 67, 97, 108, 112, 116-18, 127, 129, 134, 145-46, 166-67, 169, 179-80, 184.

similarity is analyzed under the "ordinary observer or audience test." This test is satisfied if a layman detects "piracy 'without any aid or suggestion or critical analysis by others. The reaction of the public to the matter should be spontaneous and immediate."[112] Plaintiff includes two tables detailing the "directly corresponding elements" and characters in the Original Work and Destiny 2.[113]

Plaintiff alleges both works "detail the rise of a young and ambitious alien with the intent of dividing and conquering Earth in order to gain strategic asset(s)."[114] Plaintiff alleges the characters in both works show "similar attitudes, histories, and mindsets," and that "it is only through a very unique set of actions" that the characters initially invade Earth.[115] Plaintiff points out that Dominus Ghaul's "rise . . . replicates" Yinnerah's and alleges that both Dominus Ghaul and Yinnerah are "urged, guided and assisted by outcast mentors . . . to overthrow their leaders to rise to power."[116]

According to Plaintiff, in both the Original Work and Destiny 2, "rebels fend off Red Legion invaders on Earth against backdrops of burning settlements, ravaged streets, and utter chaos."[117] Plaintiff alleges the Red Legion invaders in both Plaintiff's Original Work and Destiny 2 "mimic one another" and have overlapping goals,[118] and both works feature leaders driven by "hubris," "a desire for control," and "perceived weakness of the" opposition.[119] Plaintiff alleges there are similarities in the technology used by the

---

[112] *Peel & Co.*, 238 F.3d at 398 (first quoting *Harold Lloyd Corp. v. Witwer*, 65 F.2d 1, 18 (9th Cir. 1933); then citing 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 13.03[E][1][a], at 13-79 (2000)).
[113] R. Doc. 24 at ¶¶ 114, 202.
[114] *Id.* at ¶ 96.
[115] *Id.* at ¶ 97.
[116] *Id.* at ¶ 98.
[117] *Id.* at ¶ 99.
[118] *Id.* at ¶ 100.
[119] *Id.* at ¶¶ 101-02.

characters in both works.[120] Plaintiff alleges both works feature rebel factions uprising and resisting the Red Legion "at the same moment in both plotlines,"[121] and that the Red Legion is described similarly in both works and behaves similarly in both works.[122]

Plaintiff has sufficiently alleged the elements of an action for copyright infringement.

## **CONCLUSION**

**IT IS ORDERED** that Defendant's motion to dismiss is **DENIED**.[123]

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike is **DENIED** as moot.[124]

**New Orleans, Louisiana, this 2nd day of May, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[120] *Id.* at ¶¶ 103, 108.
[121] *Id.* at ¶ 104.
[122] *Id.* at ¶¶ 105-06.
[123] R. Doc. 26.
[124] R. Doc. 29