## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW KELSEY MARTINEAU, | |
| *Plaintiff*, | |
| | CIVIL ACTION NO.: 2:24-cv-02387 |
| v. | |
| | JUDGE SUSIE MORGAN |
| BUNGIE, INC., a Delaware Corporation; DOES 1-10, inclusive, | |
| | MAGISTRATE JUDGE MICHAEL B. NORTH |
| *Defendants*. | |

## <u>PROTECTIVE ORDER</u>

Plaintiff Matthew Kelsey Martineau and Defendant Bungie, Inc. ("Bungie") (collectively, the "Parties") recognize that it may be necessary to disclose and exchange confidential and proprietary information related to the subject matter of this litigation during discovery.  In addition, the Parties recognize that non-parties may produce confidential information that should also be subject to limited use.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order (hereinafter "Order").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the following Protective Order is issued to govern certain disclosures in this case:

1. **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order

is subject to the Local Rules of the Eastern District of Louisiana and the Federal Rules of

Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.**  As used in this Order, "Confidential Information" means

information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."  "HIGHLY CONFIDENTIAL INFORMATION" means

information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

by the producing party that falls within either of the designations outlined in Paragraph 4.

Information or documents that are available to the public may not be designated as

Confidential Information.

    a. Other non-public information provided through discovery, including, but not

limited to, all or any part of discovery papers such as interrogatory responses,

responses to requests for admissions, answers to deposition questions, information

disclosed at hearings, information obtained from inspection of premises or things,

and pleadings, motions, briefs, other court papers, and other material generated in

the course of this action, including, but not limited to correspondence between

counsel, summaries, notes, abstracts or other instruments that comprise, embody,

summarize, discuss, or quote from any documents produced in this action,

similarly may be designated as CONFIDENTIAL INFORMATION subject to the

protections of this Order.

3. **Designation.**

    a. <u>Procedure</u>.  A party may designate a document as Confidential Information for

protection under this Order by placing or affixing the words "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the

document and on all copies in a manner that will not interfere with the legibility of the document and the entire document or thing shall be so designated and subject to the protections of this Order. As used in this Order, the term "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. If a good faith basis exists, a Party may redact certain portions of materials designated as containing CONFIDENTIAL INFORMATION, including, without limitation, to the extent such materials contain highly sensitive and/or personally identifiable information (e.g., social security numbers, taxpayer identification numbers, driver's license numbers, bank account numbers, passport numbers, passwords, biometric information, health information protected by HIPAA, etc.).

b.  <u>Inadvertent Failure to Designate</u>.  A Producing Party may designate as
CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY any CONFIDENTIAL INFORMATION that has already been produced
by notifying the Party to whom the production has been made in writing that such
CONFIDENTIAL INFORMATION is CONFIDENTIAL or HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY from the date of notification
onward.  However, no Party shall be deemed to have breached this Order by
means of any disclosure or use that was proper at the time prior to receiving such
notification. An inadvertent failure to designate a document as Confidential
Information does not, standing alone, waive the right to subsequently so designate
the document.  If a party designates a document as Confidential Information after
it was initially produced, the receiving party, on notification of the designation,
must make a reasonable effort to assure that the document is treated in accordance
with the provisions of this Order.  No party shall be found to have violated this
Order for failing to maintain the confidentiality of material during a time when
that material has not been designated Confidential Information.

i.  <u>Notification.</u>  A Producing Party must notify the Receiving Party, in
writing, that it has disclosed CONFIDENTIAL INFORMATION without
intending a waiver by the disclosure.  Upon receipt of such notification,
the Receiving Party shall comply with the obligations of the Receiving
Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B)
and provide a written certification that it will cease further review,
dissemination, and use of the CONFIDENTIAL INFORMATION.

ii. <u>502(d) Order.</u>  The production of privileged or work-product protected

documents, electronically stored information ("ESI") or information,

whether inadvertent or otherwise, is not a waiver of the privilege or

protection from discovery in this case or in any other federal or state

proceeding.  This Order shall be interpreted to provide the maximum

protection allowed by Federal Rule of Evidence 502(d).  The provisions of

Federal Rule of Evidence 502(b) do not apply.  Nothing contained herein

is intended to or shall serve to limit a party's right to conduct a review of

documents, ESI, or information (including metadata) for relevance,

responsiveness and/or segregation of privileged and/or protected

information before production.

c. <u>Inspection of Materials Prior to Production.</u>  In the event that documents,

materials or other information are made subject to inspection prior to their

production, no marking of those materials need be made by the producing party at

the time of that inspection.  For purposes of such an inspection, all materials made

available for the inspection shall be considered Confidential Information and

subject to this Order at the time of the inspection.  Thereafter, if any materials

subject to that inspection are produced and the producing party wishes those

materials to be considered Confidential Information under this Order, the

producing party shall so designate them in accordance with the procedures set

forth in this Order.

      d. <u>Certification by Counsel or Party</u>.  The designation of materials as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.[1]

4. **Information to be Treated as Confidential.** There are two designations of documents or things and oral testimony that can receive the protection of confidentiality by the Court in this action pursuant to this Order, that is, those designated (a) "CONFIDENTIAL," and (b) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Any materials labeled or testimony denoted with either designation and the information contained within those materials (collectively, "CONFIDENTIAL INFORMATION") shall not be used by any Party, person, or nonparty entity except in accordance with the terms of this Order.  All documents, or things or oral testimony including, but not limited to, CONFIDENTIAL INFORMATION, produced or exchanged in connection with this Litigation, shall be used for purposes of this litigation only and for no other purpose (including, but not limited to, any business, commercial, or competitive purpose) and shall not be used in any other action or proceeding without either the written agreement of the Party producing the documents or things or oral testimony or further order of the Court.  A Person (meaning any natural person or legal entity or association of any kind or nature) or Party designating material as CONFIDENTIAL INFORMATION shall hereinafter be referred to as the "Producing Party."  A Party receiving the CONFIDENTIAL INFORMATION shall hereinafter be referred to as the "Receiving Party."

---

[1]  By designating documents as confidential pursuant to this Order, counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

a. A document, thing, or oral testimony may be designated as "CONFIDENTIAL" if it contains confidential or proprietary technical or scientific information or know-how, information which if disclosed would constitute an invasion of personal privacy, or which could endanger the life or safety of any person, or other non-public confidential, commercially sensitive information, including, but not limited to, business, strategy, marketing, financial, research, development, technical, personnel, or customer or supplier information.

b. A document, thing, or oral testimony may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if it contains trade secret or particularly sensitive non-public and confidential personal, proprietary, or commercially sensitive information that the Producing Party reasonably and in good faith believes would harm the personal, commercial, financial, strategic, or business interests of any Producing Person or its employees, customers, or clients if disclosed to the other parties in this Litigation, or would create a risk of injury to a Producing Person that would not exist in the absence of such disclosure. For the avoidance of doubt, personal information that may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall include the names and identifying information of any current and/or former non-managerial Bungie employee not already disclosed as a potential witness in Bungie's Rule 26 initial disclosures.

c. By receiving material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY the Receiving Party does not thereby concede or otherwise accept that such information is in fact

CONFIDENTIAL INFORMATION, but merely agrees to abide by the terms described in this Order with regard to that information. A Party objecting to any such CONFIDENTIAL INFORMATION designation, shall follow the procedure set forth in Paragraph 12 below to resolve any such objection.

5. **Information Not to Be Protected as Confidential.** Notwithstanding the designation of any materials as any type of CONFIDENTIAL INFORMATION, those materials shall not be deemed confidential and shall not be subject to this Order if the content or substance thereof if the information:

    a. is, or becomes, public knowledge, other than through violation of the terms of this Order;

    b. was already in the possession of the Receiving Party before it received the CONFIDENTIAL INFORMATION from the Producing Party;

    c. is disclosed by a Receiving Party or nonparty pursuant to a legally binding order from a Court of competent jurisdiction, following prompt written notice to the Producing Party that allowed the Producing Party the opportunity to timely oppose the Demand before responding or producing any CONFIDENTIAL INFORMATION as set forth in Paragraph 16, below; or

    d. is disclosed by a Receiving Party with the advanced written approval of the Producing Party.

Notwithstanding the foregoing, a Party shall not unilaterally treat as non-confidential any document or information produced as CONFIDENTIAL INFORMATION but shall instead obtain either the agreement of the Party designating the material as

CONFIDENTIAL INFORMATION or utilize the procedure of Paragraph 12 below before treating as non-confidential any such document or information.

6. **Depositions.**  Deposition testimony may be designated as CONFIDENTIAL INFORMATION within the meaning of this Order: (i) at any deposition session, by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within thirty (30) days after receiving a copy of the transcript thereof as set forth in subparagraph 6(b), below; and in both of the foregoing instances, by directing the reporter that the appropriate confidentiality legend be affixed to each page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL INFORMATION.  Only those portions of the transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this action shall be deemed CONFIDENTIAL INFORMATION; provided that the failure to designate Testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY during a deposition session does not constitute a waiver of the right to so designate testimony, and a Producing Person may so designate testimony after such testimony has been taken pursuant to this paragraph.  Counsel may modify this procedure for any particular deposition, through mutually acceptable agreement on the record at such deposition, without further order of the Court..

   a. Counsel for the Producing Party shall have the right to exclude from oral deposition any person not authorized by this Order to receive information designated as CONFIDENTIAL INFORMATION, but such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising CONFIDENTIAL INFORMATION.  The failure of such other

9

persons to comply with a request of this type shall constitute justification for

counsel to advise the witness that he or she need not answer the question.

b. The transcript of any deposition and all exhibits or attachments shall be

considered protected as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY from the date of the deposition until thirty (30) calendar days thereafter.

During the thirty (30)- calendar-day period, either Party may designate by page

and line number the portions of the transcript and any specific exhibits or

attachments that are to be treated as protected, by electing to designate them as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY.  If no such designations are made and no such written notice of those

designations is provided to the opposing Party within the thirty (30)-calendar-day

period, then the entire transcript and exhibits will be considered unprotected, with

the exception of those exhibits previously designated as CONFIDENTIAL

INFORMATION.

7. **Nonparty May Designate Information to be Protected as Confidential**. If any

materials are obtained from any Person not a Party to this action, including, but not

limited to, deposition testimony, that person or entity shall have the same rights to

designate any such materials as CONFIDENTIAL INFORMATION as a Party would

have, and the use of those materials by the Parties shall be governed in all respects by this

Order, provided, however, that the nonparty person or entity agrees to be bound by the

terms hereof by signing the affidavit attached to this Order as Attachment A.  The terms

"Party" or "Parties" used in this Order shall be deemed to include any such nonparty to

the extent necessary or appropriate to effectuate the terms of this paragraph.  Each Party

seeking discovery from any nonparty by subpoena shall serve a copy of this Order along with the subpoena.

8. **Protection of Confidential Material.**

    a. <u>General Protections.</u>  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

    b. Subject to the additional requirements of Paragraph 13, materials designated by a Party as "CONFIDENTIAL" may be disclosed only to:

        i. the Receiving Party's outside counsel and in-house counsel, including support staff reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction;

        ii. officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation (excluding those set forth in the preceding subparagraph (a));

        iii. independent and technical experts and consultants and their staff who are retained by any Party or Party's counsel to assist in this action, but only to the extent reasonably necessary to perform such work, and who are not current employees of a Party or of a Party's affiliate;

        iv. those persons who will testify at a deposition or at trial of this action and whose testimony involves those materials;

     v.   any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

    vi.   qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians);

   vii.   this Court and Court staff;

  viii.   any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and

    ix.   such other persons as agreed upon by the Parties in writing, or after the Parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this action.

c.   Subject to the additional requirements of Paragraph 8(e)(ii), materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Party may be disclosed only to:

     i.   the Receiving Party's outside counsel and in-house counsel;

    ii.   support staff reasonably necessary to assist the Receiving Party's outside counsel and in-house counsel set forth in preceding subparagraph (i) and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction;

iii.  independent and technical experts and consultants and their staff who are retained by any party or Party's counsel to assist in this action, but only to the extent reasonably necessary to perform such work;

iv.  those persons who will testify at a deposition or at trial of this action concerning materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that they created or that had been disclosed to them prior to this litigation or in accordance with the terms of this Order;

v.  any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

vi.  qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians);

vii.  the Court and Court staff;

viii.  any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and

ix.  such other persons as agreed upon by the Parties in writing, or after the Parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this action.

d.  In addition to those persons described in Paragraphs 8(b) and (c) above who may receive CONFIDENTIAL INFORMATION, (a) a present employee or representative of a Party may be examined and may testify concerning all

13

documents and information designated as CONFIDENTIAL INFORMATION by
that Party; and (b) a former employee, associate, representative, or consultant of a
Party may be examined and may testify at a deposition concerning any documents
or information designated as CONFIDENTIAL INFORMATION by that Party,
which were dated or created during, or which pertain to, the period during which
that witness was employed by, associated with, representative of, or consultant to
that Party.

e.  Additional Requirements Concerning Disclosure to Certain Persons.

    i.  Prior to disclosure of or providing access to CONFIDENTIAL
        INFORMATION by any Party or its counsel to any person described in
        Paragraphs 8(b)-(d)[2], above, the person shall be informed of the existence
        of this Order and provided with a copy to read.  The person will then
        certify in writing that he or she has read and understood the Order and that
        the terms shall be binding on the individual, in the form attached to this
        Order as Attachment A. Each person who receives any such
        CONFIDENTIAL INFORMATION agrees to subject himself or herself to
        the jurisdiction of this Court for the purpose of any proceedings relating to
        his or her performance under, compliance with, or violation of this Order.
        No person shall receive any CONFIDENTIAL INFORMATION or access
        to it until the Party or counsel proposing to disclose the information has
        received the signed affidavit from that person.  Counsel for each Party
        shall collect the signed affidavits and shall retain the originals until the

---

[2] Other than the Court and Court staff, as set forth in subsection (vii) of Paragraphs 8(b) and (c).

conclusion of this action.  The undersigned counsel shall maintain a list of those persons to whom any such CONFIDENTIAL INFORMATION has been disclosed, and that the list shall be available for inspection upon its request.

ii.  If this Court orders that access to or dissemination of any type of CONFIDENTIAL INFORMATION shall be had by or made to persons not included in Paragraphs 8(b)-(d) above, that CONFIDENTIAL INFORMATION shall be accessible to or disseminated to only those persons based on the conditions pertaining to and the obligations arising from this Order, and those persons shall sign the affidavit in the form attached to this Order as Attachment A, and, in all other respects, shall be considered subject to this Order.

f.  <u>Control of Documents.</u>  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

9.  **Discovery of Disclosure to Unauthorized Persons.** If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must promptly on discovery bring all pertinent facts relating to that disclosure to the attention of counsel for all Parties and, if appropriate, to the Court, and, without prejudice to other rights and remedies of any

Party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of that CONFIDENTIAL INFORMATION.

10. **Filing of Confidential Information.**  This Order does not, standing alone, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.6.

11. **No Greater Protection of Specific Documents.** Except on grounds of privilege not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12. **Challenges by a Party to Designation as Confidential Information.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  If the Parties or their counsel disagree as to whether certain information should be protected under this Order, they are obligated to negotiate in good faith regarding the designation by the Producing Party.  The following procedure shall apply to any such challenge.

   a. <u>Notification.</u> In the event that a Receiving Party objects to the designation hereunder and seeks the removal or modification of any such designation, then the Receiving Party may notify the Producing Party of that objection in writing at any time.  If the Producing Party disagrees with the objection in whole or part, then it shall so notify the Receiving Party within ten (10) business days after receiving the objection.  If the Producing Party does not so notify the Receiving Party

within the ten (10)-business-day notice period, then each designation in question shall be deemed removed or modified in accordance with the objection.

b. <u>Meet and Confer.</u>  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party, or directly with a party who is appearing *pro se*.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

c. <u>Judicial Intervention.</u>  If the Producing Party has given written notice in accordance with this paragraph, and the Parties have not resolved all the objections by mutual agreement, then the Receiving Party seeking to remove or modify the designation of any document or information as CONFIDENTIAL INFORMATION shall have the burden of applying to the Court for an order granting it corresponding relief from the applicable restrictions of this Order.  On any such motion, the burden of persuasion shall be on the Producing Party to establish good cause for prohibiting the disclosure or sustaining the designation in issue.  Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order. Unless and until such relief is granted, the documents and information in question shall remain protected hereunder.  Until the Court rules on the

challenge, all parties shall continue to treat the materials as Confidential

Information under the terms of this Order.

13. **Handling of Confidential Information.** Disclosure of CONFIDENTIAL

INFORMATION is intended only to facilitate the prosecution or defense of this action.

The recipient of any CONFIDENTIAL INFORMATION disclosed in accordance with

the terms of this Order is obligated to maintain the confidentiality of the information and

shall exercise reasonable care in securing, handling, storing, using, or disseminating

CONFIDENTIAL INFORMATION in a manner reasonably calculated to prevent

disclosure of CONFIDENTIAL INFORMATION to any persons not authorized under

this Order. CONFIDENTIAL INFORMATION shall not be copied or reproduced except

to the extent that copying or reproduction is reasonably necessary for the conduct of this

action, and all such copies or reproductions shall be subject to the terms of this Order.

14. **Action by the Court.**  Applications to the Court for an order relating to materials or

documents designated Confidential Information shall be by motion.  Nothing in this

Order or any action or agreement of a party under this Order shall limit the Court's

authority to make orders concerning the disclosure of documents produced in discovery

or at trial.

15. **Use of Confidential Documents or Information at Trial.**  Nothing in this Order shall

be construed to affect the use of any document, material, or information at any trial or

hearing.  A party who intends to present or who anticipates that another party may

present Confidential Information at a hearing or trial shall bring that issue to the Court's

and parties' attention by motion or in a pretrial memorandum without disclosing the

substance of the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

   a.  If a receiving party is served with a subpoena, civil investigative demand, or other legal process including, but not limited to any such subpoena, civil investigative demand, or legal process from any federal, state, or local government or any of their agencies or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena, civil investigative demand, or legal process to all Parties and shall inform the entity issuing or seeking a court to issue such subpoena, civil investigative demand, or other legal process that any such information or documents sought are confidential and subject to this Order.

   b.  The receiving party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

   c.  The purpose of imposing these duties is to alert the issuing person or entity to the existence of this Order and to afford the designating party in this case an opportunity to make attempts to protect its Confidential Information in the court

from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

17. **Obligations upon Conclusion of Litigation.**

    a.  <u>Order Continues in Force.</u>  Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b.  <u>Obligations upon Conclusion of Litigation.</u>  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the Parties and their attorneys shall return to each Producing Party or shall destroy all documents or things that constitute, contain, discuss, or refer to in any way CONFIDENTIAL INFORMATION disclosed during the action, except that (i) trial counsel for each Receiving Party may retain one archival copy of CONFIDENTIAL INFORMATION produced by the Producing Party, a reasonable number of copies of briefs, demonstrative exhibits, and the like derived from that CONFIDENTIAL INFROMATION; and (ii) a Receiving Party may retain CONFIDENTIAL INFORMATION that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided, however, that such

information shall remain CONFIDENTIAL INFORMATION subject to this Order.

c. <u>Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System.</u>  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**18. Other Rights of the Parties and Counsel.**

a. Nothing in this Order shall prevent a Party from using or disclosing its own CONFIDENTIAL INFORMATION.

b. Nothing in this Order shall prevent the Parties from mutually agreeing to the use or disclosure of CONFIDENTIAL INFORMATION other than as permitted by this Order.

c. Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of documents or information designated as CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, counsel shall not make any disclosure of such CONFIDENTIAL INFORMATION.

d. Nothing herein shall preclude the filing by any Party of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

e.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any

ground not addressed in this Order.  Similarly, no Party waives any right to object

on any ground to use in evidence of any of the material covered by this Order.

19. **Order Subject to Modification.**  This Order shall be subject to modification by the

Court on its own initiative or on motion of a party or any other person with standing

concerning the subject matter.

20. **No Prior Judicial Determination.** This Order is entered based on the representations

and agreements of the parties and for the purpose of facilitating discovery.  Nothing

herein shall be construed or presented as a judicial determination that any document or

material designated Confidential Information by counsel or the parties is entitled to

protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until

such time as the Court may rule on a specific document or issue.

21. **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all

counsel of record and their law firms, the parties, and persons made subject to this Order

by its terms.

22. **Court's Jurisdiction After Termination of the Action**. As the disclosure of information

designated CONFIDENTIAL INFORMATION carries significant risk of commercial

harm to the Parties, no matter the time of disclosure, this Court shall retain jurisdiction of

the Parties hereto indefinitely, even after termination of this action, regarding any dispute

arising between them in connection with the improper use or disclosure of

CONFIDENTIAL INFORMATION under protection of this order.

New Orleans, Louisiana, this ____ day of _____, 20__.


_____
      MICHAEL B. NORTH
      UNITED STATES MAGISTRATE JUDGE

ATTACHMENT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto,

understands the terms thereof and agrees to be bound by those terms.  The undersigned submits

to the jurisdiction of the United States District Court for the Eastern District of Louisiana in

matters relating to the aforementioned and attached Protective Order and understands that the

terms of the Order obligate him/her to use materials designated as Confidential Information in

accordance with the Order solely for the purposes of the above-captioned action, and not to

disclose any such Confidential Information to any other person, firm or concern.  The

undersigned acknowledges that violation of the Protective Order may result in penalties for

contempt of court.

Name (printed):     _____

Job Title:     _____

Employer:     _____

Business Address:  _____

_____

Date:     _____

Signature:     _____

23