UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW KELSEY MARTINEAU,<br><br>Plaintiff,<br><br>v.<br><br>BUNGIE, INC., a Delaware corporation; DOES 1-10, inclusive,<br><br>Defendants. | CIVIL ACTION NO.   2:24-cv-02387<br><br>JUDGE SUSIE MORGAN<br><br>MAGISTRATE JUDGE<br>MICHAEL B. NORTH |

### PLAINTIFF MATTHEW KELSEY MARTINEAU'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Matthew Kelsey Martineau ("Martineau"), who respectfully submits this memorandum in support of his Motion to Compel Defendant, Bungie, Inc. ("Bungie"), for expedited consideration, to provide full and complete responses to Plaintiff's discovery requests. Bungie's responses frustrate both the letter and the spirit of the Federal Rules of Civil Procedure governing discovery and pretrial preparation. Bungie must now be compelled to respond to all discovery requests without objection and in full compliance with its obligations under the Rules.

I.   INTRODUCTION

Plaintiff Matthew Kelsey Martineau filed a copyright infringement action against Defendant Bungie, Inc., alleging unauthorized copying of his original science fiction literary work in the video game Destiny 2. Martineau's copyrighted work, authored in 2013-2014 and published on WordPress.com, features a unique fantasy world centered around a powerful militaristic alien force called the Red Legion. The Amended Complaint alleges that Destiny 2 directly copied

Martineau's characters, storyline, and protectable expression throughout the game's multiple seasonal campaigns.[1]

Following Martineau's filing, Bungie filed Motions to Dismiss with affidavits claiming portions of the allegedly infringing content was no longer accessible[2]. After denial of Bungie's motion, Judge Morgan directed both parties during a status conference to proceed expeditiously with written discovery due to apparent timing constraints. Despite this judicial directive to proceed expeditiously, Bungie has continued its pattern of obstruction through deficient discovery responses by not providing good faith discovery responses. During discovery, Bungie admitted to unauthorized use of art created by multiple online artists, including an incident as recent as this year, evidencing a continuing pattern of infringement.[3]

On May 21, 2025, Martineau propounded discovery requests. Bungie's June 20, 2025, responses were riddled with boilerplate objections and non-responsive answers.[4] None of their responses identified potential deponents or provided the contact information necessary to serve subpoenas on relevant witnesses, although this information was requested. Bungie's failure to disclose potential witnesses and their contact information represents a critical deficiency in their discovery responses. Additionally, Bungie refused to provide substantive responses regarding the

---

[1] (Rec. Doc. 24).

[2] (Rec. Doc. 30) (To dispose of Plaintiff's claim, Bungie submitted affidavits with their Motion to Dismiss representing to the Court that the infringing work was not accessible. The affidavit of Tyson Green, Bungie's Game Director, states, "Bungie archived the original code that comprised the "Red War" and "Curse of Osiris" campaigns (known as "legacy builds"). However, the "Red War" and "Curse of Osiris" legacy builds can no longer run because their outdated code is incompatible with Destiny 2's underlying operational framework, which has evolved considerably since the "Red War" and "Curse of Osiris" campaigns were retired).

[3] Exhibit A – 09.12.2025 Bungie's Responses to Plaintiff's Request for Admissions (Plaintiff's Second Set of Discovery Requests)

[4] Exhibit B – 06.20.2025 Bungie's Responses to Plaintiff's First Set of Discovery Requests (Bungie failed to provide initial responses to the following requests and deferred responses until a meet and confer conference for Interrogatories Nos: 3, 6, 7, 8, 10, 11, 12, 13, 14, 15, 18, 22, 23; Requests for Production Nos: 4, 5, 9, 10, 14, 15, 17.)

missing portions of the allegedly infringing work, despite the undeniable relevance of this information to the case. These represent a few of several critical deficiencies in their discovery responses.[5]

On September 3, 2025, the parties held a meet and confer conference during which Bungie categorically refused to produce discoverable information, mischaracterized counsel's statements, and failed to engage constructively with explanations provided, demonstrating a lack of good faith in the discovery process.[6] Following unsuccessful meet and confer efforts on September 3, 2025, Bungie amended its responses on September 12, 2025, but failed to cure the fundamental inadequacies.[7] Bungie continues its pattern of obstruction through generalized objections, unilateral scope limitations, and evasive responses. Although Bungie produced video game credits less than two months before the deposition deadline, it provided no contact information for their former employees as requested.

Additionally, Bungie produced tens of thousands of documents without organizing or labelling them to correspond to specific requests, violating the requirement to organize documents by request category.[8] This document dump shifts the burden to Plaintiff right before ordered deadlines. This pattern of stonewalling has deprived Plaintiff of critical information to which he is

---

[5] Exhibit C – 08.11.25 Plaintiff's Counsel's Meet and Confer Letter. (The letter outlines several of the discovery issues discussed in this brief).

[6] Exhibit D – 09.03.2025 Rule 37 Certification; (If Bungie contests this characterization of the September 3, 2025, conference, it should produce any transcript or recording of the proceedings in opposition to this motion.).

[7] Exhibit E – 09.12.2025 Bungie Amended Responses to Plaintiff's First Set of Discovery Requests; (Despite the meet and confer conference, Bungie refused to supplement its responses to Interrogatory Nos. 6, 7, 10, 13, 14, 15, 18, 22, and 23 and Request for Production Nos. 4, 5, 9, 10, 14, 15, and 17, persisting in its reliance on general objections rather than providing substantive, good-faith answers; Further during the conference, statements made by Plaintiff's counsel were mischaracterized and good-faith explanations of issues were disregarded.).

[8] Exhibit F – 08.11.2025 Bungie's Initial Document Production (Bungie has since produced over 100,000 unorganized and unverified documents in apparent violation of Rule 34(b)(2)(E)(i)).

entitled under the Federal Rules of Civil Procedure. This has left him without essential discovery materials as the deposition deadline rapidly approaches, thereby supporting this request for expedited consideration.

II.   **LAW AND ARGUMENT**

   1. **Impermissible Deferral and Evasive Responses**

Bungie's initial responses on June 20, 2025, consistently deferred providing substantive answers by offering to "meet and confer".[9] Due to this delay, Plaintiff did not receive responses to certain requests until September 12, 2025, after the meet and confer conference. Although Bungie initially deferred providing substantive responses and represented that it would engage in good faith meet and confer discussions, when the September 3, 2025, conference occurred, Bungie's outright refused to provide certain discoverable information and continued to rely on boilerplate objections.[10]

   2. **Violation of Discovery Rules**

   A. **Violation of Rule 26(g)**

Even after meeting and conferring, Bungie failed to amend its responses for several of its requests instead of providing immediate, good-faith, answers. This pattern of deferral obstructs discovery and violates the requirement to give direct, complete responses under Rule 26(g). Merely insisting on further meetings does not fulfill Bungie's duty to provide good faith responses; it

---

[9] Exhibit B – 06.20.2025 Bungie's Responses to Plaintiff's First Set of Discovery Requests (Bungie failed to provide initial responses to the following requests and deferred responses until a meet and confer conference for Interrogatories Nos: 3, 6, 7, 8, 10, 11, 12, 13, 14, 15, 18, 22, 23; Requests for Production Nos: 4, 5, 9, 10, 14, 15, 17.).

[10] Exhibit E – 09.12.2025 Bungie Amended Responses to Plaintiff's First Set of Discovery Requests; (Despite the meet and confer conference, Bungie refused to supplement its responses to Interrogatory Nos. 6, 7, 10, 13, 14, 15, 18, 22, and 23 and Request for Production Nos. 4, 5, 9, 10, 14, 15, and 17, persisting in its reliance on general objections rather than providing substantive, good-faith answers; Further during the conference, statements made by Plaintiff's counsel were mischaracterized and good-faith explanations of issues were disregarded.).

causes unnecessary delay. Courts do not require parties to exhaustively catalog every obvious deficiency during meet and confer sessions when the responding party's overall approach is fundamentally non-compliant with the Federal Rules.[11] Moreover, with the deposition deadline of November 10, 2025 rapidly approaching, Plaintiff was forced to file this motion to resolve outstanding discovery issues.[12]

Plaintiff anticipates Defendant will argue that specific discovery deficiencies were not addressed during the September 3, 2025, meet and confer conference. However, during the conference, Bungie categorically refused to produce discoverable information, as detailed throughout this memorandum. Bungie's systematic use of boilerplate objections and evasive responses demonstrates a pattern of obstruction apparent on the face of their discovery responses. Accordingly, Bungie cannot escape its discovery obligations by claiming that particular inadequacies were not explicitly discussed during the conference, especially when those deficiencies form part of a broader pattern of non-compliance.

### B. Violation of Rule 26(b)(1)

Bungie seeks to restrict discovery solely to the "Red War" and "Curse of Osiris" campaigns of *Destiny 2*, claiming information beyond this scope is irrelevant to Martineau's copyright claims. However, discovery should include any nonprivileged matter relevant to any party's claim or

---

[11] *Tijerino v. Spotify USA Inc.*, 2025 WL 1866057 at * 7(E.D. La. July 7, 2025) ("Courts have found technical compliance with Rule 37(a)(1) can be overridden when the circumstances warrant, such as the futility of a conference or the discovery's potential impact on pending deadlines") citing *Robinson v. LA Dock Company, LLC,* 2000 WL 1059860*,* at *2-*3 (E.D. La., Aug. 1, 2000) (Roby, M.J.) (finding that failure to hold an initial conference did not warrant dismissal of the motion where non-movant objected to three specific interrogatories for which a blanket work-product privilege and other vague, boilerplate language had been asserted, and circumstances indicated that a Rule 37 conference would have been futile).

[12] *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC,* 2012 WL 13001456 at *2 (E.D. La. Dec. 28, 2012) ("[I]n circumstances where the discovery may impact pending deadlines, the failure to certify has been sacrificed to achieve pragmatic ends such as 'judicial expediency.'").

defense.[13] Bungie cannot dictate the scope unilaterally or object to requests based on its own interpretation[14]; Plaintiff's Complaint references multiple seasons, and discovery should reflect that.[15] If Bungie disputes the premises in certain interrogatories or requests for production, it must provide specific supporting facts rather than unilateral limitations and unsupported blanket objections. The resisting party bears the burden of showing irrelevance or undue burden.[16] We request the Court compel full responses to Interrogatory Nos. 6, 7, 8, 10, 11, 12, 13, 14, 15, 22, 23, and Requests for Production Nos. 1, 2, 3, 4, 9, 10, 14, 15, 17, rejecting Bungie's attempt to unilaterally limit discovery.

### C. Violation of Rule 26(b)(5)(A)

Bungie's responses to Interrogatory Nos. 18, 19, 22, and 23 and Request for Production Nos. 2, 3, 5, 6, 7, 8, 11 contain objections based on attorney-client privilege and/or work product privilege.[17] However, after reviewing communications between the parties, Plaintiff was unable to locate a privilege log from Bungie, as required by Rule 26(b)(5)(A). Plaintiff believes that Bungie failed to produce a privilege log, which would make these objections mere boilerplate objections that violate Rule 33(b)(4)'s and 34(b)(2)(B)'s requirement for specific, supported objections, and

---

[13] Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case….").

[14] Bungie Objection – "Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint."

[15] (Rec. Doc. 24, ¶69).

[16] Fed. R. Civ. P. 26(b)(B)(2)(B) ("On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.").

[17] Exhibit E – 09.12.2025 Bungie Amended Responses to Plaintiff's First Set of Discovery Requests; (Despite the meet and confer conference, Bungie refused to supplement its responses to Interrogatory Nos. 6, 7, 10, 13, 14, 15, 18, 22, and 23 and Request for Production Nos. 4, 5, 9, 10, 14, 15, and 17, persisting in its reliance on general objections rather than providing substantive, good-faith answers; Further during the conference, statements made by Plaintiff's counsel were mischaracterized and good-faith explanations of issues were disregarded).

constitutes a separate violation of Rule 26(b)(5)(A).[18] If Bungie buried the privilege log among the tens of thousands of documents produced, the Court should compel Bungie to provide it clearly and separately as required by Rule 26(b)(5)(A). Plaintiff asks the Court to compel Bungie to provide a privilege log for all withheld information, as well as a detailed explanation of the basis for each privilege claim.

### D. Violation of Rule 33(b)(4) & 34(b)(2)(B)

Rule 33(b)(4) and 34(b)(2)(B) mandates that objections to interrogatories and production requests must be specific and supported by clear reasons. Bungie's generic claims, such as "overly broad" or "unduly burdensome," are widely considered boilerplate and provide no substantive information to the Court. To object based on undue burden or overbreadth, Bungie must detail how each request is deficient and explain any resulting harm; its repeated failure to provide acceptable objections renders their contentions ineffective.

#### a. Boilerplate Objections

Bungie's discovery responses demonstrate pervasive noncompliance with the Federal Rules of Civil Procedure through systematic reliance on generalized boilerplate objections claiming requests are overbroad, unduly burdensome, oppressive, disproportionate, irrelevant, vague, ambiguous, confusing, or improperly compounding in response to Interrogatories Nos. 6, 7, 8, 10, 11, 13, 14, 15, 16, 17, 18, 22, 23 and Request for Production Nos. 1, 2, 3, 4, 5, 9, 10, 11, 12, 14, 15, 17. The generalized objections, which are mixed with other unfounded objections, are inadequate and tantamount to not making any objection at all because, in certain objections, they

---

[18] *Robinson v. La Dock Co.*, 2000 WL 1059860 at * 3 (E.D. La. Aug. 1, 2000) ("The interrogatories seek only to discover underlying facts relevant to this litigation. The work product doctrine only guards against divulging an attorney's strategies and legal impressions. It does not protect facts, such as those sought by the plaintiff, concerning the mere creation of documents or facts contained within those documents. *See generally Upjohn,* 449 U.S. at 395–96 (work product doctrine does not extend to the underlying facts relevant to this litigation). Accordingly, the Court finds the defendant's work product objection to be unfounded and improperly interposed.").

fail to specify how requests are deficient or how Bungie would be harmed by responding. *See Three Fifty Markets LTD v. M/V Argos M*, 2023 WL 11884764 at * 4 (E.D. La. Nov. 28, 2023).

For example, despite being specifically requested, Bungie's responses failed to furnish the contact information required to issue subpoenas to relevant witnesses, relying on unsubstantiated objections for Interrogatories Nos. 6, 7, and 8.[19] Bungie only provided the locations of certain witnesses after Plaintiff repeatedly threatened motion practice as a final opportunity to resolve the matter, and even then, Bungie has still failed to disclose the locations and contact information for other witnesses it has identified.[20] Additionally, Bungie asserted unfounded privilege objections in response to Plaintiff's Interrogatories Nos. 18, 19, 22, 23, and Request for Production Nos. 5, 6, and 8.

### b. "Discovery About Discovery" or Public Information Objections

Bungie objects to certain requests claiming the information is Publicly Available or Equally Accessible to Martineau, or that requests seek "Discovery About Discovery" in response to Interrogatories Nos. 9, 13, 14, 15, and Requests for Production Nos. 14, 15, and 17. Regarding the publicly available information objection in responses to Interrogatories 7, 8, 10, 11, and Requests for Production Nos. 9, 11, 12, 17, Bungie's objections must be overruled. Martineau is entitled to specific, investigated answers from Bungie, confirmed under oath. For example, the contact information for the witnesses identified is not public information. Bungie is required to

---

[19] Plaintiff maintains that he is entitled to specific answers to specific questions with adequate detail as opposed to general listing of the credits to the game. The credits may be a resource for them to answer but cannot intended to be a discovery response. Bungie is required to investigate the requested information and provide a response. *Robinson v. La Dock Co.*, 2000 WL 1059860 *1-3 (E.D. La. Aug. 1, 2000) ("Rule 26 expressly provides that within the proper scope of discovery is "the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of *persons* having knowledge of any discoverable matter." *See* Fed. R. Civ. Proc. 26(b)(1)…While the Court finds that the plaintiff's motion does not technically comply with Local Rule 37.1, the defendant has represented that a Rule 37.1 conference would have been futile. Thus, because the Court finds the defendant's responses to be evasive….").

[20] Exhibit G – 10.21.2025 Plaintiff's Counsel Email; Exhibit H – 10.23.2025 Plaintiff's Counsel's Letter.

investigate the requested information and provide a direct response. This information is highly relevant to Martineau's claims and the works at issue, so the objections must be rejected.

### E. Violation of Rule 33(d)

Bungie's invocation of Rule 33(d) in responses to Interrogatory Nos. 16, 17, 19, and 20 does not excuse its obligation to specifically identify the responsive documents among the hundreds of thousands produced, rather than relying on general objections to evade providing substantive answers. Additionally, Interrogatory No. 9 specifically requested identification of documents that previously existed but are no longer in Bungie's possession. Instead of addressing these missing documents, Bungie provided an evasive response stating only that they would produce documents currently in their possession.

### F. Violation of Rule 34(b)(2)(B)

Rule 34(b)(2)(B) requires disclosure of whether any responsive materials are withheld due to objections within their written response. Bungie's practice of using boilerplate objections without clarification is misleading and leaves Plaintiff uncertain about the completeness of responses, which courts have condemned. Bungie has also failed to indicate if materials for Requests for Production No. 1, 2, 3, 9, 10, 11, 14, 15, 17 are being withheld.

### G. Violation of Rule 34(b)(2)(E)(i)

Under Federal Rule of Civil Procedure 34(b)(2)(E)(i), a producing party has two mutually exclusive options for organizing document productions: (1) produce documents as they are kept in the usual course of business, or (2) organize and label them to correspond to the categories in the request. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018). If a party elects to produce documents as they are kept in the usual course of business, it bears the burden of presenting competent evidence demonstrating that it has done so—merely representing to the court

and requesting party that documents have been produced as maintained is insufficient. *Id.* If the producing party cannot carry this burden of proof, it must alternatively organize and label the document production to correspond to each specific request category. *Id.*

Bungie failed to comply with either option under Rule 34(b)(2)(E)(i) for *all* their responses to the Plaintiff's Requests for Production of documents.[21] Their verification does not establish that their responses to Plaintiff's Requests for Production conformed to how Bungie kept these files in their regular course of business.[22] Further, Bungie produced tens of thousands of unorganized documents in violation of Rule 34(b)(2)(E)(i), improperly shifting the organizational burden to Plaintiff just before critical deadlines rather than organizing and labeling them to correspond with specific request categories as required by the rule.[23] Bungie should be compelled to comply with Federal Rule of Civil Procedure 34(b)(2)(E)(i) by organizing and labeling the requests to correspond with Plaintiff's request.[24]

### H. Enumeration of Requests to Compel

Bungie's pattern of generalized objections and evasion has required Martineau to expend time and resources on motion practice, rather than focusing on the merits of this copyright infringement claim. The Federal Rules of Civil Procedure demand comprehensive, good-faith

---

[21] Exhibit E – 09.12.2025 Bungie Amended Responses to Plaintiff's First Set of Discovery Requests;

[22] Exhibit E – 09.12.2025 Bungie Amended Responses to Plaintiff's First Set of Discovery Requests;

[23] Exhibit F – 08.11.2025 Bungie's Initial Document Production (Bungie has since produced over 100,000 unorganized and unverified documents in apparent violation of Rule 34(b)(2)(E)(i)).

[24] *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235 (N.D. Tex. 2016) ("[Rule 34(b)(2)(E)(i)'s] production log requirement was added to the Federal Rules of Civil Procedure to prevent part[ies] from obscuring the significance of documents by giving some structure to the production. It forbids "dump truck" discovery tactics, where a party delivers voluminous and poorly organized documents to his adversary, who is forced to rummage through piles of paper in search of what is relevant. To comply with the rule, a party must rationally organize[ ] its productions, so that the requesting party may readily identify documents, including ESI, that are responsive to [the] production requests.").

responses to discovery.[25] Plaintiff asks this Honorable Court to compel Bungie to provide full and complete answers to the following specific requests within seven (7) days of the entry of the Court's Order:

**INTERROGATORY NOS. 6, 7, 8, & 10:**

6 - Identify all individuals who, whether or not under the direction of Joseph Staten and Christopher Barrett, were involved in the writing and development of Destiny 2 from its inception until the point when the original version was scrapped, including all stages of its initial creation, production, and updates. For each individual identified, please provide their last known phone numbers, mailing addresses, and email addresses, if known.

7 - Identify any individuals who, whether or not under the direction of Luke Smith, Christopher Barrett and/or Ryan Ellis, were involved in the writing and development of Destiny 2 after the original version of the game was scrapped, including all stages of re-development, production, and updates. For each individual identified, please provide their last known phone numbers, mailing addresses, and email addresses, if known.

8 - Identify any individuals who were involved in the writing and development of Destiny 2 from its inception to its current playable configuration, including all stages of its creation, production, and updates. For each individual identified, please provide their last known phone numbers, mailing addresses, and email addresses, if known.

10 - Please describe in detail the creative process for each of the seasons of Destiny 2, including the identity(ies) of the person(s) who conceived of each season, the date(s) of conception, the creator or writer of each season and the date(s) of creation.

To provide context for the discovery requests, it is important to note that Joseph Staten, Christopher Barrett, Luke Smith, and Ryan Ellis served as key leaders at Bungie throughout the initial creation and development of Destiny 2. These individuals held roles as lead writers, developers, and managers, guiding the project through its foundational stages and overseeing critical aspects of the game's production. Plaintiff sent Interrogatories 6, 7, 8, and 10 on May 21, 2025, and has still not received substantive responses to these requests.

In amended response to Interrogatory Nos. 8 and 10, Bungie has merely referred to publicly available sources such as the video game credits, which do not include the requested contact

---

[25] *Three Fifty Markets LTD v. M/V Argos M*, 2023 WL 11884764 at * 4 (E.D. La. Nov. 28, 2023).

information for the individuals involved with Destiny 2's writing and development or describe which seasons they worked on. Instead, the responses points generally to the video game credits, which was only for Season 1 of Destiny 2 and does not provide a description of the creative process described in Interrogatory No. 10.[26] Without proper identification and the requested contact information, Plaintiff is severely limited in his ability to subpoena former employees who were involved in writing and developing the game but are no longer with the company. Bungie did not amend its responses to Interrogatories Nos. 6 and 7 and unequivocally refused to respond.[27]

Bungie must disclose individuals involved in the writing and development of Destiny 2 and their contact information, including those not listed in the credits. Determining whether Bungie independently created the works at issue is central to this copyright infringement claim, and full transparency about every contributor is essential. Instead, Bungie refused to provide responsive information until less than two months before the deposition deadline, and even then, the information provided was inadequate because requested contact information was omitted.

**INTERROGATORY NOS. 9, 11, 13, 14 & 15**:

9 - Identify any documents responsive to these discovery requests that are known to have existed but are no longer in your possession, custody, or control. For each such document: (a) provide a description of its contents; (b) state when it was last in your possession, custody, or control; (c) explain the circumstances under which it was disposed of, destroyed, lost, or otherwise became unavailable; and (d) identify its current location and custodian, if known.

11 - For the seasons of Destiny 2 that have been vaulted, please state when, why, and how each season was vaulted, explaining the decision-making process behind vaulting of each such

---

[26] Exhibit A – 09.12.2025 Bungie's Responses to Plaintiff's Request for Admissions (Plaintiff's Second Set of Discovery Requests); (Bungie has been accused of, and even admitted to, unauthorized use of third-party online artwork. This necessitates disclosure of its creative processes and copyright compliance procedures to determine whether similar practices affected Plaintiff's work.).

[27] *Robinson v. La Dock Co.*, 2000 WL 1059860 *1-3 (E.D. La. Aug. 1, 2000) ("Rule 26 expressly provides that within the proper scope of discovery is "the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of *persons* having knowledge of any discoverable matter." *See* Fed. R. Civ. Proc. 26(b)(1)…While the Court finds that the plaintiff's motion does not technically comply with Local Rule 37.1, the defendant has represented that a Rule 37.1 conference would have been futile. Thus, because the Court finds the defendant's responses to be evasive….").

season of Destiny 2.

       13 - Describe in detail the reasons for the alleged incompatibility of the original code of Destiny 2 with Destiny 2's current operational framework(s), including any technical or design changes in the operational framework(s) that contributed to this alleged incompatibility.

       14 - Describe the current operational framework of Destiny 2 including how it allegedly differs from the previous operational framework(s) of Destiny 2.

       15 - Identify all individuals involved in the development of both the original and current operational frameworks of Destiny 2.

Bungie claims the disputed work couldn't be accessed from the Destiny Content Vault due to code incompatibility.[28] Yet, in response to Interrogatory Nos. 11 and 12, Bungie included a link to its website explaining the Destiny Content Vault. It states that "content that goes into the Destiny Content Vault may return in the future," and further states that some Destiny 1 content has been recycled and used in Destiny 2.[29] Despite this, Bungie maintains the content is incompatible with Destiny 2's current framework. Plaintiff seeks to exhaust discovery remedies before pursuing potential relief under Rule 37.[30] Plaintiff also asked for identification of information that was once in Bungie's possession and is no longer, but Bungie unequivocally refused to respond.[31]

In a copyright infringement claim, complete works must be reviewed and compared side-

---

[28] (Rec. Doc. 30) (To dispose of Plaintiff's claim, Bungie submitted affidavits with their Motion to Dismiss representing to the Court that the infringing work was not accessible. The affidavit of Tyson Green, Bungie's Game Director, states, "Bungie archived the original code that comprised the "Red War" and "Curse of Osiris" campaigns (known as "legacy builds"). However, the "Red War" and "Curse of Osiris" legacy builds can no longer run because their outdated code is incompatible with Destiny 2's underlying operational framework, which has evolved considerably since the "Red War" and "Curse of Osiris" campaigns were retired.

[29] https://www.bungie.net/7/en/News/article/49189 ("Content that goes into the Destiny Content Vault may return in the future, altered (if necessary) to fit the new state of the universe. Furthermore, we consider all Destiny 1 and 2 destinations and activities part of the new DCV and we're going to be pulling from that archive – revisiting some of the most interesting places in Destiny's history – from now onwards. It's why the original Destiny 1 Raid – the Vault of Glass – will be returning to Destiny 2 in Year 4.").

[30] See *BHI Energy I Power Servs. LLC v. KVP Holdings, LLC*, 730 F. Supp. 3d 308 (N.D. Tex. 2024) (Rule 37(e) provides two remedies for missing ESI: (1) severe sanctions under subsection (2) when a party intentionally deprives another of information's use in litigation, and (2) lesser sanctions under subsection (1) limited to measures necessary to cure prejudice when loss occurs without intent to deprive.)

[31] Exhibit E – 09.12.2025 Bungie Amended Responses to Plaintiff's First Set of Discovery Requests;

by-side. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) ("Key evidence in the litigation, then, will be the certificate, the original work, and *the allegedly infringing work*."); *Peel & Co. v. The Rug Mkt.,* 238 F.3d 391, 395 (5th Cir. 2001) ("To determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'").

Interrogatories Nos. 11, 13, 14, and 15 inquired into Bungie's claims that the allegedly infringing Destiny 2 content is inaccessible due to technical limitations. These requests seek to determine whether disputed content can actually be reproduced and, if not, the specific reasons why. Interrogatory No. 11 targets the vaulting process—when, why, and how each season was removed. Interrogatories Nos. 13 and 14 probe the alleged code incompatibility between Destiny 2's original and current operational frameworks.

Interrogatory No. 15 identifies individuals involved in developing both frameworks. These interrogatories are essential to determining the true availability of allegedly infringing content, which is important to the copyright infringement analysis. In the meet and confer conference, Bungie maintained that the information requested regarding vaulting would not be produced. In the meet and confer conference, Bungie categorically refused to produce any information regarding the vaulting process despite its clear relevance to the case and despite indicating in their initial responses that they would "meet and confer to discuss the scope and relevance of these Interrogatories."

Bungie's answers to these Interrogatories are unclear and lack transparency. This lack of clarity and refusal to address the specific questions posed undermines the discovery process and leaves critical issues unresolved. An explanation is needed to assess if the vaulted parts of Destiny 2 can be accessed and used as evidence in this case. Bungie's non-responsive answers must be

compelled, especially considering the contradictions between their sworn testimony and public statements that require explanation.

**INTERROGATORY NOS. 16, 17, & 20:**

16 - Regarding sentence number 14 in the second affirmative defense in Bungie's Answer, please: (a) state all facts supporting this defense; (b) identify all persons with knowledge of these facts and the substance of their knowledge; (c) identify all documents supporting this defense; and (d) state the legal basis for this defense, including any statutory or case law relied upon.

17 - Regarding sentence numbers 36-37 in the second affirmative defense in Bungie's Answer, please: (a) state all facts supporting this defense; (b) identify all persons with knowledge of these facts and the substance of their knowledge; (c) identify all documents supporting this defense; and (d) state the legal basis for this defense, including any statutory or case law relied upon.

20 - For each social media account operated by or on behalf of Bungie, Inc. concerning Destiny and/or Destiny 2, please identify: (a) the platform name; (b) the account name, handle, and URL; (c) the date of creation; (d) the business purpose of the account; and (e) the job titles or roles of individuals responsible for managing these accounts during the relevant time period.

**REQUEST FOR PRODUCTION NO. 11**:

11 - Provide documents related to your right to use any elements of Martineau's works that are alleged to be infringed upon by Destiny 2.

Bungie has invoked Fed. R. Civ. P. 33(d) in response to Interrogatories 16, 17, and 20 which allows a party to answer interrogatories by referencing business records if the burden of deriving the answer is substantially the same for both parties.[32] However, Rule 33(d) requires the responding party to specifically identify the documents that are responsive, detailing them with enough precision so the requesting party can locate and review them as easily as the responding party.[33] In this case, Bungie failed to comply with Rule 33(d) because it did not specify which documents – in the tens of thousands produced – contain the information sought by Interrogatories

---

[32] Exhibit E – 09.12.2025 Bungie Amended Responses to Plaintiff's First Set of Discovery Requests;

[33] Fed. R. Civ. P. 33(d).

16 and 17, leaving its response deficient under the rule.[34]

Additionally, in response to Request for Production No. 11, Bungie states that "[it] will produce non-privileged documents sufficient to show independent creation of the 'Red War' and 'Curse of Osiris' campaigns in *Destiny 2*." Bungie has not specifically identified any documents in response to Interrogatory No. 17 in accordance with Rule 33(d), which requested information related to the facts listed as sentences 36 and 37 in Bungie's affirmative defense.

Bungie claims that "Destiny 2"—specifically the 'Red War' and 'Curse of Osiris' campaigns—was created independently, without reference to Martineau's work. Our Interrogatory requested supporting details for this defense. However, evidence from Requests for Admission shows Bungie has copied artwork from other online artists, potentially serving as admissible circumstantial evidence that Bungie copied Plaintiff's work. See *Lowe's of Roanoke, Inc. v. Jefferson Standard Life Ins. Co.*, 219 F.Supp. 181. (Expansive discovery rules must be implemented to foster complete transparency, avoiding unforeseen developments while functioning as an essential mechanism for identifying and unmasking spurious, misleading, and meritless claims and defensive positions.).

Bungie failed to comply with Fed. R. Civ. P. 33(d) because it did not point to specific documents among thousands produced, as required. Rule 33(d) obligates parties to precisely identify relevant documents. Since Bungie has not provided this identification, the Court should order Bungie to specify all documents relied upon for its affirmative defense.

**INTERROGATORY NOS. 18, 19, 22 & 23:**

18 - Describe all internal reviews or evaluations conducted by or on behalf of Bungie regarding the potential infringement of Plaintiff's work.

---

[34] Exhibit F – 08.11.2025 Bungie's Initial Document Production (Bungie has since produced over 100,000 unorganized and unverified documents in apparent violation of Rule 34(b)(2)(E)(i)).

  19 - Explain the process Bungie uses to ensure that its video games do not infringe on the copyrights of third parties, including any policies, procedures, or training implemented to prevent such infringement.

  22 - List and describe all measures taken by Bungie to verify the originality of the content within Destiny 2 and to ensure compliance with copyright laws before and after the release of the Destiny 2 game.

  23 - Identify any instances where Bungie has received notifications or claims of copyright infringement regarding Destiny 2 and describe how each was addressed or resolved.

  Bungie's responses to Interrogatories Nos. 18, 19, 22, and 23 are deficient and must be compelled. These requests seek critical information about Bungie's copyright compliance processes and prior infringement claims—directly relevant to establishing knowledge, access, and pattern evidence.

  Interrogatory No. 18 sought details about internal reviews regarding potential infringement. Bungie provided no substantive information, relying solely on general objections despite admitting to multiple instances of unauthorized artwork copying. Interrogatory No. 19 requested Bungie's processes to prevent copyright infringement. Bungie's Rule 33(d) reference is inadequate because it failed to specifically identify responsive documents among tens of thousands produced. Interrogatories Nos. 22 and 23 requested originality verification measures and prior copyright infringement claims. Bungie offered only to "meet and confer" rather than providing substantive responses, and failed to supplement after the September 3 conference.

  Plaintiff is entitled to this information because Bungie admitted to unauthorized copying in four separate instances, establishing a pattern of incorporating third-party online artwork without permission that supports Plaintiff's access and copying allegations.[35] Only Bungie

---

[35] Exhibit A – 09.12.2025 Bungie's Responses to Plaintiff's Request for Admissions (Plaintiff's Second Set of Discovery Requests); (Bungie has been accused of, and even admitted to, unauthorized use of third-party online artwork. This necessitates disclosure of its creative processes and copyright compliance procedures to determine whether similar practices affected Plaintiff's work.).

possesses complete records of its copyright compliance processes and prior infringement claims.

Bungie's admitted instances include: (1) using fan art in 2021 Witch Queen Destiny 2 trailer without permission; (2) using artist's work as reference in 2023 Season of the Deep Destiny 2 cutscene without permission; (3) incorporating artist's design elements in NERF blaster without permission; and (4) including graphic design elements in Marathon game environments without permission.[36] This pattern of unauthorized incorporation across multiple projects provides essential circumstantial evidence supporting the discoverability of the information requested in Interrogatories Nos. 18, 19, 22, and 23.

**REQUEST FOR PRODUCTION NOS. 1, 2, & 3:**

1 - Produce all documentation reflecting monthly sales and revenue data in dollars, for Destiny 2 for the years 2017 through the present.

2 - Produce detailed annual profit / loss statements or similar documentation for Bungie, Inc., for the years 2017 through the present, specifying costs of goods and/or services sold in connection with Destiny 2.

3 - Produce all documentation identifying what Bungie, Inc. believes to be costs of goods and/or services sold, including, but not limited to, materials, direct labor, and overhead components, for Destiny 2 for the years 2017 through the present.

Bungie's unilateral attempt to restrict financial discovery to only the "Red War" and "Curse of Osiris" campaigns is legally improper and unsupported. Discovery in copyright cases is broad, encompassing any nonprivileged matter relevant to any party's claim or defense. The plaintiff is entitled to financial data for the entire Destiny 2 game because the Complaint alleges infringement by the complete work.[37] Bungie cannot dictate the scope of discovery based solely on its own

---

[36] Exhibit A – 09.12.2025 Bungie's Responses to Plaintiff's Request for Admissions (Plaintiff's Second Set of Discovery Requests); (Bungie has been accused of, and even admitted to, unauthorized use of third-party online artwork. This necessitates disclosure of its creative processes and copyright compliance procedures to determine whether similar practices affected Plaintiff's work.).

[37] (Rec. Doc. 24, ¶69); Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case….")

views; its generalized objections—claiming requests are overbroad, burdensome, or irrelevant—do not meet the required specificity under Federal Rules of Civil Procedure 33 and 34. Bungie has failed to show why producing full financial records is unduly burdensome, and limiting discovery would improperly constrain the damages analysis and the plaintiff's ability to pursue claims.[38]

The financial performance of the Destiny 2 franchise is central to calculating damages and assessing the scope of alleged infringement. Despite the Supreme Court's recent decision in *Warner Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1441 (2024), Bungie continues to refuse production of discoverable documents to which Plaintiff is legally entitled under the Federal Rules of Civil Procedure.[39]

### III. CONCLUSION

Although Plaintiff did not copy every single discovery request that elicited an inadequate response from Bungie, Plaintiff re-asserts the arguments for each inadequate request enumerated throughout this brief. Bungie's systematic pattern of evasion through boilerplate objections, unilateral scope limitations, and failure to comply with the Federal Rules of Civil Procedure has frustrated the discovery process and denied Plaintiff access to information critical to this copyright infringement suit. With the deposition deadline rapidly approaching, Plaintiff respectfully urges this Honorable Court to compel Bungie to provide full, complete, and rule-compliant responses to all outstanding discovery requests within seven days of the Court's Order.

---

[38] Fed. R. Civ. P. 26(b).

[39] *Warner Chappell Music, Inc. v. Nealy*, 144 S. Ct. 1135, 1140 (2024). (The Supreme Court held that a plaintiff with a timely infringement claim under the discovery rule is entitled to damages regardless of when the infringement occurred, rejecting the notion of a separate three-year damages bar.)

Respectfully submitted:

_s/Stephen R. Barry_
STEPHEN R. BARRY (La. Bar Roll No. 21465)
BARRY ROME & SCOTT
A Professional Law Corporation
612 Gravier Street
New Orleans, Louisiana 70130
Tel: (504) 525-5553
Email: sbarry@barryrome.com

AND

Ted M. Anthony (La. Bar Roll No. 21446)  (T.A.)
BABINEAUX, POCHÉ, ANTHONY
& SLAVICH, L.L.C.
P. O. Box 52169
Lafayette, LA  70505-2169
Telephone:  (337) 984-2505
Facsimile:  (337) 984-2503
Email:  tanthony@bpasfirm.com

ATTORNEYS FOR  PLAINTIFF