# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MATTHEW KELSEY MARTINEAU,

Plaintiff,

v.

BUNGIE, INC., a Delaware
corporation; DOES 1-10, inclusive,

Defendants.

CIVIL ACTION NO.   2:24-cv-02387

JUDGE: Susie Morgan

MAG. JUDGE: Michael B. North

## DEFENDANT BUNGIE, INC.'S RESPONSES AND OBJECTIONS TO MARTINEAU'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST SET OF REQUESTS FOR ADMISSION

To:     **MATTHEW KELSEY MARTINEAU**
        Through his attorneys of record:

        Ted M. Anthony, LA #21446 (T.A.)
        BABINEAUX, POCHÉ, ANTHONY
        & SLAVICH, L.L.C.
        P. O. Box 52169
        Lafayette, Louisiana 70505-2169
        Email: tanthony@bpasfirm.com

        AND

        Stephen R. Barry, LA #21465
        BARRY ROME & SCOTT
        612 Gravier Street
        New Orleans, Louisiana 70130
        Email: sbarry@barryrome.com


        Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant

Bungie, Inc. ("Bungie"), by and through its undersigned counsel, provides the following

EXHIBIT A

objections and responses ("Responses") to Plaintiff Matthew Kelsey Martineau's ("Martineau")

Second Set of Interrogatories and Requests for Production of Documents ("Interrogatories" and

"RFPs," respectively) and to Martineau's First Set of Requests for Admission ("RFAs"), as

follows:

## INTRODUCTORY STATEMENT

These Responses represent Bungie's good faith and reasonable effort to respond to

Martineau's Interrogatories, RFPs, and RFAs based on information and documents available at

this time.  Bungie's investigation of this matter is ongoing, and Bungie reserves the right to

amend, supplement, correct, or clarify the Responses in accordance with the Federal Rules of

Civil Procedure and the Local Rules of the United States District Court for the Eastern District

of Louisiana.  Any statement that Bungie will produce documents in response to a Request "to

the extent that they exist" does not necessarily mean that responsive documents exist, but instead

that Bungie will produce documents within its possession, custody, or control if such documents

are located after a reasonable search.  Once the search is completed, Bungie may revise or

supplement its requests to indicate whether any documents responsive to a given Request exist.

The production of any information or documents in response to the Interrogatories,

RFPs, and RFAs is made solely for the purposes of this action.  In providing these Responses,

Bungie does not concede the relevancy, materiality, competency, or admissibility of any

information or documents provided, and does not waive any objections with respect to the

relevancy, materiality, competency, or admissibility of such information or documents or any

portion thereof.  Due to the passage of time and Bungie's transitions between different corporate

collaborative software platforms in the normal course of its business, Bungie generally notes

that it may no longer possess certain responsive documents.  Bungie is not withholding any

documents based on this statement.

## BUNGIE'S OBJECTIONS APPLICABLE TO ALL RESPONSES AND OBJECTIONS TO INTRODUCTION, DEFINITIONS, AND INSTRUCTIONS

1.  Bungie objects to Martineau's Interrogatories, RFPs, and RFAs as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent that they seek information or documents pertaining to Bungie's business activity outside of the United States.

2.  Bungie objects to Martineau's Interrogatories, RFPs, and RFAs as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent their scope is not temporally limited.  Because Martineau has not provided a relevant time period, unless indicated otherwise in Bungie's Responses, Bungie will construe the relevant time period for each Request as February 21, 2013 through November 10, 2020.

3.  To the extent that Martineau's Interrogatories, RFPs, and RFAs seek the disclosure of confidential, proprietary, trade secret, and/or competitively sensitive information, documents, ESI, or other materials, Bungie provides such non-privileged materials pursuant to the two-tiered Protective Order entered in this action (ECF No. 38).

4.  Bungie generally objects to Martineau's Interrogatories, RFPs, and RFAs as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent that their substantive scope is not limited to information and documents relevant to Martineau's allegations of copyright infringement.  Bungie will not produce information or documents relating to any non-party's allegations of copyright infringement and/or plagiarism, as such allegations are irrelevant to the parties' instant claims and defenses.

5.  Bungie generally objects to Martineau's Interrogatories, RFPs, and RFAs as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible

discovery, to the extent that their substantive scope is not limited to information and documents relevant to Martineau's allegations of copyright infringement regarding the "Red War" and "Curse of Osiris" campaigns of *Destiny 2*. Bungie will not produce information or documents relevant to any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns, as such campaigns are irrelevant to the parties' claims and defenses.

6. Bungie objects to Martineau's definition of "you" and "your" as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent this definition includes persons or entities other than Bungie or over which Bungie does not exercise control. Unless explicitly stated otherwise in any specific Responses, Bungie will treat all references to "you" and "your" as referring to Defendant Bungie Inc.

7. Bungie objects to Martineau's definition of "Mal E's Xivu Arath art," or any variation thereof, to the extent that it is premised on and contains a factually inaccurate narrative and characterization of underlying facts.

8. Bungie objects to Martineau's definitions of "Julian Faylona's (ELEMENTJ21) artwork" and "Julian Faylona's artwork," or any variations thereof, to the extent that they are premised on and contain a factually inaccurate narrative and characterization of underlying facts.

9. Bungie objects to Martineau's definition of "Tofu_Rabbit's Ace of Spades Art," or any variation thereof, to the extent that it is premised on and contains a factually inaccurate narrative and characterization of underlying facts.

10. Bungie objects to Martineau's definition of "ANTIREAL's Artwork in Marathon (2025)," or any variation thereof, to the extent that it is premised on and contains a factually inaccurate narrative and characterization of underlying facts.

11. Bungie objects to Martineau's definitions of "internal review" or "reviews" or "evaluations," or any variations thereof, to the extent that they are premised on and contain a factually inaccurate narrative and characterization of underlying facts.

12. Bungie objects to Martineau's definition of "external vendor" to the extent that it is premised on and contains a factually inaccurate narrative and characterization of underlying facts.

13. Bungie objects to Martineau's various definitions of "identify," "identification," "name," or "describe" as overly broad and unduly burdensome, to the extent that they require additional disclosures not required under the Federal Rules of Civil Procedure or this Court's jurisprudence, to the extent that their use by Martineau functionally turns each Request into an improper compound Request, or to the extent that they function as additional Interrogatories served upon Bungie.

14. Bungie objects to Martineau's definition of "file" and "files" as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent that this definition includes files kept or maintained by any persons or entities other than Bungie or over which Bungie does not exercise control.

15. Unless otherwise stated in Bungie's specific Responses below to Martineau's RFPs, Bungie will electronically produce responsive, non-privileged documents on a rolling basis, and its production will begin no more than 30 days after the entry of a two-tiered Protective Order.

16. Bungie objects to Martineau's Instruction A as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent this instruction seeks knowledge or information currently in the possession, custody, or control of persons or entities other than Bungie as an entity.

17. Bungie objects to Martineau's Instruction B to the extent it requires Bungie to explain "why" Bungie may not have certain information in its possession and thereby functions as an additional Interrogatory served upon Bungie by Martineau.  Therefore, each time enforced, Instruction B shall subtract an additional Interrogatory from Martineau's total number of allowed Interrogatories under Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1.  Additionally, Bungie objects to Martineau's Instruction B as vague, confusing, and improper insofar as it requires Bungie to speculate to provide a "best estimate" about matters to which Bungie has already responded that it lacks certain information.

18. Bungie objects to Martineau's Instruction C as imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery.  While Bungie has no knowledge that any documents were destroyed after litigation was reasonably anticipated, Bungie is not aware of any obligation to disclose the information listed in Instruction C.

19. Bungie objects to Martineau's Instructions D & E to the extent that they seek to impose a burden in excess of what is required of Bungie under Rule 26(b)(5) of the Federal Rules of Civil Procedure.  Bungie will withhold potentially responsive documents on the basis of privilege but will identify those documents pursuant to Rule 26(b)(5) on a privilege log after its substantial completion of its document production.  Bungie will not log communications with its outside counsel following the initiation of the lawsuit, which would create undue burden.  Bungie is willing for this limitation to be reciprocal.

20. Bungie objects to Martineau's Instructions H, I, and J to the extent that they require Bungie to respond and object to Martineau's Requests more broadly than Bungie is obligated to do so under Rule 34(b)(2)(B)-(C) of the Federal Rules of Civil Procedure.  Bungie's Responses and objections will comply with Fed. R. Civ. P. 34(b)(2)(B)-(C).

## BUNGIE'S SPECIFIC RESPONSES & OBJECTIONS TO MARTINEAU'S INTERROGATORIES

**INTERROGATORY NO. 24:**

Identify all individuals involved in the process of selecting, creating, reviewing, and approving the visual assets for the Destiny 2: The Witch Queen trailer released in 2021, specifically those assets incorporating the image of Xivu Arath, and describe their knowledge regarding the origin of that specific Xivu Arath image. For each individual identified, please provide their last known phone numbers, mailing addresses, and email addresses, if known.

**RESPONSE TO INTERROGATORY NO. 24:**

Bungie objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and as requesting information disproportionate to the needs of this case because it seeks information relating to the trailer for the *Destiny 2* expansion "The Witch Queen." Martineau's Amended Complaint makes no allegations concerning Xivu Arath, images of Xivu Arath, or "The Witch Queen" expansion trailer. *See generally* ECF No. 24. Information concerning Xivu Arath, images of Xivu Arath and/or the trailer for "The Witch Queen" *Destiny 2* expansion is therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns of *Destiny 2* infringe Martineau's asserted work. *See Action Ink, Inc. v. Anheuser-Busch, Inc.*, 2012 WL 6673125, at *1 (E.D. La. Dec. 20, 2012) (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer Corp. v. Ergonome Inc.*, 2001 WL 34104827, at *1 (S.D. Tex. June 27, 2001) (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann v. Zoetop Business Co., Ltd.*, 2023 WL 4291848, at *6 (C.D. Cal. Apr. 25, 2023) (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the

needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks Ink, LLC v. MGA Ent., Inc.*, 2005 WL 8160189, at *5-6 (S.D. Cal. Dec. 27, 2005) (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").

Bungie further objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least three interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least two distinct types of information: (1) the identity of each and every person involved in incorporating a visual asset and (2) the substance of the knowledge possessed by all such persons identified.

Bungie additionally objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because it requests that Bungie, without limitation, "[i]dentify *all individuals* involved…" (emphasis added), regardless of the degree of their involvement, the relevance of their involvement or knowledge to the parties' claims and defenses, or whether their knowledge is unique as compared to other persons. Bungie further objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks information beyond the relevant time period of February 21, 2013 through November 10, 2020.

In light of the foregoing objections, Bungie will not respond to this Interrogatory. Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

**INTERROGATORY NO. 25:**

Identify any individuals involved in the creation or inclusion of artwork in Marathon's in-game environments and promotional materials that incorporated or was derived from ANTIREAL's original artwork and logo from 2017, including their roles and dates of employment with Bungie.

**RESPONSE TO INTERROGATORY NO. 25:**

Bungie objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and as requesting information disproportionate to the needs of this case because it seeks information relating to the in-game environments and promotional materials of the game *Marathon* (which is entirely unrelated to the *Destiny* franchise). Martineau's Amended Complaint makes no allegations concerning *Marathon* or its promotional materials. *See generally* ECF No. 24. Information concerning *Marathon* and its promotional materials is therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns of *Destiny 2* infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definition of the

phrase "ANTIREAL's original artwork and logo from 2017."

Bungie further objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because it requests that Bungie, without limitation, "[i]dentify *any individuals* involved…" (emphasis added), regardless of the degree of their involvement, the relevance of their involvement to the parties' claims and defenses, or whether their knowledge is unique as compared to other persons.   Bungie further objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks information beyond the relevant time period of February 21, 2013 through November 10, 2020.

In light of the foregoing objections, Bungie will not respond to this Interrogatory.  Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

## BUNGIE'S SPECIFIC RESPONSES & OBJECTIONS TO MARTINEAU'S REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 18:**

Produce all reports, findings, and documentation from the "thorough review of our in-game assets, specifically those done by the former Bungie artist" that Bungie is conducting or has conducted regarding the Marathon art theft controversy, including documents detailing the scope and methodology of this review, status reports or updates on the review's progress, any findings or conclusions reached as a result of this review, and documentation of any actions taken or remediation plans implemented based on the review's findings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to the game *Marathon*, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise. Martineau's Amended Complaint makes no allegations concerning *Marathon* or its promotional materials. *See generally* ECF No. 24. Documents relating to *Marathon* are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns of *Destiny 2* infringe Martineau's asserted work. *See Action Ink, Inc. v. Anheuser-Busch, Inc.*, 2012 WL 6673125, at *1 (E.D. La. Dec. 20, 2012) (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer Corp. v. Ergonome Inc.*, 2001 WL 34104827, at *1 (S.D. Tex. June 27, 2001) (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann v. Zoetop Business Co., Ltd.*, 2023 WL 4291848, at *6 (C.D. Cal. Apr. 25, 2023) (finding discovery seeking

-11-

documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks Ink, LLC v. MGA Ent., Inc.*, 2005 WL 8160189, at \*5-6 (S.D. Cal. Dec. 27, 2005) (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definition of the phrase "review."

Bungie further objects to this Request to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie also objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP No. 5. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* reports, findings, and documentation" (emphasis added) regardless of their relevance to the parties' claims and defenses and/or whether the requested documents or information is publicly available. Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all written, recorded, or electronically transmitted or stored communications (including emails, chat logs, meeting minutes, or social media direct messages) between Bungie and Mal E (@relay314) concerning the alleged use of Mal E's Xivu Arath art in the Destiny 2: The

Witch Queen trailer in 2021, and any related internal communications discussing this incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to the trailer for "The Witch Queen" *Destiny 2* expansion, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns.  Martineau's Amended Complaint makes no allegations concerning "The Witch Queen" expansion trailer.  *See generally* ECF No. 24.  Documents relating to "The Witch Queen" expansion trailer are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Mal E's Xivu Arath art."

Bungie also objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP No. 5, and to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity.  Bungie further objects to this Request

-13-

as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* written, recorded, or electronically transmitted or stored communications" (emphasis added) regardless of their relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 20:

Produce all documented internal reviews or evaluations conducted by or on behalf of Bungie regarding the alleged use of Mal E's Xivu Arath art in the Destiny 2: The Witch Queen trailer in 2021. Include the findings of these reviews, any conclusions drawn regarding the use of the art, and any corrective actions or policy adjustments made as a direct result of this incident.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to the trailer for "The Witch Queen" *Destiny 2* expansion, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning "The Witch Queen" expansion trailer. *See generally* ECF No. 24. Documents relating to "The Witch Queen" expansion trailer are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL

-14-

34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objections to Martineau's definitions of the phrases "Mal E's Xivu Arath art," "internal reviews," and "evaluations."

Bungie also objects to this Request to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Additionally, Bungie objects to this Request as vague, ambiguous, and confusing because the terms "internal reviews" and "evaluations" are left undefined, such that Bungie cannot ascertain with reasonable certainty which documents Martineau is requesting. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* documented internal reviews or evaluations" (emphasis added) regardless of their relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents identifying or relating to the "external vendor" referenced by Bungie as having mistakenly used Julian Faylona's artwork as a reference for a Destiny 2 cutscene in 2023, including contracts, agreements, correspondence, contact information, vendor profiles, work orders, and any other documents reflecting the vendor's identity, contact details, and the nature of their contractual relationship with Bungie regarding art creation for Destiny 2 cutscenes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to "The Season of the Deep" *Destiny 2* expansionary content, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning "The Season of the Deep." *See generally* ECF No. 24. Documents relating to "The Season of the Deep" are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates

its above objections to Martineau's definitions of the phrases "external vendor" and "Julian Faylona's artwork."

Bungie also objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP No. 5, and to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity.  Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020.  Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* documents identifying or relating to…" (emphasis added) regardless of their relevance to the parties' claims and defenses.  Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request.  Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents relating to the "stricter checks to document all artist contributions" implemented by Bungie since May 2025 following the Marathon controversy, including policy documents, procedures, training materials, implementation plans, enforcement protocols, oversight assignments, and any documents describing how these checks are intended to prevent future instances of unauthorized art usage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks

documents relating to the game *Marathon*, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise. Martineau's Amended Complaint makes no allegations concerning *Marathon*. *See generally* ECF No. 24. Documents relating to *Marathon* are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").

Bungie also objects to this Request to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* documents" (emphasis added) regardless of their relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request.  Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents identifying individuals at Bungie, including Marathon art director Joseph Cross and any other representatives, who were following artist ANTIREAL's account prior to May 2025, including social media account records, internal communications discussing ANTIREAL's work or designs, correspondence or communications between any Bungie personnel and ANTIREAL regarding her designs or their use in Marathon, and any documents reflecting knowledge or awareness of ANTIREAL's work by Bungie employees or representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to the game *Marathon*, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise.  Martineau's Amended Complaint makes no allegations concerning *Marathon*.  *See generally* ECF No. 24.  Documents relating to *Marathon* are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated

allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definition of the phrases "ANTIREAL's work" and "ANTIREAL's designs."

Bungie further objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP No. 5, and to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie also objects to this Request to the extent it seeks documents, such as the personal social media records of Bungie personnel, that are outside of Bungie's possession, custody, or control. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* documents identifying individuals…" (emphasis added) regardless of the documents' relevance to the parties' claims and defenses, or of the individuals' relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents or information.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all written, recorded, or electronically transmitted or stored communications (including, but not limited to, emails, chat logs, text messages, instant messages, social media messages, or internal memos) between Bungie, its "external vendor," and Julian Faylona (@ELEMENTJ21) concerning the alleged use of Julian Faylona's artwork in the Destiny 2 Season of the Deep cutscene in 2023 and the promised compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to a cutscene from "The Season of the Deep" *Destiny 2* expansionary content, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning "The Season of the Deep." *See generally* ECF No. 24. Documents relating to "The Season of the Deep" are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are

irrelevant"). Bungie additionally incorporates its above objections to Martineau's definitions of the phrases "external vendor" and "Julian Faylona's artwork."

Bungie also objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP No. 5, and to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* written, recorded, or electronically transmitted or stored communications…" (emphasis added) regardless of their relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents (including payment records, settlement agreements, or formal apologies) that demonstrate the compensation and credit provided or promised to Julian Faylona for the use of their artwork in the Destiny 2 Season of the Deep cutscene in 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to a cutscene from "The Season of the Deep" *Destiny 2* expansionary content,

which is entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning "The Season of the Deep." *See generally* ECF No. 24.  Documents relating to "The Season of the Deep" are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Julian Faylona's artwork."

Bungie also objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP No. 5.  Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020.  Bungie further objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* documents" (emphasis added) regardless of their relevance to the parties' claims and defenses.  Bungie will not produce irrelevant documents.

-23-

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all written, recorded, or electronically transmitted or stored communications (including emails, design briefs, internal reviews, or communications with Hasbro/NERF) concerning the alleged copying of Tofu_Rabbit's 2015 design for the Destiny 2 Ace of Spades NERF replica in 2024, and any related communications with Tofu_Rabbit (@Tofu_Rabbit).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to a Hasbro/NERF toy replica of a *Destiny 2* weapon that was first introduced in "The Taken King" *Destiny 2* expansion. The Hasbro/NERF toy replica, its in-game counterpart, and "The Taken King" expansion are all entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns. Martineau's Amended Complaint makes no allegations concerning the Hasbro/NERF toy replica, its in-game counterpart, or "The Taken King" expansion. *See generally* ECF No. 24. Documents relating to the Hasbro/NERF toy weapon replica are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad,

irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definitions of the phrases "internal review" and "Tofu_Rabbit's Ace of Spades Art."

Bungie further objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP Nos. 5, and to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie also objects to this Request to the extent it seeks documents that are outside of Bungie's possession, custody, or control, and in particular, to the extent it seeks documents that are in the possession, custody, or control of Hasbro/NERF. Additionally, Bungie objects to this Request as vague, ambiguous, and confusing because the term "internal reviews" is left undefined, such that Bungie cannot ascertain with reasonable certainty which documents Martineau is requesting. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* written, recorded, or electronically transmitted or stored communications" (emphasis added) regardless of the documents' relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents or information.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents (including internal investigation reports, design documents, and any agreements for compensation or credit) related to the resolution of the alleged copying of Tofu_Rabbit's design for the Ace of Spades NERF replica in 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to a Hasbro/NERF toy replica of a *Destiny 2* weapon that was first introduced in "The Taken King" *Destiny 2* expansion. The Hasbro/NERF toy replica, its in-game counterpart, and "The Taken King" expansion are all entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns. Martineau's Amended Complaint makes no allegations concerning the Hasbro/NERF toy replica, its in-game counterpart, or "The Taken King" expansion. *See generally* ECF No. 24. Documents relating to the Hasbro/NERF toy weapon replica are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definitions of the

phrases "internal investigation" and "Tofu_Rabbit's Ace of Spades Art."

Bungie further objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP Nos. 5 and 26, and to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie also objects to this Request to the extent it seeks documents that are outside of Bungie's possession, custody, or control, and in particular, to the extent it seeks documents that are in the possession, custody, or control of Hasbro/NERF. Additionally, Bungie objects to this Request as vague, ambiguous, and confusing because the term "internal reviews" is left undefined, such that Bungie cannot ascertain with reasonable certainty which documents Martineau is requesting. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* documents" (emphasis added) regardless of the documents' relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents or information.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all written, recorded, or electronically transmitted or stored communications (including emails, chat logs, and internal memos) between Bungie and ANTIREAL (@antire.al) or related internal discussions, from 2017 to the present, concerning the alleged copying of ANTIREAL's 2017 artwork for Marathon's in-game environments and promotional materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to the game *Marathon*, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise. Martineau's Amended Complaint makes no allegations concerning *Marathon*, or its in-game environments or promotional materials. *See generally* ECF No. 24. Documents relating to *Marathon* are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definition of the phrase "ANTIREAL's 2017 artwork."

Bungie further objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP Nos. 5 and 23. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020.

Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* written, recorded, or electronically transmitted or stored communications" (emphasis added) regardless of the documents' relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents or information.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 29:

Produce all reports, findings, and documentation from the "thorough review of our in-game assets, specifically those done by the former Bungie artist" that Bungie is conducting or has conducted regarding the Marathon art theft controversy, including any revised asset lists or remediation plans.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to the game *Marathon*, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise. Martineau's Amended Complaint makes no allegations concerning *Marathon* or its promotional materials. *See generally* ECF No. 24. Documents relating to *Marathon* are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns of *Destiny 2* infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and

past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definition of the phrase "review."

Bungie further objects to this Request to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie also objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP Nos. 5 and 18. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* reports, findings, and documentation" (emphasis added) regardless of their relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents relating to Bungie's efforts to credit and compensate Julian Faylona for the use of his artwork in the Destiny 2 Season of the Deep cutscene in 2023, including all written, recorded, or electronically transmitted or stored communications between Bungie and

Julian Faylona, internal documents and memoranda discussing the apology or compensation, documents relating to any credit or attribution provided or promised, documents reflecting the current status of any outstanding compensation or obligations, and all documents or assessments regarding the resolution of the Julian Faylona matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, because it seeks documents relating to a cutscene from "The Season of the Deep" *Destiny 2* expansionary content, which is entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning "The Season of the Deep." *See generally* ECF No. 24.  Documents relating to "The Season of the Deep" are therefore irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Julian Faylona's artwork."

Bungie also objects to this Request to the extent it seeks documents and information duplicative of those sought by Martineau's RFP Nos. 5 and 24-25 and to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* documents" (emphasis added) regardless of their relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request. Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 31:

Produce all internal documents outlining Bungie's policies, procedures, and training related to verifying the originality of content and preventing copyright infringement from third-party artists, including any revisions or new documented policies or procedures implemented after admitting to multiple incidents of unauthorized art copying.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, to the extent it seeks documents relating to unrelated, third-party allegations that do not pertain to the accused "Red War" and "Curse of Osiris" campaigns and are therefore irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1

(upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").

Bungie further objects to this Request to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Moreover, Bungie objects to this Request as vague, ambiguous, and confusing because the Request does not identify the alleged "multiple incidents of unauthorized art copying," and the phrases "verifying the originality of," "preventing copyright infringement from third-party artists," and "unauthorized art copying" are left undefined and otherwise unexplained, such that Bungie cannot ascertain with reasonable certainty which documents Martineau is requesting. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* internal documents" (emphasis added) regardless of their relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents.

-33-

In light of the foregoing objections, Bungie will not respond to this Request as propounded, but will instead search for and produce on a rolling basis responsive, relevant, and nonprivileged documents concerning creative guidelines and policies in place at the time of the design and development of the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to the extent any such documents exist.

## REQUEST FOR PRODUCTION NO. 32:

Produce all internal documents outlining Bungie's policies, procedures, and training related to verifying the originality of content and preventing copyright infringement from third-party artists, including any revisions or new documents implemented since specifically addressing lessons learned from prior alleged art copying incidents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, to the extent it seeks documents relating to unrelated, third-party allegations that do not pertain to the accused "Red War" and "Curse of Osiris" campaigns and are therefore irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused

products] are irrelevant").

Bungie further objects to this Request to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie additionally objects to this Request to the extent it seeks documents duplicative of those sought by RFP No. 31. Moreover, Bungie objects to this Request as vague, ambiguous, and confusing because the Request does not identify "prior alleged art copying incidents," and the phrases "verifying the originality of," "preventing copyright infringement from third-party artists," "lessons learned," and "art copying" are left undefined and otherwise unexplained, such that Bungie cannot ascertain with reasonable certainty which documents Martineau is requesting. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020. Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* internal documents" (emphasis added) regardless of their relevance to the parties' claims and defenses. Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request as propounded, but will instead search for and produce on a rolling basis responsive, relevant, and nonprivileged documents concerning creative guidelines and policies in place at the time of the design and development of the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all internal documents (including but not limited to meeting minutes, memos, and reports) discussing Bungie's history of copying artwork, including any analyses of patterns, systemic issues, or proposals for company-wide reforms to address these recurring issues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting document production that is disproportionate to the needs of this case, to the extent it seeks documents relating to unrelated, third-party allegations that do not pertain to the accused "Red War" and "Curse of Osiris" campaigns and are therefore irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").

Bungie further objects to this Request to the extent it seeks documents and information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity.  Bungie additionally objects to this Request to the extent it seeks documents duplicative of those sought by RFP No. 31 and 32.  Moreover, Bungie objects to this Request as vague, ambiguous, and confusing because the phrases "Bungie's history

of copying artwork," "analyses of patterns," "systemic issues," and "recurring issues" are left undefined and otherwise unexplained, such that Bungie cannot ascertain with reasonable certainty which documents Martineau is requesting.  Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents and information beyond the relevant time period of February 21, 2013 through November 10, 2020.  Finally, Bungie objects to this Request as overly broad, unduly burdensome, and designed to seek irrelevant information because it requests that Bungie, without limitation, produce "*all* internal documents" (emphasis added) regardless of their relevance to the parties' claims and defenses.  Bungie will not produce irrelevant documents.

In light of the foregoing objections, Bungie will not respond to this Request.  Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

### BUNGIE'S SPECIFIC RESPONSES & OBJECTIONS TO MARTINEAU'S REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:

Admit that Bungie, Inc. has previously faced accusations from third-party artists regarding the unauthorized use of their created content in Bungie's products or merchandise.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Unrelated, third-party allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink, Inc. v. Anheuser-Busch, Inc.*, 2012 WL 6673125, at *1 (E.D. La. Dec. 20, 2012) (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer Corp. v. Ergonome Inc.*, 2001 WL 34104827, at *1 (S.D. Tex. June 27, 2001) (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann v. Zoetop Business Co., Ltd.*, 2023 WL 4291848, at *6 (C.D. Cal. Apr. 25, 2023) (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks Ink, LLC v. MGA Ent., Inc.*, 2005 WL 8160189, at *5-6 (S.D. Cal. Dec. 27, 2005) (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this

-38-

Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020.

Subject to and without waiving the foregoing objections, Bungie admits that non-parties have accused Bungie of allegedly misappropriating creative content in connection with Bungie products.

**REQUEST FOR ADMISSION NO. 2**:

Admit that artist Mal E (@relay314) posted art depicting Xivu Arath on Twitter (now X) on or about October 30, 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

Bungie will not respond to this Request because it improperly seeks an admission from Bungie concerning the statements and actions of an unrelated third party. Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control." *Haggie v. Coldwell Banker Real Estate Corp*., 2007 WL 1452495, at *3-4 (N.D. Miss. May 15, 2007) ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is . . . generally limited to obtaining information from person and entities of which it has actual control"); *see also Dassault Systemes, SA v. Childress,* 2013 WL 12181775, at *5 (E.D. Mich. Sept. 5, 2013) (finding requests for admission improper that "ask[ed] about the knowledge, statements, and actions of third-parties"); *Burningham v. Wright Med. Grp., Inc.*, 2019 WL 2206554 at *2-3 (D. Utah May 22, 2019) (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").

Bungie additionally objects to this Request as unduly burdensome, oppressive, and

designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and the trailer for the *Destiny 2* expansion "The Witch Queen," which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning Mal E's artwork or the trailer for the "The Witch Queen." *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Mal E's Xivu Arath art."

**REQUEST FOR ADMISSION NO. 3**:

Admit that Mal E's Xivu Arath art, posted on October 30, 2020, was publicly accessible online via Twitter (now X).

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

Bungie will not respond to this Request because it improperly seeks an admission from Bungie concerning the statements and actions of an unrelated third party.  Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control."  *Haggie v. Coldwell Banker Real Estate Corp*., 2007 WL 1452495, at *3-4 (N.D. Miss. May 15, 2007) ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is . . . generally limited to obtaining information from person and entities of which it has actual control"); *see also Dassault Systemes, SA v. Childress,* 2013 WL 12181775, at *5 (E.D. Mich. Sept. 5, 2013) (finding requests for admission improper that "ask[ed] about the knowledge, statements, and actions of third-parties"); *Burningham v. Wright Med. Grp., Inc.*, 2019 WL 2206554 at *2-3 (D. Utah May 22, 2019) (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").

Bungie additionally objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case).  Specifically, this Request seeks an admission relating to a non-party's artwork and the trailer for the *Destiny 2* expansion "The Witch Queen," which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns.  Martineau's Amended Complaint makes no allegations concerning Mal E's artwork or the trailer for the "The Witch Queen."  *See generally* ECF No. 24.  Unrelated, third-party works and allegations that do

not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Mal E's Xivu Arath art."

**REQUEST FOR ADMISSION NO. 4**:

Admit that an image of Mal E's Xivu Arath art was included in Bungie, Inc.'s official *Destiny 2: The Witch Queen* expansion trailer, released in 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and the trailer for the *Destiny 2* expansion "The Witch Queen," which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning Mal E's artwork or the trailer for the "The Witch Queen." *See generally*

-42-

ECF No. 24.  Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020.  Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Mal E's Xivu Arath art."

Subject to and without waiving the foregoing objection, Bungie admits that an image of Mal E's Xivu Arath fan art was inadvertently used in the 2021 *Destiny 2: The Witch Queen* trailer.

**<u>REQUEST FOR ADMISSION NO. 5</u>**:

Admit that Bungie, Inc. did not obtain a license or permission from Mal E prior to the inclusion of their Xivu Arath art in the *Destiny 2: The Witch Queen* trailer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case).  Specifically, this Request seeks an admission relating to a non-party's artwork and the trailer for the *Destiny 2* expansion "The Witch Queen," which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns.  Martineau's Amended Complaint makes no allegations concerning Mal E's artwork or the trailer for the "The Witch Queen."  *See generally* ECF No. 24.  Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020.  Bungie

additionally incorporates its above objection to Martineau's definition of the phrase "Mal E's Xivu Arath art."

Subject to and without waiving the foregoing objection, Bungie admits that it did not obtain a license or permission from Mal E prior to the inclusion of an image of Mal E's Xivu Arath fan art in the 2021 *Destiny 2: The Witch Queen* trailer.

**REQUEST FOR ADMISSION NO. 6**:

Admit that, following public reports of the unauthorized use, Bungie, Inc. contacted Mal E to secure permission for use and committed to providing credit for their artwork.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and the trailer for the *Destiny 2* expansion "The Witch Queen," which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning Mal E's artwork or the trailer for the "The Witch Queen." *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6

(finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Mal E's Xivu Arath art."

Subject to and without waiving the foregoing objection, Bungie admits that it contacted Mal E to secure permission for use of their Xivu Arath fan art and committed to providing credit for their artwork.

**REQUEST FOR ADMISSION NO. 7**:

Admit that artist Julian Faylona (ELEMENTJ21) created artwork that was publicly accessible online on platforms such as Twitter (now X) prior to June 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

Bungie will not respond to this Request because it improperly seeks admissions from Bungie regarding the statements and actions of an unrelated third party. Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control." *Haggie*, 2007 WL 1452495, at *3-4 ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is …generally limited to obtaining information from person and entities of which it has actual control"); *see also Dassault Systemes*, 2013 WL 12181775, at *5 (finding requests for admission improper that "ask[ed] about the knowledge, statements, and actions of third-parties");

*Burningham*, 2019 WL 2206554 at \*2-3 (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").

Bungie additionally objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and "The Season of the Deep" *Destiny 2* expansionary content, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning Julian Faylona's artwork or "The Season of the Deep." *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at \*1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at \*1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at \*6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at \*5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definitions of the phrases "Julian Faylona's (ELEMENTJ21)

-47-

artwork" and "Julian Faylona's artwork."

**REQUEST FOR ADMISSION NO. 8**:

Admit that artwork created by Julian Faylona appeared in a *Destiny 2* cutscene released during the Season of the Deep in June 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and "The Season of the Deep" *Destiny 2* expansionary content, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning Julian Faylona's artwork or "The Season of the Deep." *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and

holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request to the extent that it inaccurately characterizes the facts underlying the Request. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Julian Faylona's artwork."

Subject to and without waiving the foregoing objections, Bungie admits that an external vendor that helped create the subject *Destiny 2: Season of the Deep* cutscene inadvertently used Julian Faylona's art as a reference on the mistaken assumption that it was official Bungie art, but denies that Faylona's actual artwork "appeared" in the subject cutscene.

## REQUEST FOR ADMISSION NO. 9:

Admit that Bungie, Inc. did not obtain a license or permission from Julian Faylona prior to the inclusion of their artwork in the *Destiny 2* cutscene.

## RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and "The Season of the Deep" *Destiny 2* expansionary content, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning Julian Faylona's artwork or "The Season of the Deep." *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War"

and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie further objects to this Request to the extent that it inaccurately characterizes the facts underlying the Request.  Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020.  Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Julian Faylona's artwork."

Subject to and without waiving the foregoing objections, Bungie admits that it did not obtain a license or permission from Julian Faylona prior to an external vendor using Faylona's art as a reference for the subject *Destiny 2: Season of the Deep* cutscene, but denies that Faylona's actual artwork was "included" in the subject cutscene.

**REQUEST FOR ADMISSION NO. 10**:

Admit that Bungie, Inc. publicly committed to apologizing, crediting, and compensating Julian Faylona for the use of his work.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and "The Season of the Deep" *Destiny 2* expansionary content, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning Julian Faylona's artwork or "The Season of the Deep." *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie additionally incorporates its

above objection to Martineau's definition of the phrase "Julian Faylona's artwork."

Subject to and without waiving the foregoing objections, Bungie admits that, via the official *Destiny 2* Twitter account, it publicly committed to apologizing, crediting, and compensating Julian Faylona for the use of his work in connection with the subject *Destiny 2: Season of the Deep* cutscene.

**REQUEST FOR ADMISSION NO. 11**:

Admit that, as of September 14, 2024, Julian Faylona publicly stated on Twitter (now X) that they had not yet received the promised compensation from Bungie, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

Bungie will not respond to this Request because it improperly seeks admissions from Bungie regarding the statements and actions of an unrelated third party.  Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control."  *Haggie*, 2007 WL 1452495, at *3-4 ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is …generally limited to obtaining information from person and entities of which it has actual control"); *see also Dassault Systemes*, 2013 WL 12181775, at *5 (finding requests for admission improper that "ask[ed] about the knowledge, statements, and actions of third-parties"); *Burningham,* 2019 WL 2206554 at *2-3 (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").

Bungie additionally objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and

proportional to the needs of the case). ). Specifically, this Request seeks an admission relating to a non-party's artwork and "The Season of the Deep" *Destiny 2* expansionary content, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" campaigns. Martineau's Amended Complaint makes no allegations concerning Julian Faylona's artwork or "The Season of the Deep." *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").

**REQUEST FOR ADMISSION NO. 12**:

Admit that artist Tofu_Rabbit created an Ace of Spades commission in 2015 that was publicly accessible online.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Bungie will not respond to this Request because it improperly seeks admissions from Bungie regarding the statements and actions of an unrelated third party. Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents

or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control." *Haggie*, 2007 WL 1452495, at \*3-4 ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is …generally limited to obtaining information from person and entities of which it has actual control"); *see also Dassault Systemes*, 2013 WL 12181775, at \*5 (finding requests for admission improper that "ask[ed] about the knowledge, statements, and actions of third-parties"); *Burningham,* 2019 WL 2206554 at \*2-3 (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").

Bungie additionally objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case).  Specifically, this Request seeks an admission relating to a non-party's artwork and a Hasbro/NERF toy replica of a *Destiny 2* weapon that was first introduced in "The Taken King" *Destiny 2* expansion.  Tofu_Rabbit's artwork, the Hasbro/NERF toy replica, its in-game counterpart, and "The Taken King" expansion are all entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns.  Martineau's Amended Complaint makes no allegations concerning Tofu_Rabbit's artwork, the Hasbro/NERF toy replica, its in-game counterpart, or "The Taken King" expansion.  *See generally* ECF No. 24.  Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at \*1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement

claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Tofu_Rabbit's Ace of Spades Art."

**REQUEST FOR ADMISSION NO. 13**:

Admit that the design for the NERF LMTD *Destiny 2* Ace of Spades Blaster, a product released as part of *Destiny*'s 10th Anniversary celebration, included specific elements directly from Tofu_Rabbit's 2015 commission.

**RESPONSE FOR REQUEST FOR ADMISSION NO. 13**:

Bungie will not respond to this Request to the extent that it improperly seeks admissions from Bungie regarding the statements and actions of Hasbro/NERF, a third party over which Bungie does not have actual control. Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control." *Haggie*, 2007 WL 1452495, at *3-4 ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is …generally limited to obtaining information from person and entities of which it has actual control"); *see also Dassault Systemes*, 2013 WL 12181775, at *5 (finding requests for admission improper that "ask[ed] about the

knowledge, statements, and actions of third-parties"); *Burningham,* 2019 WL 2206554 at *2-3 (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").

Bungie additionally objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and a Hasbro/NERF toy replica of a *Destiny 2* weapon that was first introduced in "The Taken King" *Destiny 2* expansion. Tofu_Rabbit's artwork, the Hasbro/NERF toy replica, its in-game counterpart, and "The Taken King" expansion are all entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns. Martineau's Amended Complaint makes no allegations concerning Tofu_Rabbit's artwork, the Hasbro/NERF toy replica, its in-game counterpart, or "The Taken King" expansion. *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing

expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Tofu_Rabbit's Ace of Spades Art."

Subject to and without waiving the foregoing objections, Bungie admits that: (1) it submitted the materials to Hasbro/NERF for developing the design for the NERF LMTD Destiny 2 Ace of Spades Blaster that did not contain third party artwork; and (2) Hasbro/NERF's design deviated from Bungie's provided materials by including elements from Tofu_Rabbit's 2015 design; and (3) the NERF LMTD Destiny 2 Ace of Spades Blaster was released as part of *Destiny's* 10th Anniversary celebration.

**REQUEST FOR ADMISSION NO. 14**:

Admit that Bungie, Inc. and/or its partner, Hasbro/Nerf, did not obtain a license or permission from Tofu_Rabbit prior to the incorporation of their artwork into the design of the NERF LMTD *Destiny 2* Ace of Spades Blaster.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

Bungie will not respond to this Request to the extent that it improperly seeks admissions from Bungie regarding the statements and actions of Hasbro/NERF, a third party over which Bungie does not have actual control. Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control." *Haggie*, 2007 WL 1452495, at *3-4 ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is …generally limited to obtaining

information from person and entities of which it has actual control"); *see also Dassault Systemes*, 2013 WL 12181775, at \*5 (finding requests for admission improper that "ask[ed] about the knowledge, statements, and actions of third-parties"); *Burningham,* 2019 WL 2206554 at \*2-3 (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").  Bungie further objects to this Request to the extent that whether Bungie and Hasbro/NERF are "partners" is a legal conclusion and not the proper subject of a Request for Admission under Rule 36(a).

Bungie additionally objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case).  Specifically, this Request seeks an admission relating to a non-party's artwork and a Hasbro/NERF toy replica of a *Destiny 2* weapon that was first introduced in "The Taken King" *Destiny 2* expansion. Tofu_Rabbit's artwork, the Hasbro/NERF toy replica, its in-game counterpart, and "The Taken King" expansion are all entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns.  Martineau's Amended Complaint makes no allegations concerning Tofu_Rabbit's artwork, the Hasbro/NERF toy replica, its in-game counterpart, or "The Taken King" expansion. *See generally* ECF No. 24.  Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at \*1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL

34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020.  Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Tofu_Rabbit's Ace of Spades Art."

Subject to and without waiving the foregoing objections, Bungie admits that it did not obtain a license or permission from Tofu_Rabbit prior to the incorporation of their artwork into the design of the NERF LMTD Destiny 2 Ace of Spades Blaster because Bungie was not directly involved in the production and/or design of the NERF LMTD Destiny 2 Ace of Spades Blaster and did not grant permission for Hasbro/NERF to incorporate third-party artwork into that design.

**REQUEST FOR ADMISSION NO. 15**:

Admit that Bungie, Inc. publicly stated it was "investigating internally and with our partner NERF" concerning the alleged copying of Tofu_Rabbit's art and was in contact with the artist to ensure compensation and credit.

**REQUEST FOR ADMISSION NO. 15**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting

the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission relating to a non-party's artwork and a Hasbro/NERF toy replica of a *Destiny 2* weapon that was first introduced in "The Taken King" *Destiny 2* expansion. Tofu_Rabbit's artwork, the Hasbro/NERF toy replica, its in-game counterpart, and "The Taken King" expansion are all entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns. Martineau's Amended Complaint makes no allegations concerning Tofu_Rabbit's artwork, the Hasbro/NERF toy replica, its in-game counterpart, or "The Taken King" expansion. *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie additionally incorporates its above objection to Martineau's definition of the phrase "Tofu_Rabbit's Ace of Spades Art."

Subject to and without waiving the foregoing objections, Bungie admits that, via the official *Destiny 2* Twitter/X account, it: (1) publicly stated on September 11, 2024 that it was "investigating internally and with our partner NERF" concerning the alleged use of Tofu_Rabbit's art; and (2) publicly stated on September 13, 2024 that it was in contact with the Tofu_Rabbit to ensure compensation and credit. Bungie denies that Hasbro/NERF is Bungie's legal partner and clarifies that its use of the term "partner" to refer to Hasbro/NERF was in the colloquial meaning of the word.

**REQUEST FOR ADMISSION NO. 16**:

Admit that artist ANTIREAL created original artwork, some dating back to 2017, that was publicly accessible online on platforms such as X and BlueSky.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**:

Bungie will not respond to this Request because it improperly seeks admissions from Bungie regarding the statements and actions of an unrelated third party. Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control." *Haggie*, 2007 WL 1452495, at *3-4 ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is …generally limited to obtaining information from person and entities of which it has actual control"); *see also Dassault Systemes*, 2013 WL 12181775, at *5 (finding requests for admission improper that "ask[ed] about the knowledge, statements, and actions of third-parties"); *Burningham,* 2019 WL 2206554 at *2-3 (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").

Bungie further objects to this Request as unduly burdensome, oppressive, and designed to

seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case).  Specifically, this Request seeks an admission concerning a non-party's artwork and the game *Marathon*, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise. Martineau's Amended Complaint makes no allegations concerning ANTIREAL's artwork of *Marathon*.  *See generally* ECF No. 24.  Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie additionally incorporates its above objection to Martineau's definition of the phrase "ANTIREAL's original artwork."

**REQUEST FOR ADMISSION NO. 17**:

Admit that specific graphic designs, text elements, and a personal logo from ANTIREAL's original artwork were used in *Marathon*'s in-game environments and/or

promotional materials.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission concerning a non-party's artwork and the game *Marathon*, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise. Martineau's Amended Complaint makes no allegations concerning ANTIREAL's artwork of *Marathon*. *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request to the extent that it inaccurately characterizes the facts underlying the Request. Bungie further objects to this Request as overly

broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020.  Bungie additionally incorporates its above objection to Martineau's definition of the phrase "ANTIREAL's original artwork."

Subject to and without waiving the foregoing objections, Bungie admits that certain graphic design elements from ANTIREAL's artwork were used in *Marathon's* in-game environments for the alpha time-limited playtest of the game and related promotional materials.

**REQUEST FOR ADMISSION NO. 18**:

Admit that Bungie, Inc. did not obtain a license or permission from ANTIREAL prior to the incorporation of her artwork into *Marathon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case).  Specifically, this Request seeks an admission concerning a non-party's artwork and the game *Marathon*, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise.  Martineau's Amended Complaint makes no allegations concerning ANTIREAL's artwork of *Marathon*.  *See generally* ECF No. 24.  Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated

-64-

trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request to the extent that it inaccurately characterizes the facts underlying the Request. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie additionally incorporates its above objection to Martineau's definition of the phrase "ANTIREAL's artwork."

Subject to and without waiving the foregoing objections, Bungie admits that it did not obtain a license or permission from ANTIREAL prior to the incorporation of certain graphic design elements from her artwork into *Marathon's* in-game environments for the alpha time-limited playtest of the game and related promotional materials.

**REQUEST FOR ADMISSION NO. 19**:

Admit that Bungie, Inc. confirmed that a "former Bungie artist" included ANTIREAL's designs in a texture sheet that was ultimately used in-game for *Marathon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting

the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission concerning a non-party's artwork and the game *Marathon*, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise. Martineau's Amended Complaint makes no allegations concerning ANTIREAL's artwork of *Marathon*. *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request to the extent that it inaccurately characterizes the facts underlying the Request. Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie additionally incorporates its above objection to Martineau's definition of the phrase "ANTIREAL's artwork."

Subject to and without waiving the foregoing objections, Bungie admits that it confirmed that a former Bungie artist included certain graphic design elements from ANTIREAL's designs

in a texture sheet that was ultimately used in *Marathon's* in-game environments for the alpha time-limited playtest of the game.

**REQUEST FOR ADMISSION NO. 20**:

Admit that Bungie, Inc. publicly stated that it takes "matters like this very seriously" and would be "conducting a thorough review of our in-game assets" to prevent similar issues in the future, in response to the *Marathon* art theft controversy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

Bungie objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case). Specifically, this Request seeks an admission concerning a non-party's artwork and the game *Marathon*, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise. Martineau's Amended Complaint makes no allegations concerning ANTIREAL's artwork of *Marathon*. *See generally* ECF No. 24. Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work. *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be

overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant"). Bungie further objects to this Request to the extent that it inaccurately characterizes the facts underlying the Request and characterizes the incident as an "art theft controversy." Bungie further objects to this Request as overly broad and unduly burdensome to the extent that it seeks an admission concerning facts beyond the relevant time period of February 21, 2013 through November 10, 2020. Bungie additionally incorporates its above objections to Martineau's definitions of the phrases "ANTIREAL's artwork" and "review."

Subject to and without waiving the foregoing objections, Bungie admits that, via the "MarathonDevTeam" Twitter/X account, it publicly stated in a pair of May 15, 2025 tweets: (1) "This issue was unknown by our existing art team, and we are still reviewing how this oversight occurred. **We take matters like this very seriously**. We have reached out to @4nt1r34l to discuss this issue and are committed to do right by the artist" (emphasis added); and (2) "**To prevent similar issues in the future, we are conducting a thorough review of our in-game assets**, specifically those done by the former Bungie artist, and implementing stricter checks to document all artist contributions" (emphasis added). Bungie denies that its inadvertent use of certain graphic design elements from ANTIREAL's designs in a texture sheet that was ultimately used in *Marathon's* in-game environments for the alpha time-limited playtest of the game is an "art theft controversy."

## REQUEST FOR ADMISSION NO. 21:

Admit that *Marathon* art director Joseph Cross and other representatives from Bungie, Inc. followed ANTIREAL's social media accounts for several years without initiating

communication with her regarding her artwork.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Bungie will not respond to this Request because it improperly seeks admissions from Bungie regarding the statements and actions of non-party Bungie employees made and undertaken in their personal capacities and outside the scope of their employment with Bungie.  Bungie is "responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control."  *Haggie*, 2007 WL 1452495, at *3-4 ("Because requests for admissions can have dire consequences, the responding party's duty to obtain information is …generally limited to obtaining information from person and entities of which it has actual control"); *see also Dassault Systemes*, 2013 WL 12181775, at *5 (finding requests for admission improper that "ask[ed] about the knowledge, statements, and actions of third-parties"); *Burningham,* 2019 WL 2206554 at *2-3 (finding improper "requests for admission [that] sought information pertaining to the actions of a third party over whom Defendants have no control.").

Bungie further objects to this Request as unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus not proportionate to the needs of this case nor within the scope of discovery permitted by Rules 36(a)(1) and 26(b)(1) (limiting the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case).  Specifically, this Request seeks an admission concerning a non-party's artwork and the game *Marathon*, which are entirely unrelated to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns, to *Destiny 2* generally, or even to the entire *Destiny* franchise.  Martineau's Amended Complaint makes no allegations concerning ANTIREAL's artwork of

*Marathon.  See generally* ECF No. 24.  Unrelated, third-party works and allegations that do not pertain to the accused "Red War" and "Curse of Osiris" *Destiny 2* campaigns are irrelevant as to whether the accused campaigns infringe Martineau's asserted work.  *See Action Ink*, 2012 WL 6673125, at *1 (upholding magistrate's denial of plaintiff's motion to compel discovery concerning unrelated trademark infringement claims against defendant as lacking relevance to instant dispute); *Compaq Computer*, 2001 WL 34104827, at *1 (denying motion to compel discovery concerning unrelated claims and past litigation in a copyright dispute); *see also Mollmann*, 2023 WL 4291848, at *6 (finding discovery seeking documents about unrelated allegations of copyright infringement to be overbroad, irrelevant, disproportional to the needs of the case, and "little more than a burdensome fishing expedition"); *Art Attacks*, 2005 WL 8160189, at *5-6 (denying motion to compel and holding "that any documents and information other than those directly related to the [accused products] are irrelevant").  Bungie additionally objects to this request as vague and ambiguous to the extent that it refers to unidentified "other representatives from Bungie, Inc." and does not identify the referenced social media platforms or accounts. Bungie additionally incorporates its above objection to Martineau's definition of the phrase "ANTIREAL's artwork."

Dated: September 12, 2025          Respectfully submitted,

*/s/ Tamar Y. Duvdevani*
**DLA PIPER LLP (US)**
Tamar Y. Duvdevani (*pro hac vice*)
Jared Greenfield (*pro hac vice*)
1251 Avenue of The Americas, 27th Fl.
New York, New York 10020
Telephone: 212-335-4500
tamar.duvdevani@us.dlapiper.com

**IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC**
Darleene Peters (#25638)
Connor W. Peth (#39499)
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: 504 310 2100
dpeters@irwinllc.com
cpeth@irwinllc.com

*Counsel for Bungie, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2025, a true and correct copy of BUNGIE, INC.'S RESPONSES AND OBJECTIONS TO MATTHEW KELSEY MARTINEAU'S SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FIRST SET OF REQUESTS FOR ADMISSION was served on all counsel of record for Plaintiff Matthew Kelsey Martineau via email, as agreed to by the parties as the preferred method of service:

Ted Anthony - Tanthony@bpasfirm.com

Stephen R. Barry - Sbarry@barryrome.com


BY: */s/ Tamar Y. Duvdevani*
Tamar Y. Duvdevani