UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW KELSEY MARTINEAU,

Plaintiff,

v.

BUNGIE, INC., a Delaware
corporation; DOES 1-10, inclusive,

Defendants.

CIVIL ACTION NO. 2:24-cv-02387

JUDGE: Susie Morgan

MAG. JUDGE: Michael B. North

**BUNGIE, INC.'S RESPONSES AND OBJECTIONS TO MATTHEW KELSEY
MARTINEAU'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS**

To:   **MATTHEW KELSEY MARTINEAU.**
      Through his attorneys of record:

      Ted M. Anthony, LA #21446 (T.A.)
      BABINEAUX, POCHÉ, ANTHONY
      & SLAVICH, L.L.C.
      P. O. Box 52169
      Lafayette, Louisiana 70505-2169
      Email: tanthony@bpasfirm.com

      AND

      Stephen R. Barry, LA #21465
      BARRY ROME & SCOTT
      612 Gravier Street
      New Orleans, Louisiana 70130
      Email: sbarry@barryrome.com

EXHIBIT B

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Bungie, Inc. ("Bungie"), by and through its undersigned counsel, provides the following objections and responses ("Responses") to Plaintiff Matthew Kelsey Martineau's ("Martineau") First Set of Interrogatories and Requests for Production of Documents ("Interrogatories" and "Requests," respectively), as follows:

## INTRODUCTORY STATEMENT

These Responses represent Bungie's good faith and reasonable effort to respond to Martineau's Interrogatories and Requests based on information and documents available at this time. Bungie's investigation of this matter is ongoing, and Bungie reserves the right to amend, supplement, correct, or clarify the Responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Louisiana. Any statement that Bungie will produce documents in response to a Request "to the extent that they exist" does not necessarily mean that responsive documents exist, but instead that Bungie will produce documents within its possession, custody, or control if such documents are located after a reasonable search. Once the search is completed, Bungie may revise or supplement its requests to indicate whether any documents responsive to a given Request exist.

The production of any information or documents in response to the Requests is made solely for the purposes of this action. In providing these Responses, Bungie does not concede the relevancy, materiality, competency, or admissibility of any information or documents provided, and does not waive any objections with respect to the relevancy, materiality, competency, or admissibility of such information or documents or any portion thereof. Due to the passage of time and Bungie's transitions between different corporate collaborative software platforms in the normal course of its business, Bungie generally notes that it may no longer possess certain responsive documents. Bungie is not withholding any documents based on this statement.

## BUNGIE'S OBJECTIONS APPLICABLE TO ALL RESPONSES AND OBJECTIONS TO INTRODUCTION, DEFINITIONS, AND INSTRUCTIONS

1. Bungie objects to Martineau's Requests and Interrogatories as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent that they seek information or documents pertaining to Bungie's business activity outside of the United States.

2. Bungie objects to Martineau's Requests and Interrogatories as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent their scope is not temporally limited. Because Martineau has not provided a relevant time period, unless indicated otherwise in Bungie's Responses, Bungie will construe the relevant time period for each Request as February 21, 2013 through November 10, 2020.

3. To the extent that Martineau's Requests and Interrogatories seek the disclosure of confidential, proprietary, trade secret, and/or competitively sensitive information, documents, ESI, or other materials, Bungie will only provide such non-privileged materials pursuant to the terms of a two-tiered Protective Order, which is not yet entered in this action.

4. Bungie generally objects to Martineau's Requests and Interrogatories as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent that they seek information or documents relevant to the original *Destiny* game. Bungie will not produce information or documents relevant to *Destiny*, as Martineau's Amended Complaint does not allege *Destiny* to be infringing, and *Destiny* is thus irrelevant to the parties' claims and defenses.

5. Bungie generally objects to Martineau's Requests or Interrogatories as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent that their substantive scope is not limited to information and documents relevant to Martineau's allegations of copyright infringement regarding the "Red War" and "Curse of Osiris"

campaigns of *Destiny 2*. Bungie will not produce information or documents relevant to any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns, as such campaigns are irrelevant to the parties' claims and defenses.

6. Bungie generally objects to the narrative propounded by Martineau's Requests and Interrogatories that there was an "original" version of *Destiny 2* that was "scrapped" or otherwise abandoned during development. This narrative framing and/or premise is factually inaccurate.

7. Bungie generally objects to the narrative propounded by Martineau's Requests and Interrogatories that there was an "original operational framework" for *Destiny 2* that Bungie made a decision to "abandon" or "replace." This narrative framing and/or premise is factually inaccurate.

8. Bungie objects to Martineau's definition of "you" and "your" as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent this definition includes persons or entities other than Bungie or over which Bungie does not exercise control. Unless explicitly stated otherwise in any specific Responses, Bungie will treat all references to "you" and "your" as referring to Defendant Bungie Inc.

9. Bungie objects to Martineau's various definitions of "identify," "identification," "name," or "describe" as overly broad and unduly burdensome, to the extent that they require additional disclosures not required under the Federal Rules of Civil Procedure or this Court's jurisprudence, to the extent that their use by Martineau functionally turns each Request into an improper compound Request, or to the extent that they function as additional Interrogatories served upon Bungie.

10. Bungie objects to Martineau's definition of "file" and "files" as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent that this definition includes files kept or maintained by any persons or entities other than Bungie or over which Bungie does not exercise control.

11. Unless otherwise stated in Bungie's specific Responses below to Martineau's Requests, Bungie will electronically produce responsive, non-privileged documents on a rolling basis, and its production will begin no more than 30 days after the entry of a two-tiered Protective Order.

12. Bungie objects to Martineau's Instruction A as overly broad and imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery, to the extent this instruction seeks knowledge or information currently in the possession, custody, or control of persons or entities other than Bungie as an entity.

13. Bungie objects to Martineau's Instruction B to the extent it requires Bungie to explain "why" Bungie may not have certain information in its possession and thereby functions as an additional Interrogatory served upon Bungie by Martineau. Therefore, each time enforced, Instruction B shall subtract an additional Interrogatory from Martineau's total number of allowed Interrogatories under Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Additionally, Bungie objects to Martineau's Instruction B as vague, confusing, and improper insofar as it requires Bungie to speculate to provide a "best estimate" about matters to which Bungie has already responded that it lacks certain information.

14. Bungie objects to Martineau's Instruction C as imposing an undue burden on Bungie that exceeds the scope of reasonable and permissible discovery. While Bungie has no knowledge that any documents were destroyed after litigation was reasonably anticipated, Bungie is not aware of any obligation to disclose the information listed in Instruction C.

15. Bungie objects to Martineau's Instructions D & E to the extent that they seek to impose a burden in excess of what is required of Bungie under Rule 26(b)(5) of the Federal Rules of Civil Procedure. Bungie will withhold potentially responsive documents on the basis of privilege but will identify those documents pursuant to Rule 26(b)(5) on a privilege log after its substantial completion of its document production. Bungie will not log communications with its outside counsel following

the initiation of the lawsuit, which would create undue burden. Bungie is willing for this limitation to be reciprocal.

16. Bungie objects to Martineau's Instructions H, I, and J to the extent that they require Bungie to respond and object to Martineau's Requests more broadly than Bungie is obligated to do so under Rule 34(b)(2)(B)-(C) of the Federal Rules of Civil Procedure. Bungie's Responses and objections will comply with Fed. R. Civ. P. 34(b)(2)(B)-(C).

## BUNGIE'S SPECIFIC RESPONSES & OBJECTIONS TO MARTINEAU'S INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the Person(s) responding to these Interrogatories and Requests for Production, including, without limitation, the Person(s) who furnished you with any information whatsoever or with whom you consulted in drafting your responses to these discovery requests.

### RESPONSE TO INTERROGATORY NO. 1:

Bungie objects to this Interrogatory to the extent it seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold information potentially responsive to this Interrogatory on the basis of the foregoing privilege objections. Bungie further objects to this Interrogatory as overly broad and as requesting information disproportionate to the needs of this case, to the extent it seeks the identification of every single person "who furnished you with *any information whatsoever*," (emphasis added), regardless of that information's relevance to the parties' claims and defenses or to Bungie's instant Responses. As such, Bungie will interpret and respond to this Interrogatory as requesting the identity of the individual(s) who have verified the instant Responses or were consulted regarding the instant Responses.

Subject to the foregoing interpretation, and subject to and without waiver of the foregoing objections, Bungie responds as follows: Jonathan To, Tyson Green, and David Aldridge.

**INTERROGATORY NO. 2:**

Identify any and all Persons having any knowledge or information concerning any relevant fact involved in this Lawsuit, regardless of whether such facts relate to the claims asserted by the Plaintiff in the Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

Bungie objects to this Interrogatory to the extent it seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold information potentially responsive to this Interrogatory on the basis of the foregoing privilege objections. Bungie further objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because it is unlimited in time, geography, and requests that Bungie, without limitation, identify "*any and all Person(s)* having *any* knowledge or information concerning *any* relevant fact*" (emphasis added), regardless of the relevance of the knowledge or information to the parties' claims and defenses, the degree of their knowledge, or whether their knowledge or information is unique as compared to other persons. Bungie additionally objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is publicly available or equally available or accessible to Martineau by less burdensome means, or that is in the possession, custody, or control of Martineau. As such, Bungie will interpret and respond to this Interrogatory as requesting the identity of the persons who are most knowledgeable regarding information relevant to the parties' claims and defenses.

Subject to the foregoing interpretation, and subject to and without waiver of the foregoing objections, Bungie responds as follows: Jonathan To, Tyson Green, and David Aldridge.

**INTERROGATORY NO. 3:**

Identify each and every Person that you or your counsel have spoken to or interviewed or taken a statement from, whether written or oral, concerning this proceeding and/or any fact(s) that you believe are or may be relevant to:

a)  any allegations in the Amended Complaint filed in this matter; and

b)  any allegations, defenses or other matter raised in any Answer filed in the Lawsuit.

**RESPONSE TO INTERROGATORY NO. 3:**

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least two interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least two distinct types of information: (1) the identity of each and every Person that Bungie or its counsel have spoken to or interviewed or taken a statement from, whether written or oral, concerning this proceeding and/or any fact(s) that Bungie believes are or may be relevant to "any allegations in the Amended Complaint filed in this matter"; and (2) the identity of each and every Person that Bungie or its counsel have spoken to or interviewed or taken a statement from, whether written or oral, concerning this proceeding and/or any fact(s) that Bungie believes are or may be relevant to "any allegations, defenses or other matter raised in any Answer filed in the Lawsuit." Bungie further objects to this Interrogatory as unduly burdensome to the extent it seeks information duplicative to Interrogatory Nos. 1-2. Bungie additionally objects to the extent this Interrogatory seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold information potentially responsive to this Interrogatory on the basis of the foregoing privilege objections. Bungie further

objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because it is unlimited in time, geography, and seeks the identification of "*each and every Person*" that counsel for Bungie has spoken to concerning "*any* fact(s) that . . . are or may be relevant to . . . *any* allegations" (emphasis added), regardless of the facts' relevance to the parties' claims and defenses. Bungie additionally objects to this Interrogatory as premature at this early stage of discovery.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory. Bungie reserves the right to supplement its objections and responses to this Interrogatory following a conference with Martineau.

## INTERROGATORY NO. 4:

Identify each expert consulted by you, indicating the issue(s) about which each such expert was consulted, the expert's field of expertise, whether said expert may be, has been, or will be retained by you and the opinions about which such expert will or may testify in this Lawsuit.

## RESPONSE TO INTERROGATORY NO. 4:

Bungie objects to this Interrogatory as unduly burdensome to the extent it seeks information duplicative to Interrogatory No. 3. Bungie additionally objects to the extent this Interrogatory seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold information potentially responsive to this Interrogatory on the basis of the foregoing privilege objections. Bungie additionally objects to this Interrogatory as premature at this early stage of discovery.

In light of the foregoing objections, Bungie will supplement this Interrogatory in accordance with the manner and timing set forth in the Court's scheduling order. *See* Dkt. 16.

**INTERROGATORY NO. 5:**

Identify any and all witnesses you will or may call at the trial or any hearing or in any proceedings in this Lawsuit, and specify the facts about which it is anticipated the witness will testify.

**RESPONSE TO INTERROGATORY NO. 5:**

Bungie objects to this Interrogatory as premature at this early stage of discovery. Bungie additionally objects to this Interrogatory as seeking information duplicative of that which Bungie has already provided pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

In light of the foregoing objections, Bungie directs Martineau to Bungie's initial disclosures served in this Litigation. Bungie will supplement this Interrogatory in accordance with the manner and timing set forth in the Court's scheduling order. *See* Dkt. 16.

**INTERROGATORY NO. 6:**

Identify all individuals who, whether or not under the direction of Joseph Staten and Christopher Barrett, were involved in the writing and development of Destiny 2 from its inception until the point when the original version was scrapped, including all stages of its initial creation, production, and updates. For each individual identified, please provide their last known phone numbers, mailing addresses, and email addresses, if known.

**RESPONSE TO INTERROGATORY NO. 6:**

Bungie objects to this Interrogatory as vague, ambiguous, and confusing because it rests on the inaccurate and unfounded premise that "the original version [of *Destiny* 2] was scrapped." Bungie further objects to this Interrogatory as vague, ambiguous, and confusing because the terms "inception," "initial creation," "production," and "updates" are left undefined. As a result, Bungie cannot ascertain with reasonable certainty what information Martineau is requesting by this Interrogatory. To the extent that this Interrogatory seeks information regarding content that Bungie

has not published or released, Bungie additionally objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because content that Bungie has never published or released is not the subject of the claims asserted in Martineau's Amended Complaint and therefore irrelevant to the parties' claims and defenses. Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie further objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses and thus disproportionate to the needs of this case to the extent it seeks the identification of "*all individuals* . . . involved in the writing and development . . ." (emphasis added), regardless of the degree of their involvement.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory. Bungie reserves the right to supplement its objections and responses to this Interrogatory following a conference with Martineau.

## INTERROGATORY NO. 7:

Identify any individuals who, whether or not under the direction of Luke Smith, Christopher Barrett and/or Ryan Ellis, were involved in the writing and development of Destiny 2 after the original version of the game was scrapped, including all stages of re-development, production, and updates. For each individual identified, please provide their last known phone numbers, mailing addresses, and email addresses, if known.

## RESPONSE TO INTERROGATORY NO. 7:

Bungie objects to this Interrogatory as vague, ambiguous, and confusing because it rests on the inaccurate premise that "the original version [of *Destiny* 2] was scrapped." Bungie further objects to this Interrogatory as vague, ambiguous, and confusing because the terms "original version," "re-development," "production," "updates," "scrapped," are left undefined. As a result, Bungie cannot ascertain with reasonable certainty what information Martineau is requesting by this Interrogatory. Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie further objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent it seeks the identification of "*any individuals* . . . involved in the writing and development . . ." (emphasis added), regardless of the degree of their involvement. Bungie additionally objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is publicly available or equally available or accessible to Martineau by less burdensome means.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory. Bungie reserves the right to supplement its objections and responses to this Interrogatory following a conference with Martineau.

## INTERROGATORY NO. 8:

Identify any individuals who were involved in the writing and development of Destiny 2 from its inception to its current playable configuration, including all stages of its creation,

production, and updates. For each individual identified, please provide their last known phone numbers, mailing addresses, and email addresses, if known.

**RESPONSE TO INTERROGATORY NO. 8:**

Bungie objects to this Interrogatory as vague, ambiguous, and confusing because the terms "inception," "current playable configuration," "production," and updates" are left undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting by this Interrogatory. Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie further objects to this Interrogatory as overly broad, unduly burdensome, and as requesting information disproportionate to the needs of this case, to the extent it seeks the identification of *"any individuals* . . . involved in the writing and development . . ." (emphasis added), regardless of the degree of their involvement. Bungie additionally objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is publicly available or equally available or accessible to Martineau by less burdensome means.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory. Bungie reserves the right to supplement its objections and responses to this Interrogatory following a conference with Martineau.

**INTERROGATORY NO. 9:**

Identify any documents responsive to these discovery requests that are known to have existed but are no longer in your possession, custody, or control. For each such document: (a) provide a description of its contents; (b) state when it was last in your possession, custody, or

control; (c) explain the circumstances under which it was disposed of, destroyed, lost, or otherwise became unavailable; and (d) identify its current location and custodian, if known.

**RESPONSE TO INTERROGATORY NO. 9:**

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least five interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least five distinct types of information: (1) a description of the contents of "any documents responsive to these discovery requests that are known to have existed but are no longer in your possession, custody, or control"; (2) the date and/or time when such documents were last in Bungie's possession, custody, or control; (3) a description of the circumstances under which such documents were disposed of, destroyed, lost, or otherwise became unavailable Bungie; (4) the location of any such documents; and (5) the custodian of any such documents. Bungie additionally objects to this Interrogatory as overly broad and unduly burdensome as it improperly seeks "discovery about discovery," and the requested information is irrelevant to the parties' claims and defenses.

In light of the foregoing objections, Bungie will produce non-privileged documents responsive to Martineau's document requests to the extent they are within Bungie's possession, custody, or control.

**INTERROGATORY NO. 10:**

Please describe in detail the creative process for each of the seasons of Destiny 2, including the identity(ies) of the person(s) who conceived of each season, the date(s) of conception, the creator or writer of each season and the date(s) of creation.

**RESPONSE TO INTERROGATORY NO. 10:**

Bungie objects to this Interrogatory as vague, ambiguous, and confusing because the term "season" is undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. Bungie also objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least four interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1, for each of the 25 *Destiny 2* seasons Bungie has released or announced for upcoming release. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least four distinct types of information for each of the *Destiny 2* seasons Bungie has released or announced for upcoming release: (1) identity of each person who conceived of each season; (2) "the date(s) of conception" for each season; (3) the identity of each "creator or writer" of each season; and (4) each season's date of creation. Bungie further objects to this Interrogatory as unduly burdensome to the extent it seeks information duplicative to Interrogatory Nos. 6-8. Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie additionally objects to this Interrogatory as vague, ambiguous, and confusing because the terms "creative process," "creator," "conceived," "conception," and "creation" are left undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. Moreover, Bungie objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is publicly available or equally available or accessible to Martineau by less burdensome means.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory. Bungie reserves the right to supplement its objections and responses to this Interrogatory following a conference with Martineau.

## INTERROGATORY NO. 11:

For the seasons of Destiny 2 that have been vaulted, please state when, why, and how each season was vaulted, explaining the decision-making process behind vaulting of each such season of Destiny 2.

## RESPONSE TO INTERROGATORY NO. 11:

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least four interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least four distinct types of information: (1) the date and/or time when each vaulted *Destiny 2* season was vaulted; (2) the reason time each vaulted *Destiny 2* season was vaulted; (3) "how" each vaulted *Destiny 2* season was vaulted; and (4) a description of "the decision-making process behind the vaulting" of each *Destiny 2* season that was vaulted. Bungie additionally objects to this Interrogatory as vague, ambiguous, and confusing to the extent that Martineau does not define the term "season" and does not define or otherwise explain what he means by "how each season was vaulted," such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie additionally objects to this Interrogatory as overly broad and unduly

burdensome to the extent it seeks information that is publicly available or equally available or accessible to Martineau by less burdensome means. Moreover, Bungie objects to this Interrogatory as overly broad, unduly burdensome, and oppressive because it improperly seeks "discovery about discovery," and the requested information is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

**INTERROGATORY NO.12:**

Describe all public representations made by you regarding the vaulting of any Destiny 2 seasons.

**RESPONSE TO INTERROGATORY NO. 12:**

Bungie objects to this Interrogatory as vague, ambiguous, and confusing because the term "season" is undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. Bungie further objects to this Interrogatory as unduly burdensome to the extent it seeks information duplicative to Interrogatory No. 11. Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Moreover, Bungie objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because it is unlimited in time, geography, and requests that Bungie, without limitation, describe "*all* public representations . . ." (emphasis added). As such, Bungie will interpret this Interrogatory as asking: "Generally describe the public representations . . . ." Bungie further objects

to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information that is publicly available or equally available or accessible to Martineau by less burdensome means. Moreover, Bungie objects to this Interrogatory as overly broad, unduly burdensome, and oppressive because it improperly seeks "discovery about discovery," and the requested information is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

**INTERROGATORY NO.13:**

Describe in detail the reasons for the alleged incompatibility of the original code of Destiny 2 with Destiny 2's current operational framework(s), including any technical or design changes in the operational framework(s) that contributed to this alleged incompatibility.

**RESPONSE TO INTERROGATORY NO. 13:**

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least two interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least two distinct types of information: (1) a description of "the reasons for the alleged incompatibility of the original code of Destiny 2 with Destiny 2's current operational framework(s)"; and (2) a description of "any technical or design changes in the operational framework(s) that contributed to this alleged incompatibility." Bungie further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive because it improperly seeks "discovery about discovery," and the requested information is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case.

In light of the foregoing objection, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

**INTERROGATORY NO. 14:**

Describe the current operational framework of Destiny 2 including how it allegedly differs from the previous operational framework(s) of Destiny 2.

**RESPONSE TO INTERROGATORY NO. 14:**

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least two interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least two distinct types of information: (1) a description of the current operational framework of Destiny 2; and (2) a description of how of the current operational framework of Destiny 2 "allegedly differs from the previous operational framework(s) of Destiny 2." Bungie further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive because it improperly seeks "discovery about discovery," and the requested information is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

**INTERROGATORY NO. 15:**

Identify all individuals involved in the development of both the original and current operational frameworks of Destiny 2.

**RESPONSE TO INTERROGATORY NO. 15:**

Bungie objects to this Interrogatory as overly broad, unduly burdensome, and oppressive because it improperly seeks "discovery about discovery," and the requested information is irrelevant

to the parties' claims and defenses and thus disproportionate to the needs of this case. Bungie further objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because it is unlimited in time, geography, and requests that Bungie, without limitation, identify "*all individuals* involved . . ." (emphasis added), regardless of the degree of their involvement.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

**INTERROGATORY NO. 16:**

Regarding sentence number 14 in the second affirmative defense in Bungie's Answer, please: (a) state all facts supporting this defense; (b) identify all persons with knowledge of these facts and the substance of their knowledge; (c) identify all documents supporting this defense; and (d) state the legal basis for this defense, including any statutory or case law relied upon.

**RESPONSE TO INTERROGATORY NO. 16:**

Bungie objects to this Interrogatory as vague, ambiguous, and confusing as it identifies a specific sentence within Bungie's second affirmative defense but asks Bungie to respond regarding the entire defense. As a result, Bungie cannot ascertain with reasonable certainty what information Martineau is requesting by this Interrogatory. Bungie further objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least five interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least five distinct types of information: (1) all facts supporting Bungie's second affirmative defense; (2) the identities of all persons with knowledge of the facts supporting Bungie's second affirmative defense; (3) the substance of the knowledge

possessed by all such persons identified as with knowledge of facts supporting Bungie's second affirmative defense; (4) the documents that support Bungie's second affirmative defense; and (5) the legal basis for Bungie's second affirmative defense. Bungie further objects to this Interrogatory as a premature contention interrogatory to the extent it requires Bungie to set forth its defense at this early stage of discovery. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452, at *8 (E.D. La. July 13, 2017) (denying motion to compel answer to contention interrogatory while parties are still in the midst of exchanging discovery).

Notwithstanding and subject to and without waiver of the foregoing objections, Bungie will produce documents pursuant to Fed. R. Civ. P. 33(d) from which information responsive to this Interrogatory may be derived. Bungie reserves the right to supplement its objections and responses to this Interrogatory at an appropriate later point in discovery.

**INTERROGATORY NO. 17:**

Regarding sentence numbers 36-37 in the second affirmative defense in Bungie's Answer, please: (a) state all facts supporting this defense; (b) identify all persons with knowledge of these facts and the substance of their knowledge; (c) identify all documents supporting this defense; and (d) state the legal basis for this defense, including any statutory or case law relied upon.

**RESPONSE TO INTERROGATORY NO. 17:**

Bungie objects to this Interrogatory as vague, ambiguous, and confusing insofar as it refers to "sentence numbers 36-37 in the second affirmative defense in Bungie's Answer," but, as pled, Bungie's second affirmative defense is set forth in its Answer at paragraphs 4 through 30 and Bungie's *third* affirmative defense is set forth in its Answer at paragraphs 31 through 43. . As such, Bungie will interpret this Interrogatory as: "Regarding sentence numbers 36-37 in the third affirmative defense in Bungie's Answer . . . ." Bungie further objects to this Interrogatory as vague, ambiguous, and confusing because identifies specific sentences in Bungie's affirmative defenses yet

asks Bungie to respond regarding an entire defense. As a result, Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. Bungie further objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least five interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least five distinct types of information: (1) all facts supporting Bungie's second affirmative defense; (2) the identities of all persons with knowledge of the facts supporting Bungie's second affirmative defense; (3) the substance of the knowledge possessed by all such persons identified as with knowledge of facts supporting Bungie's second affirmative defense; (4) the documents that support Bungie's second affirmative defense; and (5) the legal basis for Bungie's second affirmative defense. Bungie further objects to this Interrogatory as a premature contention interrogatory to the extent it requires Bungie to set forth its defense at this early stage of discovery. *See Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452, at *8 (E.D. La. July 13, 2017) (denying motion to compel answer to contention interrogatory while parties are still in the midst of exchanging discovery).

Notwithstanding and subject to and without waiver of the foregoing objections, Bungie will produce documents pursuant to Fed. R. Civ. P. 33(d) from which information responsive to this Interrogatory may be derived. Bungie reserves the right to supplement its objections and responses to this Interrogatory at an appropriate later point in discovery.

### INTERROGATORY NO. 18:

Describe all internal reviews or evaluations conducted by or on behalf of Bungie regarding the potential infringement of Plaintiff's work.

## RESPONSE TO INTERROGATORY NO. 18:

Bungie objects to this Interrogatory as vague, ambiguous, and confusing because the terms "internal reviews" and "evaluations" are left undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. Bungie further objects to this Interrogatory as overly broad and unduly burdensome to the extent it does not contain an appropriate temporal scope. To the extent this Interrogatory seeks information concerning activities undertaken after Martineau initiated this litigation, Bungie further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive because the requested information is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. Bungie additionally objects to this Interrogatory to the extent it seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold information potentially responsive to this Interrogatory on the basis of the foregoing privilege objections.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory. Bungie reserves the right to supplement its objections and responses to this Interrogatory following a conference with Martineau.

## INTERROGATORY NO. 19:

Explain the process Bungie uses to ensure that its video games do not infringe on the copyrights of third parties, including any policies, procedures, or training implemented to prevent such infringement.

## RESPONSE TO INTERROGATORY NO. 19:

Bungie objects to this Interrogatory as vague, ambiguous, and confusing because the phrase "the process Bungie uses" is left undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. As such, Bungie will interpret this Interrogatory

as: "Explain Bungie's policies, procedures, or trainings implemented to prevent copyright infringement." Bungie further objects to this Interrogatory to the extent it seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold information potentially responsive to this Interrogatory on the basis of the foregoing privilege objections.

Subject to the foregoing interpretation, and notwithstanding and subject to and without waiver of the foregoing objections, Bungie will produce documents pursuant to Fed. R. Civ. P. 33(d) from which information responsive to this Interrogatory may be derived, to the extent that they exist. Bungie reserves the right to supplement its objections and responses to this Interrogatory at an appropriate later point in discovery.

**INTERROGATORY NO. 20:**

For each social media account operated by or on behalf of Bungie, Inc. concerning Destiny and/or Destiny 2, please identify: (a) the platform name; (b) the account name, handle, and URL; (c) the date of creation; (d) the business purpose of the account; and (e) the job titles or roles of individuals responsible for managing these accounts during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 20:**

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least seven interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least seven distinct types of information: (1) the platform name for each social media account "operated by or on behalf of Bungie, Inc. concerning Destiny and/or Destiny 2"; (2) the account name for each social media account "operated by or on behalf of Bungie, Inc. concerning Destiny and/or Destiny 2"; (3) the handle for each social media account "operated by or on behalf of Bungie,

Inc. concerning Destiny and/or Destiny 2"; (4) the URL for each social media account "operated by or on behalf of Bungie, Inc. concerning Destiny and/or Destiny 2"; (5) the date of creation for each social media account "operated by or on behalf of Bungie, Inc. concerning Destiny and/or Destiny 2"; (6) the business purpose of each social media account "operated by or on behalf of Bungie, Inc. concerning Destiny and/or Destiny 2"; and (7) ) the job titles or roles of individuals responsible for managing each social media account "operated by or on behalf of Bungie, Inc. concerning Destiny and/or Destiny 2." To the extent that this Interrogatory seeks information regarding the original *Destiny* game, Bungie additionally objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because Martineau's Amended Complaint does not allege that *Destiny* infringes his asserted work. Bungie further objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and as requesting information disproportionate to the needs of this case to the extent it seeks the job titles or roles of all individuals responsible for managing these accounts, regardless of the degree of their responsibility. Moreover, Bungie objects to this Interrogatory as vague, ambiguous, and confusing because the phrase "concerning Destiny 2" is left undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. As such, Bungie will interpret this Interrogatory as: "For each official *Destiny 2* social media account operated by or on behalf of Bungie . . . ." Bungie further objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome the extent it does not contain an appropriate temporal scope and refers to an undefined "relevant time period." Because Martineau has not provided a relevant time period, Bungie will construe the relevant time period for this Interrogatory as September 7, 2017 through November 10, 2020.

Subject to the foregoing interpretation, and notwithstanding and subject to and without waiver of the foregoing objections, Bungie will produce documents pursuant to Fed. R. Civ. P. 33(d) from which information responsive to this Interrogatory may be derived.

**INTERROGATORY NO. 21:**

Identify any third-party monitoring services or applications utilized by Bungie, Inc. that are used to track and receive notifications about specific commentary or keywords related to Destiny and Destiny 2 on social media platforms or other online forums. For each service or application, provide a description of its functionality, the date it was first used by Bungie, and the names and roles of individuals responsible for its operation.

**RESPONSE TO INTERROGATORY NO. 21:**

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least four interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least four distinct types of information: (1) the identity of "any third-party monitoring services or applications utilized by Bungie, Inc. that are used to track and receive notifications about specific commentary or keywords related to Destiny and Destiny 2 on social media platforms or other online forums"; (2) a description of each such service or application's functionality; (3) the date when each such service or application was first used by Bungie; and (4) the names and roles of individuals responsible for the operation of each such service or application. To the extent this Interrogatory seeks information regarding the original *Destiny* game, Bungie additionally objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case because Martineau's Amended Complaint does not allege that *Destiny* infringes his asserted work.

Bungie further objects to this Interrogatory as overly broad, unduly burdensome, and as requesting information disproportionate to the needs of this case to the extent it seeks the job titles or roles of all individuals responsible for operating such third-party tools, regardless of the degree of their responsibility, and to the extent such information is not within Bungie's possession, custody, or control. Moreover, Bungie objects to this Interrogatory as vague and confusing as the term "specific commentary" is left undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting. As such, Bungie will interpret this Interrogatory as: "Identify any third-party monitoring services or applications that Bungie uses to track and receive notifications about the use of keywords related to *Destiny 2* on social media platforms or other online forums."

Subject to the foregoing interpretation, and notwithstanding and subject to and without waiver of the foregoing objections, Bungie answers as follows: Bungie utilizes the cybersecurity vendor Unit221b to monitor certain social media platforms in relation to *Destiny 2*, specifically to identify distribution of cheat software and/or unauthorized leaks, and utilizes the analytics providers Quid and Gamesight to aggregate public sentiment information.

**INTERROGATORY NO. 22:**

List and describe all measures taken by Bungie to verify the originality of the content within Destiny 2 and to ensure compliance with copyright laws before and after the release of the Destiny 2 game.

**RESPONSE TO INTERROGATORY NO. 22:**

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least three interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least three distinct types of information: (1) a list and description of "all measures taken by Bungie

to verify the originality of the content within Destiny 2"; (2) a list and description of "all measures taken by Bungie to . . . ensure compliance with copyright laws before . . . the release of" *Destiny* 2; and (3) a list and description of "all measures taken by Bungie to . . . ensure compliance with copyright laws . . . after the release of" *Destiny* 2. Bungie further objects to this Interrogatory as unduly burdensome to the extent it seeks information duplicative to Interrogatory Nos. 18-19. Bungie additionally objects to the extent this Interrogatory seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold information potentially responsive to this Interrogatory on the basis of the foregoing privilege objections. Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Moreover, Bungie objects to this Interrogatory as vague, ambiguous, and confusing because the phrases "verify the originality of" and "ensure compliance with copyright laws" are left undefined, such that Bungie cannot ascertain with reasonable certainty what information Martineau is requesting by this Interrogatory.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory. Bungie reserves the right to supplement its objections and responses to this Interrogatory following a conference with Martineau.

**INTERROGATORY NO. 23:**

Identify any instances where Bungie has received notifications or claims of copyright infringement regarding Destiny 2 and describe how each was addressed or resolved.

**RESPONSE TO INTERROGATORY NO. 23:**

Bungie objects to this Interrogatory as an improper compound Interrogatory that, if enforced, would count in each instance as at least two interrogatories towards Martineau's limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. Specifically, Bungie objects to this Interrogatory as compound and overly broad because it seeks at least two distinct types of information: (1) instances where Bungie has received notifications or claims of copyright infringement regarding Destiny 2; and (2) a description of how each such notification or claim of copyright infringement was addressed or resolved. Bungie also objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and designed to seek information that is not relevant to any claims or defenses, and thus disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie additionally objects to the extent this Interrogatory seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold information potentially responsive to this Interrogatory on the basis of the foregoing privilege objections. Moreover, Bungie objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and as requesting information disproportionate to the needs of this case because any notifications or claims of copyright infringement by third parties are irrelevant to the parties' instant claims and defenses.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

## BUNGIE'S RESPONSES AND OBJECTIONS TO MARTINEAU'S REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Produce all documentation reflecting monthly sales and revenue data in dollars, for Destiny 2 for the years 2017 through the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, not proportionate to the needs of this case, and asserted for an improper purpose to the extent that it seeks highly confidential sales documents for *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. As such, Bungie will construe the relevant time period for this Request as September 6, 2017 through November 10, 2020. Additionally, Bungie objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks the "*all* documentation reflecting monthly sales and revenue data in dollars" (emphasis added), which would require Bungie to search a voluminous number of irrelevant documents. Therefore, Bungie will interpret this Request as seeking "Documents sufficient to show monthly sales . . . ."

Subject to the foregoing interpretations and subject to and without waiver of the foregoing objections, Bungie will search for and produce on a rolling basis responsive, relevant, and nonprivileged documents.

### REQUEST FOR PRODUCTION NO. 2:

Produce detailed annual profit / loss statements or similar documentation for Bungie, Inc., for the years 2017 through the present, specifying costs of goods and/or services sold in connection with Destiny 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, not proportionate to the needs of this case, and asserted for an improper purpose to the extent that it seeks highly confidential sales documents for *Destiny 2* other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. As such, Bungie will construe the relevant time period for this Request as September 6, 2017 through November 10, 2020.

Subject to the foregoing interpretation and subject to and without waiver of the foregoing objections, Bungie will search for and produce on a rolling basis responsive, relevant, and nonprivileged documents.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documentation identifying what Bungie, Inc. believes to be costs of goods and/or services sold, including, but not limited to, materials, direct labor, and overhead components, for Destiny 2 for the years 2017 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case to the extent that it seeks documents for *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. As such, Bungie will construe the relevant time period for this Request as September 6, 2017 through November 10, 2020.

Subject to the foregoing interpretation and subject to and without waiver of the foregoing objections, Bungie will search for and produce on a rolling basis responsive, relevant, and nonprivileged documents.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of each different advertisement or other promotional material referencing Destiny 2 ever published, broadcast, displayed, or distributed in any manner by or on behalf of Bungie, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case because "advertisement or other promotional material" is irrelevant as to whether the accused "Red War" and "Curse of Osiris" campaigns of *Destiny 2* infringe Martineau's asserted work, and Martineau's Amended Complaint does not contain allegations that any of Bungie's advertising and marketing materials for *Destiny 2* infringe his asserted work. Additionally, Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case to the extent that it seeks documents concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie further objects to this Request as overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case to the extent it seeks "*each* different advertisement or other promotional material . . . *ever* published, broadcast, displayed, or distributed in *any* manner," which would require Bungie to search a voluminous number of irrelevant documents. Bungie further objects to this Request as overly broad and unduly burdensome to the extent it does not contain an appropriate temporal or geographic scope. As such, Bungie will interpret this Request as seeking "Representative samples of advertisement or other promotional material depicting the 'Red War' and 'Curse of Osiris' campaigns published, broadcast, displayed, or distributed in the United States ..." and construe the relevant time period for this Request as September 6, 2017 through November 10, 2020.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Request. Bungie reserves the right to supplement its objections and responses to this Request following a conference with Martineau.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all written, recorded, or electronically transmitted or stored communications between you and any third-party to the Lawsuit regarding any alleged copyright infringement by Bungie, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case to the extent that the Request seeks third-party communications "regarding *any* alleged copyright infringement . . . ." (emphasis added) irrespective of whether the communications relate to the claims at issue in the instant litigation. Communications between Bungie and third parties about unrelated allegations of copyright infringement, to the extent that they exist, are irrelevant as to whether the accused campaigns of *Destiny 2* infringe Martineau's asserted work. Additionally, Bungie objects to the extent this Request seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold documents potentially responsive to this Request on the basis of the foregoing privilege objections.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Request. Bungie reserves the right to supplement its objections and responses to this Request following a conference with Martineau.

**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all documents identified in response to any Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Bungie objects to the extent this Request seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold documents potentially responsive to this Request on the basis of the foregoing privilege objections.

Subject to the foregoing interpretation and subject to and without waiver of the foregoing objections, Bungie will search for and produce on a rolling basis responsive, relevant, and non-privileged documents in response to this Request, to the extent that they exist.

**REQUEST FOR PRODUCTION NO. 7:**

Provide all documents you intend to use to support your defenses against the allegations of copyright infringement asserted by Martineau.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Bungie understands this Request as seeking documents it intends to use to support the defenses it has asserted in this litigation. On this basis, Bungie objects to this Request as duplicative and cumulative of Martineau's other Requests.

Subject to the foregoing interpretation and subject to and without waiver of the foregoing objections, Bungie will search for and produce on a rolling basis responsive, relevant, and non-privileged documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Present all documents referenced or utilized while preparing responses to Martineau's interrogatories, particularly those relating to the alleged infringement of Martineau's work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Bungie objects to this Request as vague, ambiguous, and confusing because the phrase "referenced or utilized" is undefined, such that Bungie cannot ascertain with reasonable certainty

what documents Martineau is requesting. As such, Bungie interprets this Request as seeking "[d]ocuments relied on by Bungie in drafting its responses to Martineau's interrogatories." Bungie further objects to the extent this Request seeks information protected by attorney-client privilege, work-product doctrine, common interest or joint defense privilege, or any other privilege or immunity. Bungie will withhold documents potentially responsive to this Request on the basis of the foregoing privilege objections.

Subject to the foregoing interpretation and subject to and without waiver of the foregoing objections, Bungie will search for and produce on a rolling basis responsive, relevant, and nonprivileged documents.

**REQUEST FOR PRODUCTION NO. 9:**

Provide copies showing all seasons of Destiny 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Bungie objects to this Request as vague, ambiguous, and confusing because the terms "copies" and "season" is undefined, such that Bungie cannot ascertain with reasonable certainty what documents Martineau is requesting. Bungie further objects to this Request as overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case to the extent that it seeks documents concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Additionally, Bungie objects to this Request as overly broad and unduly burdensome to the extent it seeks information that is publicly available or equally available or accessible to Martineau by less burdensome means, or that is already in the possession, custody, or control of Martineau. Bungie additionally objects to this Request as unduly burdensome, oppressive, and asserted for an improper purpose to the extent it seeks a playable copy of *Destiny 2* that includes the long-since removed "Red War" and "Curse of Osiris"

campaigns accused in Martineau's Amended Complaint, which Bungie has thrice disclosed via sworn employee declarations does not exist.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Request. Bungie reserves the right to supplement its objections and responses to this Request following a conference with Martineau.

**REQUEST FOR PRODUCTION NO. 10:**

For any seasons of *Destiny 2* that cannot be produced in response to Request No. 9, provide all related documents, including but not limited to scripts, rough drafts, source codes, and any other materials that detail the development and content of all *Destiny 2* seasons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Bungie hereby incorporates its objections to Request No. 9. Furthermore, Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case to the extent that it seeks documents concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie further objects to this Request as vague, ambiguous, and confusing because the terms "seasons," "scripts," "rough draft," and "source code" are undefined, such that Bungie cannot ascertain with reasonable certainty what documents Martineau is requesting. To the extent that this Request seeks documents that Bungie has not published or released, Bungie additionally objects to this Interrogatory as overly broad, unduly burdensome, oppressive, and not proportionate to the needs of this case, as content that Bungie has never published or released is irrelevant to the parties' claims and defenses.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Request. Bungie reserves the right to supplement its objections and responses to this Request following a conference with Martineau.

**REQUEST FOR PRODUCTION NO. 11:**

Provide documents related to your right to use any elements of Martineau's works that are alleged to be infringed upon by Destiny 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Bungie objects to this Request as vague, ambiguous, and confusing because the phrase "related to your right to use" is undefined, such that Bungie cannot ascertain with reasonable certainty what documents Martineau is requesting. Bungie interprets this Request as seeking documents conferring on Bungie the right to use the elements of Martineau's works that are alleged to be infringed. On the basis of this interpretation, Bungie further objects to the Request as vague and ambiguous to the extent that Martineau's Amended Complaint nebulously alleges unspecified instances of additional infringement such that Bungie cannot reasonably ascertain the scope of this Request. Bungie further objects to this Request as overly broad and unduly burdensome to the extent it seeks documents that are outside of Bungie's possession, custody, or control, publicly available or equally available or accessible to Martineau by less burdensome means, or that are in the possession, custody, or control of Martineau.

Subject to the foregoing interpretation and subject to and without waiver of the foregoing objections, Bungie responds as follows: Bungie will produce non-privileged documents sufficient to show independent creation of the "Red War" and "Curse of Osiris" campaigns in *Destiny 2*.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all communications with Martineau about the works at issue in this Lawsuit, including those relating to claims of copyright infringement by Bungie, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Bungie objects to this Request as overly broad and unduly burdensome to the extent it seeks documents that are outside of Bungie's possession, custody, or control, publicly available or equally

available or accessible to Martineau by less burdensome means, or that are in the possession, custody, or control of Martineau.  To the extent that this Request seeks communications with Martineau unrelated to Martineau's instant claims of copyright infringement, Bungie additionally objects to this Request as overly broad, unduly burdensome, and as requesting information irrelevant to the parties' claims and defenses.

Subject to and without waiver of the foregoing objections, Bungie responds that its diligent search for responsive documents is ongoing, but that no documents responsive to this Request have thus far been located.  Upon completion of its search, Bungie shall supplement its objections and responses to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all agreements or licenses involving any parties in this Lawsuit concerning the works alleged to be infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Bungie objects to this Request as overly broad and unduly burdensome to the extent it seeks documents that are outside of Bungie's possession, custody, or control, and/or that are in the possession, custody, or control of Martineau.

Subject to and without waiver of the foregoing objections, Bungie responds that its diligent search for responsive documents is ongoing, but that no documents responsive to this Request have thus far been located.  Upon completion of its search, Bungie shall supplement its objections and responses to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Produce copies of any vaulting notices sent to online service providers regarding any seasons of Destiny 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Bungie objects to this Request as overly broad and unduly burdensome as it improperly seeks "discovery about discovery," and the requested documents are irrelevant to the parties' claims and defenses. Moreover, Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as not proportionate to the needs of this case to the extent that it seeks documents concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie further objects to this Request as vague, ambiguous, and confusing because the terms "seasons" and "vaulting notice" are left undefined. As a result, Bungie cannot ascertain with reasonable certainty which documents Martineau is requesting.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents and communications related to the decision to abandon Destiny 2's original operational framework, detailing the specific shortcomings or limitations that led to its replacement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Bungie objects to this Request as vague, ambiguous, and confusing because it rests on the inaccurate and unfounded premise that there was a "decision to abandon Destiny 2's original operational framework" due to "specific shortcomings or limitations that led to its replacement." As a result, Bungie cannot ascertain with reasonable certainty which documents Martineau is requesting. Bungie further objects to this Request as overly broad and unduly burdensome to the extent it improperly seeks "discovery about discovery," and the requested documents are irrelevant to the parties' claims and defenses. Bungie also objects to this Interrogatory as overly broad, unduly

burdensome, oppressive, and as requesting information disproportionate to the needs of this case to the extent that it seeks documents concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 16:

Produce all reports, analyses, or other documents prepared by any expert retained by Bungie in connection with this Lawsuit, specifically regarding the allegations of copying Martineau's works.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Bungie objects to this Request as premature at this early stage of discovery. In light of the foregoing objection, Bungie will not presently produce documents in response to this Request. Bungie will supplement this Response in accordance with the manner and timing set forth in the Court's scheduling order. *See* Dkt. 16.

## REQUEST FOR PRODUCTION NO. 17:

Produce all documents and communications related to Bungie's decision to vault content in Destiny 2, including any internal discussions, analyses, or evaluations that explain the reasons for vaulting, the decision-making process involved, and any public statements or representations made regarding the vaulting process.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Bungie objects to this Request as overly broad, unduly burdensome, oppressive, and as requesting documents disproportionate to the needs of this case to the extent that it seeks information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie additionally objects to this Request as overly

broad and unduly burdensome as it improperly seeks "discovery about discovery," and the requested documents are irrelevant to the parties' claims and defenses. Moreover, Bungie objects to this Request as overly broad and unduly burdensome to the extent it seeks information that is publicly available or equally available or accessible to Martineau by less burdensome means.

In light of the foregoing objections, Bungie is willing to meet and confer to discuss the scope and relevance of this Request.

Dated: June 20, 2025

Respectfully submitted,

/s/ Tamar Y. Duvdevani
DLA PIPER LLP (US)
Tamar Y. Duvdevani (*pro hac vice*)
Jared Greenfield (*pro hac vice*)
1251 Avenue of The Americas, 27th Fl.
New York, New York 10020
Telephone: 212-335-4500
tamar.duvdevani@us.dlapiper.com

IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC
Darleene Peters (#25638)
Connor W. Peth (#39499)
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: 504 310 2100
dpeters@irwinllc.com
cpeth@irwinllc.com

*Counsel for Bungie, Inc.*

## VERIFICATION

I, Justin Truman, declare under oath and penalty of perjury, that the following statements are true:

1. I am the Vice President of the *Destiny* game franchise at Defendant Bungie, Inc. ("Bungie") and I am duly authorized to make this verification on behalf of Bungie.

2. To the best of my knowledge, information, and belief, formed after a reasonable inquiry, the responses set forth in Bungie's Responses and Objections Martineau's First Set of Interrogatories ("Interrogatory Responses") are made in good faith and supported by fact and law.

3. I am informed and believe that the factual statements therein are not all within my personal knowledge; that there is no single person at Bungie who has personal knowledge of all such factual statements; that the factual information set forth therein was obtained and assembled by employees and/or Officers of Bungie from the appropriate sources of information, including Bungie's records, files, and personnel; and, on those grounds, reserving the right to make changes if it appears at any time that omissions or errors have been made therein or that more accurate information becomes available, I declare, under penalty of perjury, that these Interrogatory Responses are true and correct.

Dated: 6/20/2025 | 17:08 PDT

DocuSigned by:

*Justin Truman*

/s/ FC81D0CC430C4F6...

Justin Truman

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, a true and correct copy of BUNGIE, INC.'S RESPONSES AND OBJECTIONS TO MATTHEW KELSEY MARTINEAU'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS was served on all counsel of record for Plaintiff Matthew Kelsey Martineau via email, as agreed to by the parties as the preferred method of service:

Ted Anthony - Tanthony@bpasfirm.com

Stephen R. Barry - Sbarry@barryrome.com


BY: */s/ Tamar Y. Duvdevani*