

Stephen R. Barry
sbarry@barryrome.com
Direct Dial: (504) 525-1101
Licensed in Louisiana and Texas

August 11, 2025

**Via Email**

Tamar Y. Duvdevani, Esq.
Tamar.duvdevani@us.dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of The Americas, 27th FL
New York, New York 10020

Darleene Peters, Esq.
dpeters@irwinllc.com
Connor W. Peth, Esq.
cpeth@irwinllc.com
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130

Re: *Matthew Kelsey Martineau*
*vs. Bungie, Inc., a Delaware corporation; DOES 1-10. Inclusive*
*Civil Action No. 2:24-cv-02387; USDC, Eastern District of Louisiana*

Dear Counsel,

This letter serves to formally express our concerns regarding the adequacy and completeness of Bungie, Inc.'s ("Bungie") Responses and Objections to Plaintiff Matthew Kelsey Martineau's First Set of Interrogatories and Requests for Production of Documents. We believe that numerous responses are insufficient and fail to meet the requirements of the Federal Rules of Civil Procedure, thus necessitating a Federal Rule of Civil Procedure 37 discovery conference to address these deficiencies.

Upon review, a pattern of generalized objections and a consistent deferral of substantive answers significantly impede Martineau's ability to conduct appropriate discovery and prepare his case. Bungie's stated willingness to "meet and confer" on various interrogatories (e.g., Interrogatory Nos. 3, 6, 7, 8, 10, 11, 12, 13, 14, 15, 18, 22, and 23), effectively defers providing direct or complete answers rather than facilitating initial good-faith responses.

Similarly, statements that information "will be supplemented" (Interrogatory Nos. 4 and 5) or that documents "may be derived" from production (Interrogatory Nos. 16, 17, 19, and 20) do not constitute the direct answers required at this stage of discovery. Bungie also frequently commits to producing documents "on a rolling basis" but does not specify timelines or confirm the existence of responsive documents for certain requests (e.g., Request for Production Nos. 1-3, 6-7, 11-13).

Bungie's responses frequently rely on a series of overarching and often unsubstantiated objections, including:

EXHIBIT C

- **Undue Scope Limitations:** Bungie repeatedly objects to requests as overly broad, unduly burdensome, oppressive, and disproportionate. This consistently leads to a self-imposed limitation of discovery scope to only the "Red War" and "Curse of Osiris" campaigns of Destiny 2, asserting that other information is irrelevant. Bungie also imposes a temporal limitation of February 21, 2013, through November 10, 2020, without justification. The Court's Order denying Bungie's motion to dismiss identifies "Destiny 2" as the allegedly infringing work, which encompasses all seasons beyond just "Red War" and "Curse of Osiris." Bungie's limitation unjustly restricts discovery and impedes our ability to substantiate the full scope of Mr. Martineau's copyright infringement claims.

- **Disputed Factual Premises & Undefined Terms:** Bungie objects to the premise that an "original version of Destiny 2 was scrapped" or that an "original operational framework" was "abandoned" or "replaced," asserting that this narrative is factually inaccurate. However, Tyson Green, Bungie's Game Director, testified that the original code for the "Red War" and "Curse of Osiris" campaigns is "outdated" and "incompatible with Destiny 2's underlying operations framework." Mr. Green also testified that these campaigns were "retired", making the requested information relevant and discoverable. Furthermore, Bungie repeatedly states that terms are undefined, such as "inception," "scrapped," "season," "creative process," "internal reviews," and "originality". These objections are often made without attempting to interpret or clarify the terms.

- **Premature Contentions & Privilege Assertions:** Bungie objects to requests that require it to set forth its defenses or identify experts at an early stage of discovery (e.g., Interrogatory Nos. 4, 5, 16, 17, and Request for Production No. 16). Additionally, Bungie frequently withholds information based on attorney-client privilege or work-product doctrine, often without providing a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A) (e.g., Interrogatory Nos. 1, 3, 18, 19 and Request for Production Nos. 5, 6, 8).

- **"Discovery About Discovery" & Publicly Available Information:** Bungie objects to requests that it interprets as improperly seeking "discovery about discovery," arguing the requested information is irrelevant (e.g., Interrogatory Nos. 9, 11, 13 and Request for Production Nos. 14, 15, 17). It also declines to provide information it claims is publicly available or equally accessible to the Plaintiff, without specifying where such information can be found (e.g., Interrogatory Nos. 8, 10, 12 and Request for Production Nos. 9, 10, 17).

- **Improper Compound Interrogatories:** Bungie objects to numerous interrogatories as improperly compound, stating that these requests would count as multiple interrogatories against Martineau's limit of 25 under Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1 (e.g., Interrogatory Nos. 3, 9, 10, 11, 13, 14, 16, 17, 20, 21, 22, and 23).

These general objections and deferrals have resulted in significant omissions and incomplete responses to key areas of discovery, including:

- **Development Personnel:** Bungie has not provided a list of individuals involved in the development of Destiny 2. Bungie objects to Interrogatory Nos. 6-8 on grounds of vague, undefined terms like "inception," "initial creation," "production," and "updates," and disputes the premise of a "scrapped original version".

- **Operational Frameworks:** Bungie has not described the alleged incompatibility between operational frameworks or identified individuals involved in their development. Bungie objects to Interrogatory Nos. 13-15, citing that the premise of an "original operational framework" being "abandoned" or "replaced" is factually inaccurate, and claims these requests improperly seek "discovery about discovery". Again, Tyson Green, Bungie's Game Director, testified that the original code for the "Red War" and "Curse of Osiris" campaigns is "outdated" and "incompatible with Destiny 2's underlying operations framework." Mr. Green also testified that these campaigns were "retired", making the requested information relevant and discoverable.

- **Game Content & Materials:** Bungie has not produced playable copies of Destiny 2 seasons or related development materials like scripts, rough drafts, or source codes. Request for Production Nos. 9-10 are objected to as vague, overly broad, and unduly burdensome, with Bungie asserting that content outside the "Red War" and "Curse of Osiris" campaigns is irrelevant, or that a playable copy of old campaigns "does not exist". Again, the Court's Order, denying Bungie's motion to dismiss, identifies "Destiny 2" as the infringing work, which encompasses all seasons beyond just "Red War" and "Curse of Osiris." Bungie's limitation unjustly restricts discovery and impedes our ability to substantiate the full scope of copyright infringement claims.

- **Vaulting Decisions & Notices:** Bungie has not produced vaulting notices or internal documents related to the decision to vault content, including reasons or the decision-making process. Request for Production Nos. 14 and 17, along with Interrogatory No. 11, are met with objections of being overly broad, unduly burdensome, irrelevant, and improperly seeking "discovery about discovery", in addition to claims of vagueness regarding terms like "season" or "vaulting notice".

- **Framework Abandonment:** Bungie has not produced documents related to the alleged abandonment of Destiny 2's original operational framework. Request for Production No. 15 is objected to based on the "inaccurate and unfounded premise" that such a decision occurred, and that the request improperly seeks "discovery about discovery". This assertion is inaccurate given the testimony provided by Bungie employees.

- **Expert Reports:** Bungie has not produced expert reports relevant to the allegations of copying Martineau's works. Bungie objects to Request for Production No. 16 and Interrogatory No. 4 as "premature at this early stage of discovery".

Therefore, we reiterate our request for a discovery conference as soon as possible to address these issues and to ensure that Bungie provides comprehensive and direct answers to Martineau's discovery requests as mandated by the Federal Rules of Civil Procedure. Please propose several dates and times for such a conference at your earliest convenience. If no dates are proposed, we will unilaterally set the conference for August 22, 2025, at 11:00 a.m. CST.

Sincerely,

Stephen R. Barry
Barry Rome & Scott
612 Gravier Street
New Orleans, LA 70130
Email: sbarry@barryrome.com

AND

Ted M. Anthony
Babineaux, Poche, Anthony
& Slavich, LLC
P.O. Box 52169
Lafayette, LA 70505-2169
Email: Tanthony@bpasfirm.com

*Attorneys for Matthew Kelsey Martineau*