UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW KELSEY MARTINEAU,<br><br>Plaintiff,<br><br>v.<br><br>BUNGIE, INC., a Delaware corporation; DOES 1-10, inclusive,<br><br>Defendants. | CIVIL ACTION NO.  2:24-cv-02387<br><br>JUDGE: Susie Morgan<br><br>MAG. JUDGE:  Michael B. North<br><br><br>**JURY TRIAL DEMANDED** |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, MATTHEW KELSEY MARTINEAU ("Plaintiff" or "Martineau"), who respectfully submits this Memorandum in Support of his Motion for Leave to File Second Supplemental and Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**I. INTRODUCTION AND BACKGROUND**

This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.  Plaintiff filed his First Amended Complaint for Copyright Infringement on March 24, 2025 (Rec. Doc. 24), asserting that Defendant Bungie,

Inc. ("Bungie") infringed his original work through the creation and publication of its video game *Destiny 2*.

Recently, Plaintiff discovered that Bungie also publishes a multi-volume series entitled the "*Grimoire Anthology*", which incorporates written "lore" and story elements corresponding to the *Destiny 2* universe. These works—comprising hardcover and e-book volumes—include extensive narrative content, world-building, and backstory that overlap directly with the creative elements forming the basis of Plaintiff's original copyrighted work.

Plaintiff now seeks leave to supplement and amend his pleading to assert a new claim for copyright infringement based upon Bungie's *Grimoire Anthology*.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order has been issued by the district court. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent" Fed. R. Civ. P. 16. In such cases, the good cause standard means that the party seeking relief must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 534 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citing *S&W Enters.*, 315 F.3d at 536). No single factor is dispositive, nor must all the factors be present. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010). Importantly, this Court has held that these factors must be "considered holistically, and the court has wide discretion to weigh and balance the factors, including the discretion to find that any one factor outweighs the others." *Santano v. Adm'rs of Tulane Educ. Fund,* No. CV 24-2748, 2025 WL 2370560, at *3 (E.D. La. Aug. 14, 2025)

If such good cause is met, then the more liberal standard of Rule 15(a) will apply. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." The United States Supreme Court has long recognized that leave to amend should be granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

When newly discovered facts form the basis of additional claims closely related to the existing allegations, leave to amend is particularly appropriate. *See Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 427 (5th Cir. 2004).

### III. ARGUMENT

**A. Good Cause Exists Under Rule 16 for the Proposed Amendment.**

As set forth more fully below, good cause clearly exists for the Court to grant leave to permit Plaintiff to file his Second Supplemental and Amended Complaint in this matter.

1. *Explanation for Motion for Leave to Amend.*

The proposed amendment is based on newly discovered information. Plaintiff and his counsel only learned of the factual basis for the proposed amendment – the *Grimoire Anthology* – in early October, 2025. Further, the existence of the *Grimoire Anthology* was discovered by Plaintiff and his counsel for the first time only through their own independent research. Since learning of the existence of the Bungie work in early October, Plaintiff and his counsel have carefully reviewed the multi-volume *Grimoire Anthology* to aggressively investigate the basis for the allegations set forth in the proposed amendment. Plaintiff and his counsel have acted diligently and have not caused any undue delay in filing the amended pleadings.

Importantly, the existence of Bungie's *Grimoire Anthology,* which was unknown to Plaintiff or his counsel at the time of prior pleadings, was not disclosed by Defendant through discovery. Defendant Bungie failed to disclose the existence of the *Grimoire Anthology* in response to Plaintiff's written discovery, despite specific requests that reasonably encompassed those works. In particular, Bungie's responses to Plaintiff's Requests for Production Nos. 4, 9, and 10 should have disclosed the *Grimoire Anthology*:

RFP No. 4 sought "[a] copy of each different advertisement or other promotional material referencing *Destiny 2* ever published, broadcast, displayed, or distributed in any manner by or on behalf of Bungie, Inc."

RFP No. 9 requested "[c]opies showing all seasons of *Destiny 2*," (this is relevant because the *Grimoire Anthology* repackages and expands upon the "vaulted" narrative content from earlier *Destiny 2* seasons).

RFP No. 10 requested "all related documents, including but not limited to scripts, rough drafts, source codes, and any other materials that detail the development and content of all *Destiny 2* seasons."

Clearly, the *Grimoire Anthology* is responsive to one or more of Plaintiff's discovery requests propounded on Defendant. Bungie's omission of the *Grimoire Anthology* from its discovery responses (as well as its Initial Disclosures) deprived Plaintiff of timely notice of this additional infringing work.

2. *The importance of the amendment*.

When a proposed amendment potentially provides additional grounds for recovery or directly affects the prospects of recovery, it satisfies the Rule 16(b)

importance requirement. *Santano*, 2025 WL 2370560, at *4. In the present case, the proposed amendment provides a separate and independent basis for a claim of copyright infringement; thus, the proposed amendment potentially provides additional grounds for recovery and directly affects the prospects of recovery. As such, it satisfies the Rule 16(b) importance requirement.

Moreover, the *Grimoire Anthology* and *Destiny 2* works arise from the same creative universe, share overlapping factual and legal issues, and will require many of the same witnesses, documents, and expert analyses. Trying these related claims together will conserve judicial resources and avoid duplicative proceedings.

3. *Potential prejudice in allowing the amendment.*

Neither Defendant Bungie nor the Court will be prejudiced by the proposed amendment. To date, there have been no prior changes or amendments to the original Scheduling Order (Rec. Doc. 16). The proposed amendment will not require continuance of the scheduled trial date or disrupt the existing discovery deadline. Discovery is ongoing, and no dispositive motions have been filed, briefed, or decided. Further, the proposed amendment does not fundamentally alter the nature of the case in any way.

Defendant cannot credibly claim prejudice from this amendment. The *Grimoire Anthology* consists entirely of Bungie's own publications—works that Bungie created, published and owns. Bungie (who publishes the books) has

obviously known about the existence of these books and of their relevance to Plaintiff's claims, so any delay in Plaintiff's discovery of these works was a direct result of Bungie's own failure to disclose the works in discovery responses.

Furthermore, the relevant facts and circumstances regarding the *Grimoire Anthology* books are well within the knowledge of Bungie. Because the new allegations concern infringing acts committed by Bungie itself and draw upon evidence in Bungie's possession, custody and control, Bungie will suffer no prejudice by allowing Plaintiff to include these related claims in the present proceeding.

4. *The availability of a continuance to cure prejudice*

Because the proposed amendment will not disrupt the existing discovery deadline or trial date, this factor is neutral. *Santano,* 2025 WL 2370560, at *5. As such, the issue of availability of a continuance does not weigh against a finding of good cause.

**B. Amendment Under Rule 15.**

*1. Leave to Amend Must Be Freely Given*

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. This standard "evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment ...." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)

(quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir.1981)). Considering Rule 15(a)(2)'s bias in favor of granting leave to amend, a court must possess a "substantial reason" to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002).

The relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Santano*, 2025 WL 2370560, at *5 (E.D. La. Aug. 14, 2025).

 2. *There is no "substantial reason" to deny the request for leave to amend.*

Considering the above factors, the Court must grant leave to permit Plaintiff to file the Second Supplemental and Amended Complaint.

 ***No undue delay***

As set forth above, the proposed amendment is based entirely on newly discovered factual information – namely, the existence of another infringing publication by Bungie. Plaintiff and his counsel only learned the relevant facts set forth in the amended pleading a few short weeks ago through their own independent research. Furthermore, since learning the relevant facts, Plaintiff and his counsel

have acted diligently to investigate and prepare the proposed amendment. There has been no undue delay.

### *No bad faith or dilatory motive behind the proposed amendment.*

The new claims set forth in the Second Supplemental and Amended Complaint are closely connected to existing claims. The proposed amendment does not fundamentally alter the nature of the case in any way. There is no bad faith or dilatory motive at play in this matter.

### *No repeated failure to cure deficiencies by previous amendments*.

Plaintiff has only amended its original Complaint once, and even then, the amendment was made at the specific direction of this Honorable Court. There has been no failure to cure deficiencies in previous amendments to the pleadings. Accordingly, this factor does not weigh against granting leave to amend.

### *No undue prejudice to the opposing party.*

As addressed in detail above, neither Defendant Bungie nor the Court will be prejudiced by the proposed amendment. To date, there have been no prior changes or amendments to the original Scheduling Order (Rec. Doc. 16), and the proposed amendment will not require continuance of the scheduled trial date or disrupt the existing discovery deadline. Furthermore, the relevant facts and circumstances regarding the subject matter of the proposed amendment - *Grimoire Anthology*

books - are well within the knowledge of Bungie. Thus, Bungie will suffer no prejudice if the Court grants leave to amend.

### *The proposed amendment is not futile*.

The new allegations set forth in the Second Supplemental and Amended Complaint are necessary for full and fair adjudication of Plaintiff's rights under the Copyright Act. The proposed amendment is not futile.

### V. CONCLUSION

Rule 15's liberal standard and the interests of justice weigh strongly in favor of allowing the proposed amendment. The new allegations are grounded in recently discovered facts, closely connected to existing claims, and necessary for full and fair adjudication of Plaintiff's rights under the Copyright Act.

For these reasons, Plaintiff respectfully requests that this Court grant leave to file the attached Second Supplemental and Amended Complaint.

Respectfully submitted:

 s/Ted M. Anthony
Ted M. Anthony, LA #21446 (T.A.)
BABINEAUX, POCHÉ, ANTHONY
    & SLAVICH, L.L.C.
P. O. Box 52169
Lafayette, LA  70505-2169
Telephone:  (337) 984-2505
Fax:  (337) 984-2503
Email:  tanthony@bpasfirm.com

AND

BARRY ROME & SCOTT
STEPHEN R. BARRY #21465
*A Professional Law Corporation*
612 Gravier Street
New Orleans, Louisiana 70130
Tel: (504) 525-5553
Fax: (504) 525-1909
Email: sbarry@barryrome.com

ATTORNEYS FOR MATTHEW KELSEY MARTINEAU

-11-