# Exhibit D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MATTHEW KELSEY MARTINEAU,

      *Plaintiff*,

    v.

BUNGIE, INC., a Delaware Corporation;
DOES 1-10, inclusive,

      *Defendants*.

CIVIL ACTION NO. 24-cv-00965

JUDGE SUSIE MORGAN

MAGISTRATE JUDGE MICHAEL B. NORTH

## DEFENDANT BUNGIE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF MATTHEW KELSEY MARTINEAU'S RULE 30(b)(6) DEPOSITION NOTICE

To:    **MATTHEW KELSEY MARTINEAU**
        Through his attorneys of record:

        Ted M. Anthony, LA #21446 (T.A.)
        BABINEAUX, POCHÉ, ANTHONY
        & SLAVICH, L.L.C.
        P. O. Box 52169
        Lafayette, Louisiana 70505-2169
        Email: tanthony@bpasfirm.com

        AND

        Stephen R. Barry, LA #21465
        BARRY ROME & SCOTT
        612 Gravier Street
        New Orleans, Louisiana 70130
        Email: sbarry@barryrome.com

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Bungie, Inc. ("Bungie") submits the following responses and objections to Plaintiff Matthew Kelsey Martineau's ("Plaintiff" or "Martineau") Notice of Deposition of Bungie (the "Notice").

These objections are made without waiving Bungie's right to: (1) object on any ground to use the information that is produced in any proceeding in the above-captioned matter or in any action; (2) object on any ground to other discovery requests that involve or relate to the subject matter of the Notice; and to (3) revise, correct, supplement, or clarify any of the specific objections set forth herein. Bungie reserves the right to seek protection and/or confidential treatment of any information it produces under any applicable protective orders in the above-captioned matter.

<u>**OBJECTIONS TO TOPICS FOR EXAMINATION (EXHIBIT A)**</u>

Bungie notes that Exhibit A to Martineau's Notice misnumbered the noticed deposition topics. To keep Bungie's responses and objections consistent with the Notice, Bungie has retained the topics order as listed in Exhibit A to Martineau's Notice. For the purpose of distinguishing between the noticed topics, Bungie will apply a "[sic]" modifier to any noticed topic that bears a repeated topic number.

<u>**TOPIC NO. 1:**</u>

The factual and legal bases for any defenses that You have asserted in the Litigation including, without limitation, the allegations and defenses set forth in Bungie's Answer [Rec. Doc. 35.0].

<u>**RESPONSE:**</u>

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie also objects to this Topic on the basis that it is overly broad and unduly burdensome as it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (E.D. La. Sept. 30, 2013) (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal

1

conclusions). Bungie further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not limited in scope. Specifically, this Topic encompasses the subject of the other Topics contained in this Notice (*e.g.*, including without limitation, Topic Nos. 2, 4, 5, and 6) and is therefore cumulative and duplicative. Accordingly, Bungie will not designate a witness to testify on this topic but has agreed to meet and confer to discuss an appropriate scope for Topic Nos. 2, 4, and 6 and to provide one or more witnesses to testify regarding Topic 5.

**TOPIC NO. 2:**

The factual and legal bases for Your assertions that Bungie has not infringed any copyright owned or controlled by Martineau.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic on the basis that it is overly broad and unduly burdensome to the extent it improperly seeks testimony or information about legal conclusions. *In re Teon Maria, LLC*, 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions). Bungie further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not limited in scope. Specifically, this Topic encompasses the subject of the other Topics contained in this Notice (*e.g.*, including without limitation, Topic Nos. 1, 4, 5, and 6) and is therefore cumulative and duplicative. Accordingly, Bungie will not designate a witness to testify on "legal bases" but is willing to meet and confer with Martineau to discuss the proper scope of this Topic as applied to Bungie's factual bases for its assertions that Bungie has not infringed any copyright owned or controlled by Martineau.

**TOPIC NO. 3:**

The factual and legal bases for any monetary damages that You claim are owed by Martineau in this Litigation.

**RESPONSE:**

Bungie objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Bungie interprets this Topic as seeking testimony or information regarding Bungie's claim that Martineau owes Bungie monetary damages. However, with the exception of its attorneys' fees and costs, Bungie is not seeking monetary damages from Martineau in this matter and has not claimed that Martineau "owes" Bungie monetary damages. Therefore, Bungie will not designate a witness to testify on this Topic.

**TOPIC NO. 4:**

The factual and legal bases in support of any pleadings (including, without limitation, any motion) that You have filed in the Litigation.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not limited in scope, including because it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions). Bungie further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not limited in scope. Specifically, this Topic encompasses the subject of the other Topics contained in this Notice (*e.g.*, including without limitation, Topic Nos. 1, 2, 5,

and 6) and is therefore cumulative and duplicative. Accordingly, Bungie will not designate a witness to testify on "legal bases" but is willing to meet and confer with Martineau to discuss the proper scope of this Topic as applied to Bungie's factual bases in support of any pleadings or motions it has filed in the Litigation.

**TOPIC NO. 5:**

The factual and legal bases for all information, statements, and representations sworn to within any affidavits or declarations submitted by Bungie in support of its prior Motions to Dismiss in this Litigation, including the identity of the affiants, the procedures undertaken to verify facts therein, and the sources relied upon for such sworn statements.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. As to "procedures undertaken to verify facts" and "the sources relied upon" for declarations filed by Bungie in this action, Bungie further objects to this Topic as overly broad, unduly burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum v. Int'l Paper Co.*, 2019 WL 8918747, at *2-3 (E.D. La. Mar. 15, 2019) ("'[T]here should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann v. Hewlett Packard Enter. Co.*, 2024 WL 4647715, at

4

*5 (N.D. Tex. Oct. 31, 2024) ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021)). Bungie also objects to this Topic on the basis that it is overly broad and unduly burdensome to the extent that it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions). Bungie further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not limited in scope. Specifically, this Topic encompasses the subject of the other Topics contained in this Notice (*e.g.*, including without limitation, Topic Nos. 1, 2, 4, and 6) and is therefore cumulative and duplicative. Additionally, Bungie objects to this Topic to the extent it seeks testimony from any declarants about the subject matter or submission of declarations made by other declarants.

Subject to and without waiver of the foregoing objections, Bungie designates Jonathan To, Tyson Green, and David Aldridge to testify to the content of their respective declarations submitted in support of Bungie's Motions to Dismiss.

**TOPIC NO. 6:**

The factual and legal bases that You have asserted in any motion that Bungie has filed in the Litigation.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie also objects to this Topic on the basis that it is overly broad and unduly burdensome to the extent that it improperly seeks testimony or information about

legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions). Bungie further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not limited in scope. Specifically, this Topic encompasses the subject of the other Topics contained in this Notice (*e.g.*, including without limitation, Topic Nos. 1, 2, 4, and 5) and is therefore cumulative and duplicative. Accordingly, Bungie will not designate a witness to testify on "legal bases" but is willing to meet and confer with Martineau to discuss the proper scope of this Topic as applied to Bungie's factual bases in support of any motions it has filed in the Litigation.

**TOPIC NO. 7:**

Your responses to any of the Interrogatories, Requests for Production, and Requests for Admissions propounded by Martineau in this Litigation.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic as overly broad, unduly burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum,* 2019 WL 8918747, at *2-3 ("'[T]here should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann,* 2024 WL

4647715, at *5 ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420 (N.D. Tex. 2021)).

Subject to and without waiver of the foregoing objections, Bungie designates Jonathan To, David Aldridge, and Tyson Green to testify on this Topic.

**TOPIC NO. 8:**

Any documents produced by Bungie in this Litigation.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic as overly broad, unduly burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum*, 2019 WL 8918747, at *2-3 ("'[T]here should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann*, 2024 WL 4647715, at *5 ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420 (N.D. Tex. 2021)). Bungie further objects to this Topic as overly broad and unduly burdensome to the extent that Bungie has produced documents concerning examples of prior works of art

incorporating ideas and *scènes à faire* over which Plaintiff improperly claims ownership, but of which Bungie has limited or no individual knowledge beyond their mere existence.

Subject to and without waiver of the foregoing objections, Bungie construes this Topic to narrowly address only those documents produced by Bungie in this litigation which were created by Bungie. Bungie is willing to meet and confer with Martineau to discuss the proper scope of this Topic to permit Bungie to identify and designate appropriate witnesses for the types of documents on which Martineau seeks Bungie's testimony.

**TOPIC NO. 9:**

Any documents produced by Matthew Kelsey Martineau in this Litigation, including but not limited to his work.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie also objects to this Topic on the basis that it is overly broad and unduly burdensome as it seeks testimony on information entirely in Martineau's possession, custody, or control. Bungie further objects to this Topic as overly broad, unduly burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum*, 2019 WL 8918747, at *2-3 ("'[T]here should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic

Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann*, 2024 WL 4647715, at *5 ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420 (N.D. Tex. 2021)).  Moreover, to the extent this Topic seeks testimony from Bungie regarding the similarity (or lack thereof) between the relevant works, Bungie objects on the grounds that it is overly broad and unduly burdensome as it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions).

Subject to and without waiver of the foregoing objections, Bungie is willing to meet and confer with Martineau to discuss the proper scope of this Topic to permit Bungie to identify and designate appropriate witnesses for the types of documents on which Martineau seeks Bungie's testimony.

**TOPIC NO. 10:**

Your efforts to search for and locate documents and information responsive to any Interrogatories, Requests for Production, and Requests for Admissions propounded by Martineau in this Litigation.

**RESPONSE:**

Bungie objects to this Topic on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic as overly broad, unduly burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum*, 2019 WL 8918747, at *2-3 ("'[T]here should

be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann*, 2024 WL 4647715, at *5 ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420 (N.D. Tex. 2021)).

Subject to and without waiver of the foregoing objections, Bungie is willing to meet and confer with Martineau to discuss the proper scope of this Topic to permit Bungie to identify and designate appropriate witnesses.

## TOPIC NO. 11:

The identity of the Person(s) responding to the Interrogatories and Requests for Production, including those who furnished information or were consulted in drafting the responses.

## RESPONSE:

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic as overly broad, unduly burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum*, 2019 WL 8918747, at *2-3 ("'[T]here should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a

material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann*, 2024 WL 4647715, at *5 ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420 (N.D. Tex. 2021)). Bungie further objects to this Topic as duplicative of Plaintiff's Interrogatory No. 1, which requested identical information and to which Bungie has already responded. Subject to and without waiver of the foregoing objection, Bungie designates Jonathan To to testify on this Topic.

## TOPIC NO. 12:

The identity of the Person(s) with knowledge regarding writing and development of the lore within the Destiny 2 seasons.

## RESPONSE:

Bungie objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks.  Specifically, Martineau does not define the term "lore." Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Moreover, Bungie objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding the identities of any and all persons with any knowledge whatsoever, regardless of the degree of their knowledge.

Therefore, Bungie will interpret this Topic as seeking testimony regarding the identity of persons directly involved in writing and developing the narrative of the accused "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates Jonathan To to testify on this Topic.

**TOPIC NO. 13:**

The identity of all witnesses You will or may call at trial or any hearing, and the facts about which they are anticipated to testify.

**RESPONSE:**

Bungie objects to this Topic on the ground that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic as premature at this stage of the litigation.  Bungie will identify the witnesses it will or may call at trial in accordance with the manner and timing set forth in the Court's scheduling order. Bungie also refers Martineau to the Witness List Bungie filed with the Court (*see* ECF No. 43) and served on Plaintiff's counsel on October 28, 2025. Accordingly, Bungie will not designate a witness to testify on this Topic.

**TOPIC NO. 14:**

Any documents responsive to discovery requests that are known to have existed but are no longer in Bungie's possession, custody, or control, including a description of contents, when last possessed, circumstances of disposal/destruction/loss, and current location/custodian if known.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic as overly broad, unduly

burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum*, 2019 WL 8918747, at *2-3 ("'[T]here should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann*, 2024 WL 4647715, at *5 ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420 (N.D. Tex. 2021)). Additionally, Bungie objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome, and not limited in scope. Specifically, this Topic does not identify the documents or categories of documents regarding which Martineau seeks testimony, such that Bungie cannot discern with any reasonable certainty the information that Martineau seeks. Accordingly, Bungie will not designate a witness to testify on this topic.

**TOPIC NO. 13 [sic]:**

The facts and circumstances surrounding the execution and terms of the Software Publishing and Development Agreement effective as of April 16, 2010, between Bungie, LLC and Activision Publishing, Inc.. This includes the planning, scheduling, and contemplation of the series of interactive entertainment software products known collectively as the "Destiny Games," specifically including "Destiny Game #1," "Destiny Game #2," "Destiny Game #3," and "Destiny Game #4". Bungie must specifically address the planning for *Destiny Game #2*.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic to the extent that it seeks information that is unlimited in time or scope, and/or that is not relevant to any claims or defenses. Specifically, Plaintiff's First Amended Complaint does not accuse the original *Destiny* game of infringement. Relatedly, Bungie further objects to this request as overly broad and unduly burdensome to the extent it is not appropriately limited in temporal scope. Because Martineau has not provided a relevant time period, Bungie will construe the relevant time period for this Topic as September 7, 2017 (*Destiny 2*'s release date) through November 10, 2020 (the date the accused content within "The Red War" and "Curse of Osiris" campaigns was vaulted).

Subject to and without waiver of the foregoing objections, Bungie is willing to meet and confer with Martineau to discuss the proper scope of and timeframe for this Topic to permit Bungie to identify and designate appropriate witnesses.

**TOPIC NO. 14 [sic]:**

The facts and circumstances surrounding the initial creation and development of *Destiny 2* and the timeline for its creation and release.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2*

14

campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Subject to and without waiver of the foregoing objections, Bungie designates Jonathan To to testify on this Topic.

**TOPIC NO. 15:**

The identities of all individuals responsible for initial creation and development of *Destiny 2* and all subsequent seasons.

**RESPONSE:**

Bungie objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, Martineau does not define the phrases "initial creation and development" or "responsible for." Bungie also objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint, and/or insofar as it seeks information concerning the creation and development of any aspect of *Destiny 2* beyond that of its accused narrative elements (for example, of visual or audio elements, game mechanics, etc.). Moreover, Bungie objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding the identities of any and all persons involved at any stage of creation and development—which includes hundreds of people—regardless of their role or the degree of their involvement.

Therefore, Bungie will interpret this Topic as seeking testimony regarding the identity of persons directly involved in creating and developing the narrative of the accused "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates Jonathan To to testify on this Topic.

**TOPIC NO. 16:**

The facts and circumstances surrounding all public statements, representations, endorsements, or acknowledgments made by Bungie or its representatives relating to the Destiny 2 lore.

**RESPONSE:**

Bungie objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, Martineau does not define the terms "lore" or "representatives." Bungie also objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it is unlimited in time or scope, or seeks testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Moreover, Bungie objects to this Topic as overly broad and unduly burdensome as it does not identify the public statements, representations, endorsements, or acknowledgments regarding which Martineau seeks testimony, such that Bungie cannot discern with any reasonable certainty the information that Martineau seeks. Additionally, Bungie further objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony or information regarding statements made by third parties other than Bungie and/or outside of Bungie's control.

Therefore, Bungie will interpret this Topic as seeking testimony regarding public statements, representations, endorsements, or acknowledgements that Bungie has made regarding the narrative of the accused "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates Jonathan To to testify on this Topic.

**TOPIC NO. 17:**

All Destiny 2 lore that Bungie or its representatives have publicly endorsed.

**RESPONSE:**

Bungie objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, Martineau does not define the terms "lore," "representatives," or "publicly endorsed." Bungie also objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Moreover, Bungie objects to this Topic on the basis that it is overly broad and unduly burdensome as it seeks testimony or information regarding endorsements made by third parties other than Bungie.

Subject to and without waiver of the foregoing objections, Bungie is willing to meet and confer with Martineau to discuss the proper scope of this Topic to permit Bungie to identify and designate appropriate witnesses.

**TOPIC NO. 18:**

Bungie should be prepared to discuss and compare the Destiny 2 lore with the work of Matthew Kelsey Martineau.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Specifically, Bungie objects on the basis that Bungie has no knowledge about Martineau's asserted work apart from what has been gathered from privileged

communications with its counsel. Bungie also objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, Martineau does not define the term "lore." Bungie further objects to this Topic as overly broad, unduly burdensome, oppressive, and confusing to the extent its framing incorrectly presupposes that the proper and relevant substantial similarity analysis under U.S. copyright law is anything other than a side-by-side comparison between the protectable expression in the asserted and accused works. *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015). Moreover, Bungie objects to this Topic on the grounds that it is overly broad and unduly burdensome as it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions).

Subject to and without waiver of the foregoing objections, Bungie is willing to meet and confer with Martineau to discuss and determine whether the parties can agree on the proper scope of this Topic to permit Bungie to identify and designate appropriate witnesses.

**TOPIC NO. 19:**

The facts and circumstances related to conception and development of the following content appearing in *Destiny 2* including, without limitation, the individual(s) that you allege are responsible for creation or authorship of the lore.

**RESPONSE:**

Bungie objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, this Topic does not identify the "following content" regarding which Martineau seeks Bungie's testimony. Bungie also objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek

18

information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning *Destiny 2* content beyond that contained in the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint, and/or insofar as it seeks information concerning the conception and development of any aspect of *Destiny 2* beyond that of its accused narrative elements (for example, of visual or audio elements, game mechanics, etc.). Moreover, Bungie objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding the identities of any and all persons involved at any stage of creation and development—which includes hundreds of people—regardless of their role or the degree of their involvement. Therefore, Bungie will interpret this Topic as seeking testimony regarding individuals directly involved in writing and developing the narrative of the accused "Red War" and "Curse of Osiris" campaigns.

Subject to and without waiver of the foregoing objections, and in light of the apparent typographical error noted above, Bungie is willing to meet and confer with Martineau to discuss the proper scope of this Topic to permit Bungie to identify and designate appropriate witnesses.

**TOPIC NO. 20:**

The individuals involved in the writing and development of *Destiny 2* lore from its inception, including all stages of initial creation, production, and updates.

**RESPONSE:**

Bungie objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, Martineau does not define the terms "lore" or "inception." Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2*

19

campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Moreover, Bungie objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding any and all individuals involved, regardless of the degree of their involvement. Bungie also objects to this Topic to the extent that is cumulative and duplicative of Topic Nos. 15 and 19.

Therefore, Bungie will interpret this Topic as seeking testimony regarding individuals directly involved in writing and developing the narrative of the accused "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates Jonathan To to testify on this Topic.

**TOPIC NO. 21:**

The individuals involved in the writing and development of *Destiny 2* from its inception to its current playable configuration.

**RESPONSE:**

Bungie objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, Martineau does not define the terms "lore," "inception," or "current playable configuration." Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Moreover, Bungie objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding any and all individuals involved, regardless of the degree of their involvement. Bungie also objects to this Topic to the extent that is duplicative of Topic Nos. 15 and 20.

Therefore, Bungie will interpret this Topic as seeking testimony regarding individuals directly involved in writing and developing the narrative of the accused "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates Jonathan To to testify on this Topic.

**TOPIC NO. 22:**

A detailed description of the creative process for each season of *Destiny 2,* including the identity(ies) of the person(s) who conceived of each season, the date(s) of conception, the creator or writer of each season, and the date(s) of creation.

**RESPONSE:**

Bungie objects to this Topic as confusing in its framing, insofar as it appears to be taken from a written discovery request, as it refers to an unidentified "detailed description." Notwithstanding this confusing framing, in the spirit of cooperation, Bungie will construe this Topic as seeking testimony regarding Bungie's "creative process for each season of *Destiny 2,* including the identity(ies) of the person(s) who conceived of each season, the date(s) of conception, the creator or writer of each season, and the date(s) of creation." Accordingly, Bungie also objects to this Topic as vague and confusing such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, this Topic does not define the terms "creative process," "conceived/conception," or "creator/creation." Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint, or insofar as it seeks information concerning the creation and development of any aspect of *Destiny 2* beyond that of its narrative (for example, of

21

visual or audio elements, game mechanics, etc.). Moreover, Bungie objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding any and all individuals involved, regardless of the degree of their involvement. Bungie also objects to this Topic to the extent that is duplicative of Topic Nos. 15, 20, and 21.

Accordingly, Bungie will construe this Topic as seeking testimony and information regarding the facts and circumstances surrounding the creation and development of the narrative of the "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates Jonathan To to testify on this Topic.

## TOPIC NO. 23:

When, why, and how each season of *Destiny 2* that has been vaulted was vaulted, including the decision-making process behind the vaulting.

## RESPONSE:

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie also objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, Martineau does not define the term "season." Moreover, Bungie objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* content other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint.

Therefore, Bungie will interpret this Topic as seeking testimony regarding the facts and circumstances surrounding the vaulting of the "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates David Aldridge to testify on this Topic.

**TOPIC NO. 24:**

All public representations made by You regarding the vaulting of any *Destiny 2* seasons.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie also objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, Martineau does not define the term "season." Moreover, Bungie objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* content other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint.

Therefore, Bungie will interpret this Topic as seeking testimony regarding public representations made by Bungie regarding the vaulting of the "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates David Aldridge to testify on this Topic.

**TOPIC NO. 25:**

A description of the reasons for the alleged incompatibility of the original code of *Destiny 2* with *Destiny 2*'s current operational framework(s), including any technical or design changes that contributed to this alleged incompatibility.

**RESPONSE:**

Bungie objects to this Topic as confusing in its framing, insofar as it appears to framed as a written discovery request insofar as it refers to an unidentified "description." Notwithstanding this confusing framing, in the spirit of cooperation, Bungie will construe this Topic as seeking testimony regarding the "reasons for the alleged incompatibility of the original code of *Destiny 2* with *Destiny 2*'s current operational framework(s), including any technical or design changes that contributed to this alleged incompatibility." Accordingly, Bungie objects to this Topic as vague and confusing such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, this Notice and this specific Topic do not define the term "original code of *Destiny 2*." Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie also objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic as overly broad, unduly burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum*, 2019 WL 8918747, at *2-3 ("'[T]here should be no discovery on discovery,

absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann*, 2024 WL 4647715, at *5 ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA*, 345 F.R.D. 406, 420 (N.D. Tex. 2021)).

Therefore, Bungie will interpret this Topic as seeking testimony regarding the evolution of *Destiny 2*'s underlying operational framework and its resulting incompatibility with the legacy builds of the accused "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates David Aldridge to testify on this Topic.

**TOPIC NO. 26:**

The current operational framework of *Destiny 2* and how it allegedly differs from the previous operational framework(s) of *Destiny 2.*

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie also objects to this Topic as vague and confusing, such that Bungie cannot tell with reasonable certainty what information Martineau seeks. Specifically, this Topic does not define the term "previous operational framework(s)." Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks

testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie further objects to this Topic as overly broad, unduly burdensome, and oppressive to the extent it improperly seeks "discovery on discovery," as such information and testimony is irrelevant to the parties' claims and defenses and thus disproportionate to the needs of this case. *Slocum*, 2019 WL 8918747, at *2-3 ("'[T]here should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere speculation) of a material failure by the responding party to meet its obligations.'") (quoting The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 at 123 (2018)); *see also Hermann*, 2024 WL 4647715, at *5 ("'[D]iscovery on discovery' generally is not permitted 'unless a specific deficiency is shown in a party's production[.]'") (quoting *VeroBlue Farms USA*, 345 F.R.D. at 420 (N.D. Tex. 2021)).

Therefore, Bungie will interpret this Topic as seeking testimony regarding the evolution of *Destiny 2*'s underlying operational framework since the vaulting of the accused "Red War" and "Curse of Osiris" campaigns. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates David Aldridge to testify on this Topic.

**TOPIC NO. 27:**

All internal reviews or evaluations conducted by or on behalf of Bungie regarding the potential infringement of Martineau's work.

**RESPONSE:**

Bungie objects to this Topic on the basis that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other

applicable privilege(s) or immunity. Bungie further objects to this Topic on the basis that it is overly broad and unduly burdensome to the extent it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions). Accordingly, Bungie will not designate a witness to testify on this Topic.

**TOPIC NO. 28:**

The process Bungie uses to ensure that its video games do not infringe on the copyrights of third parties, including any policies, procedures, or training implemented to prevent such infringement.

**RESPONSE:**

Bungie objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any content created by Bungie other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint, or other than any aspect of *Destiny 2* beyond that of its narrative (for example, of visual or audio elements, game mechanics, etc.).

Accordingly, Bungie will construe this Topic as seeking testimony about the measures that Bungie takes that ensure that the narratives of the "Red War" and "Curse of Osiris" campaigns were original and do not copy a third party's protectable creative expression. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates Jonathan To and Tyson Green to testify on this Topic.

27

**TOPIC NO. 29:**

A list and description of all measures taken by Bungie to verify the originality of the content within *Destiny 2* and to ensure compliance with copyright laws before and after the release of the game.

**RESPONSE:**

Bungie objects to this Topic as confusing in its framing, insofar as it appears to be taken from a written discovery request, as it refers to an unidentified "list and description." Notwithstanding, in the spirit of cooperation, Bungie will construe this Topic as seeking testimony regarding the "originality" of Bungie's accused *Destiny 2* campaigns. Accordingly, Bungie objects to this Topic to the extent that that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie also objects to this Topic to the extent it seeks information and testimony duplicative of Topic No. 28. Additionally, Bungie objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any *Destiny 2* campaigns other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint, or other than any aspect of *Destiny 2* beyond that of its narrative (for example, of visual or audio elements, game mechanics, etc.). Bungie further objects to this Topic on the basis that it is overly broad and unduly burdensome to the extent it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions).

Bungie will therefore construe this Topic as seeking testimony about the measures that Bungie takes to ensure that the narratives of the "Red War" and "Curse of Osiris" campaigns were

28

original and do not copy other's creative expression. Subject to this interpretation, and subject to and without waiver of the foregoing objections, Bungie designates Jonathan To and Tyson Green to testify on this Topic.

**TOPIC NO. 30:**

Any instances where Bungie has received notifications or claims of copyright infringement regarding *Destiny 2* and describe how each was addressed or resolved.

**RESPONSE:**

Bungie objects to this Topic on the basis that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning unrelated, third-party allegations that do not pertain to the accused "Red War" and "Curse of Osiris" campaigns and are therefore irrelevant as to whether the accused campaigns infringe Martineau's asserted work. Bungie further objects to this Topic on the basis that it is overly broad and unduly burdensome to the extent it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions). Accordingly, Bungie will not designate a witness to testify on this Topic.

**TOPIC NO. 31:**

All communications and discussions with any individual or entity regarding Martineau and/or Martineau's Works.

**RESPONSE:**

Bungie objects to this Topic on the basis that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie further objects to this Topic on the grounds that it is overly broad, unduly burdensome, and not limited in time or scope. Accordingly, Bungie will construe this Topic as seeking information or testimony about communications or discussions between Bungie and third-party individuals or entities regarding Martineau and/or his asserted work. As Bungie is not aware of any such communications or discussions, Bungie will not designate a witness to testify on this Topic.

**TOPIC NO. 32:**

Any and all analyses or other review regarding Martineau's Works conducted by or on Bungie's behalf.

**RESPONSE:**

Bungie objects to this Topic on the basis that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. To the extent this Topic seeks testimony or information regarding the opinions of Bungie's experts, Bungie objects to this Topic as premature. Bungie will make its experts available for deposition so that they may be deposed on the substance of their analyses. Accordingly, Bungie will not designate a corporate witness to testify on this Topic.

**TOPIC NO. 33:**

Your total units sold or licensed, total gross revenues, gross profits, and cost of goods and/or services sold or licensed, as well as all of Your forecasts of future gross and net profits from sales or rentals of *Destiny 2*.

**RESPONSE:**

Bungie objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning any financial information regarding content other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Relatedly, Bungie further objects to this request as overly broad and unduly burdensome to the extent it is not appropriately limited in temporal scope. Because Martineau has not provided a relevant time period, Bungie will construe the relevant time period for this Topic as September 7, 2017 (*Destiny 2*'s release date) through November 10, 2020 (the date the accused content within "The Red War" and "Curse of Osiris" campaigns was vaulted). Bungie also objects to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity.

Subject to and without waiver of the foregoing objections, Bungie designates Nate Buckmiller to testify on this Topic as construed above.

**TOPIC NO. 34:**

Identification of all individuals involved in the process of selecting, creating, reviewing, and approving the visual assets for the *Destiny 2: The Witch Queen* trailer released in 2021, specifically those assets incorporating the image of Xivu Arath, and description of their knowledge regarding the origin of that specific Xivu Arath image.

**RESPONSE:**

Bungie objects to this Topic to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie additionally objects to this Topic on the basis that it

is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning unrelated, third-party allegations that do not pertain to the accused "Red War" and "Curse of Osiris" campaigns and are therefore irrelevant as to whether the accused campaigns infringe Martineau's asserted work. Accordingly, Bungie will not designate a witness to testify on this Topic.

**TOPIC NO. 35:**

Any instances where Bungie has received notifications or claims of copyright infringement regarding *Destiny 2* and describe how each was addressed or resolved.

**RESPONSE:**

Bungie objects to this Topic to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning unrelated, third-party allegations that do not pertain to the accused "Red War" and "Curse of Osiris" campaigns and are therefore irrelevant as to whether the accused campaigns infringe Martineau's asserted work. Bungie further objects to this Topic on the basis that it is overly broad and unduly burdensome to the extent it improperly seeks testimony or information about legal conclusions. *In re Teon Maria,* 2013 WL 5507286, at *4 (sustaining objections to 30(b)(6) deposition topics improperly drafted to require witness to testify about legal conclusions).  Accordingly, Bungie will not designate a witness to testify on this Topic.

**TOPIC NO. 36:**

Identification of any individuals involved in the creation or inclusion of artwork in *Marathon's* in-game environments and promotional materials that incorporated or was derived from ANTIREAL's original artwork and logo from 2017, including their roles and dates of employment with Bungie.

**RESPONSE:**

Bungie objects to this Topic to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Bungie additionally objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar as it seeks testimony or information concerning unrelated, third-party allegations that do not pertain to the accused "Red War" and "Curse of Osiris" campaigns and are therefore irrelevant as to whether the accused campaigns infringe Martineau's asserted work. Accordingly, Bungie will not designate a witness to testify on this Topic.

**TOPIC NO. 37:**

Identification of each social media account operated by or on behalf of Bungie, Inc. concerning *Destiny* and/or *Destiny 2,* including platform name, account name, handle, URL, date of creation, business purpose, and job titles/roles of individuals responsible for management, and the content on those platforms.

**RESPONSE:**

Bungie objects to this Topic on the basis that it is overly broad, unduly burdensome, and designed to seek information that is not relevant to any claims or defenses insofar to the extent it seeks testimony or information concerning any social media accounts or their content regarding

*Destiny 2* content other than the "Red War" and "Curse of Osiris" campaigns accused in Martineau's Amended Complaint. Bungie objects to this Topic to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, and/or other applicable privilege(s) or immunity. Moreover, Bungie objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony regarding any and all individuals involved, regardless of the degree of their involvement. Subject to and without waiver of the foregoing objections, Bungie designates Tyson Green to testify on this Topic.

## OBJECTIONS TO BELATED REQUESTS FOR PRODUCTION (EXHIBIT B)

Bungie objects to the belated requests for production attached as Exhibit B to the Notice in their entirety. Pursuant to the Court's operative scheduling order (ECF No. 16), discovery in this matter closes on November 10, 2025. While Fed. R. Civ. P. 30(b)(2) permits a deposition notice to be accompanied by a duces tecum request for the production of documents at the deposition, the rule is clear that such a request is made pursuant to Rule 34. Per Rule 34(b)(2)(A), Bungie is entitled to thirty days to respond to any requests for production. Thus, Martineau's new document production requests attached to the Notice as Exhibit B are untimely, as they were served on October 23, 2025 and do not provide Bungie with thirty days to respond before fact discovery closes. *See, e.g.*, *Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 2021 WL 12324129, at *12 (E.D. La. Oct. 8, 2021) ("Plaintiffs' document requests submitted with the proposed Rule 30(b)(6) deposition notice are untimely . . . Plaintiffs should have issued their Rule 30(b)(6) notice at least 30 days before the discovery deadline"; *Rahman v. Allstate Ins. Co.*, 2023 WL 6582993, at *5 (E.D. La. Oct. 10, 2023), *appeal dismissed*, 2024 WL 5055843 (5th Cir. Feb. 8, 2024) ("[A] Rule 30(b)(6) notice must, pursuant to Federal Rules of Civil

34

Procedure 30(b)(2) and 34(b)(2)(A), afford the party deponent at least 30 days in which to respond [to attached document requests]"); *Republic Ins. Co. v. Hous. Auth. of New Orleans*, 2013 WL 12231648, at *2 (E.D. La. June 7, 2013) ("[Plaintiff] did not provide [Defendant] sufficient notice for the production of the documents…[Defendant] is not required to produce documents at the Rule 30(b)(6) deposition.  To this extent the motion for a protective order is granted.").

Additionally, to the extent that any of Martineau's prior and timely-issued requests for document production are repeated in the duces tecum document requests attached as Exhibit B, Bungie additionally objects to these requests as already answered. Martineau timely received Bungie's objections and responses to all timely served requests for production and the parties discussed Martineau's identified concerns with Bungie's responses on a September 3, 2025 meet and confer. Bungie is under no obligation to respond again to Exhibit B's identical document requests. *See, e.g.*, *Rahman,* 2023 WL 6582993, at *5 ("Where the requesting party has already served the same Rule 34 requests on a party that it then includes in a Rule 30(b)(6) deposition notice, the party need only respond and produce the documents once"); *Pauls v. The Prudential Ins. Co. of Am.*, 2016 WL 6397564, at *8 (N.D. Tex. Oct. 28, 2016) ("Where the requesting party has already served the same Rule 34 requests on a party that it then includes in a duces tecum to a deposition notice to the same party for its corporate representative's Rule 30(b)(6) deposition, the party need only respond and produce the documents once.")

Accordingly, Bungie need not respond to the untimely and/or repetitive document requests attached as Exhibit B to Martineau's Notice.

Dated: October 29, 2025                Respectfully submitted,

                                       /s/ Tamar Y. Duvdevani
                                       **DLA PIPER LLP (US)**
                                       Tamar Y. Duvdevani (*pro hac vice*)
                                       Jared Greenfield (*pro hac vice*)
                                       1251 Avenue of The Americas, 27th Fl.
                                       New York, New York 10020
                                       Telephone: 212-335-4500
                                       tamar.duvdevani@us.dlapiper.com


                                       **IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC**
                                       Darleene Peters (#25638)
                                       Connor W. Peth (#39499)
                                       Irwin, Fritchie, Urquhart & Moore, LLC
                                       400 Poydras Street, Suite 2700
                                       New Orleans, Louisiana 70130
                                       Telephone: 504 310 2100
                                       dpeters@irwinllc.com
                                       cpeth@irwinllc.com

                                       ***Counsel for Bungie, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2025, a true and correct copy of BUNGIE, INC.'S RESPONSES AND OBJECTIONS TO MATTHEW KELSEY MARTINEAU'S RULE 30(b)(6) DEPOSITION NOTICE was served on all counsel of record for Plaintiff Matthew Kelsey Martineau via email, as agreed to by the parties as the preferred method of service:

Ted Anthony - Tanthony@bpasfirm.com

Stephen R. Barry - Sbarry@barryrome.com

BY: *<u>/s/ Tamar Y. Duvdevani</u>*
Tamar Y. Duvdevani